ORIGINAL

(Rev. 5/05)

**FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT**
**UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

(1) _JAMES St. Louis    446518_

   (Name of Plaintiff)      (Inmate Number)

_Delaware Correctional Center_

_1181 Paddock Rd Smyrna De 19970_

   (Complete Address with zip code)

(2)_____

   (Name of Plaintiff)      (Inmate Number)

_____

   (Complete Address with zip code)

(Each named party must be listed, and all names
must be printed or typed. Use additional sheets if needed)

vs.

(1) _Lt. Cheryl Morris_

(2) _Dir. Chris. Klein_

(3) _All Officers and Supervisors_
_of Delaware_ (Names of Defendants) _Prisons,_
_including State of Delaware_

(Each named party must be listed, and all names
must be printed or typed. Use additional sheets if needed)

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

06 - 236

(Case Number)
( to be assigned by U.S. District Court)

**CIVIL COMPLAINT**

•  •  Jury Trial Requested

**FILED**

APR 1 0 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

**I.    PREVIOUS LAWSUITS**

  A.    If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case number
       including year, as well as the name of the judicial officer to whom it was assigned:

_St. Louis    v    Wilson, et al_

_1:05 - CV - 38_

_2005_

_Judge Robinson_

II.    **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A.    Is there a prisoner grievance procedure available at your present institution?  • ✓ Yes  • • No

B.    Have you fully exhausted your available administrative remedies regarding each of your present claims?  • ✓ Yes  • • No

C.    If your answer to "B" is Yes:

1.  What steps did you take? *Proceeded up Ladder of Comand discussed w/ grievance officer*

2.  What was the result? *Grievance officer told Dir. Klein And Lt Morris illegal matter*

D.    If your answer to "B" is No, explain why not: _____

III.    **DEFENDANTS** (in order listed on the caption)

(1) Name of first defendant: *Lt. Cheryl Morris*

Employed as *Supervisor* at *DCC Smyrna*

Mailing address with zip code: *1181 Paddock Road Smyrna De 19977 (302) 653-9261*

(2) Name of second defendant: *Dir. Chris Klein*

Employed as *Food Director* at *DCC Smyrna*

Mailing address with zip code: *1181 Paddock Road Smyrna De 19977* — *Delaware*

(3) Name of third defendant: *All Officers And Supervisors ^ Prisons including State of Delaware*

Employed as _____ at _____

Mailing address with zip code: *1181 Paddock Rd Smyrna De 19977*

(List any additional defendants, their employment, and addresses with zip codes, on extra sheets if necessary)

2

### IV. STATEMENT OF CLAIM

(State as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach no more than three extra sheets of paper if necessary.)

1.

2.



*see attached*

3.

### V. RELIEF

(State briefly exactly what you want the Court to do for you. Make no legal arguments. Cite no cases or statutes.)

1. I would like compensary and panetive damages with special emphasis on emotional physical, stress, humiliation, and embarassment done to my reputation. I also hope this Court dishes out sanctions and monetary punishments not only to Smyrna but all Delaware prisons seeing this is the designated practices in [all] Delaware prisons. also "Front Pay".

2.

3.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this _____6th_____ day of _____April_____ , 2 _006_.

_James St. Louis_
(Signature of Plaintiff 1)

_____
(Signature of Plaintiff 2)

_____
(Signature of Plaintiff 3)

4

I/M _James St. Louis Jr._

SBI# _446518_ UNIT _E D 33 TOP_

DELAWARE CORRECTIONAL CENTER

1181 PADDOCK ROAD

SMYRNA, DELAWARE 19977

_legal_

_Mail_

_Clerk_

_U. S. Dis_

_Lockbox_

_844 N._

_Wilmin_

PRIORITY
MAIL.
UNITED STATES POSTAL SERVICE ™
WWW.USPS.gov

_leg_

## Utility Events

<u>1:05-cv-00038-SLR St. Louis v. Wilson, et al</u>

**U.S. District Court**

**District of Delaware**

Notice of Electronic Filing

The following transaction was received from rld, entered on 9/28/2005 at 9:49 AM EDT and filed on 9/28/2005

**Case Name:**      St. Louis v. Wilson, et al
**Case Number:**    <u>1:05-cv-38</u>
**Filer:**
**WARNING: CASE CLOSED on 09/28/2005**
**Document Number:**

**Docket Text:**
CASE CLOSED (rld, )

The following document(s) are associated with this transaction:

**1:05-cv-38 Notice will be electronically mailed to:**

**1:05-cv-38 Notice will be delivered by other means to:**

James St. Louis
SBI#446518
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

As we see in McDuffie v Estelle
935 F2d 682, 686

It is unconstitutional to give inmates
jobs involving supervisory or disciplinary
authority over other inmates because
of the risk of violence or exploitation.
It is also unconstitutional to give the
power to hire and fire, supervise,
interview for and control employee
work schedules.

In Carrigan v State of Delaware 957
F. Supp 1376 we read "in order to
establish 8th Amendment violations by
prison officials, it must be shown that
alleged deprivation was objectively
sufficiently serious and that prison
officials state of mind was one of
deliberate indifference to inmates health
and/or safety.

The 8th and 14th Amendments secure
the inmate the right to be reasonably
protected from the threat of violence
and sexual assult, and regit [not] to
be subjected to unreasonable [threats]
of injury from assults or fires, and
prisoners are not required to wait
until they are actually injured by

assult a fire to obtain relief from
such conditions. (also see Dawson v
Kendrick 527 F. Supp. 1252.

In Ramer v Kerby 936 F2d 1102,
1104 prison officials, it was ruled by
the court, may not automatically refuse
to call multiple witnesses Especially
when a prisoner "faces a credibility
problem trying to disprove the charges
of a prison guard; Refusal to hear [any]
witness corroborating the accused
inmate will deny due process of the
facts that are in dispute."
see Graham v Baughman 772 F2d 441
    Lastly in Griffen v Spratt 969 F2d
16 (3rd cir 1992) Judge Alito said due
process prohibits deprivation of prisoner's
liberty interest at disciplinary hearing
unless prisoner is given advance
written notice of disciplinary charges,
opportunity to call witnesses and present
documentary evidence in his defense,
and [written statement by fact finder
of evidence relied on and reasons for
disciplinary action] In addition a
disciplinary decision implicating

a prisoner's liberty interest [must]
be supported by "at least "some evidence"
Id @ 455, 105 S.Ct. @ 2774.

In Dwicks v Durham 959 F2d 710
it says a prison supervisor who made
the judgement on her own complaint
against an inmate violated inmate's
due process rights and [was] subject
to liability under §1983 where,
although prison guard wrote actual
conduct violation report, guard did
so at express direction and insistance
of supervisor who did fact finding interviews
after write up and made decision to
terminate inmate." 42 USCA §1983 Am 5,14.

And Quinn v Kent General Hosp. Inc
617 F. Supp 1226 says conduct of state
officials will be treated as [state]
action for purpose of 42 USCA § 1983
even though conduct is not expressly
authorized by the state or even
contrary to state policy.

### Facts

On 8/17/2001 Mr. St. Louis was
hired to work as a relief worker
in the main kitchen at Smyrna
Correctional Center. He was hired by

then Sgt. White and officially hired by C/O Cook Lt. Downy (see exhibit A) Supervisor at that time was Lt. Klein whose office was next to Mr. St. Louis' Assignment to the dish machine under I/M Buck. As I progressed up the ladder (see exhibit B) Mr. St. Louis was assigned to the position of sanitation under the direction of William Wooden also an inmate, who answered to then director Michael Knight. I/M Wooden was responsible for 6 inmates who took care of cleaning projects and all trash. He made out work schedules and who did what jobs, It was and is well known Mr. Wooden was gay and used his position to satisfy his desire for sex. Mr. St. Louis [was] approached by Mr. Wooden and promised favorable jobs if he interacted with Mr. Wooden but Mr. St. Louis refused. Now rule in the Kitchen was before you can go to an office of the person you have to bring everything to the 1st Cook or take a chance of being fired for not following procedures. Mr. St. Louis went to the 1st Cook

who at the time is an active Inmate detained at DOC. Not realizing he was a friend of Mr. Woodier. After being told by 1st cook that he would handle and [not] to say anything to anyone or else I, Mr St. Louis, would be fired. I kept quiet hoping with great anxiety the problem would not come up again. But I did end up doing every dirty job noone else would do. Also at that time the 1st cook was using his office and authority having sex with inmates until he got caught and sent to the SHU. The next 1st cook was so overpowering that everyone had to address him as number one. I was eventually promoted to 3rd cook and had (3) second cooks and a 1st cook all inmates to answer to. The 1st cook at that time called Jersey used to degrade 3rd cook every day and if you dared to confront him he had you mop all the floors in the kitchen or face the threats of being fired. It got so bad that one day the 1st cook and I had to be separated by Sgt. Burton because the 1st cook asked to go to the

1st Cook wanted to go to the back room and fight because I followed the Lt. order and not his order. The 1st Cook said he runs the kitchen not the officers. Shortly after that he left the kitchen for another job and I/M Arthur Givan became 1st Cook and he is the worse of all. He is addressed as number one and has been a constant terror for all 3rd and 2nd Cooks. At this time I was promoted to 2nd Cook for everyone else in those positions had gone home. I tried to talk to I/M Givan to make him understand he can't threaten inmates and even went to the zone one officer Sgt. Johnson talked to I/M Givan a number of times. And this problem was addressed to all the Lt. and especially to Lt. Cheryl Morris our direct supervisor who addressed the problem in a Cook meeting saying anyone who goes over her head again with a problem would be fired; she also advised us that Mr. Givan was 1st Cook and he was in charge of the kitchen and she told me that

most of the Cooks and inmates in the kitchen needed to be threatened and she had no problem with 1st Cook Govan threatening anyone and she would back him up.

When 1st Cook Govan took over his position Lt Morris had 2nd cooks and especially 1st Cook Govan create questions and help with the interview for new potential cooks. Mr. St Louis refused saying it was a violation of federal law and not right. Mr St Louis saw how I/M Govan gave questions he would ask to people who paid him candy or honey buns to let them know what he would ask them. Also I/M Govan told Lt Morris who he didn't want as cooks and she honored his words. All anyone had to do was to pay I/M Govan and he would have a 3rd Cook position or a 2nd Cook position or an easy day at work. Many times I/M Govan solicited treats in exchange for easy work schedules. Those who didn't pay got either a rough day at work or were fired because they didn't "Co-operate"

I/M Govan had a hit list of who he wanted to get rid of and told his 2nd cooks to especially watch these people.

Everything between I/M Govan and Mr. St. Louis came to a head 2 weeks before Thanksgiving 2005 when I/M Govan said to all his 3rd cooks and 2nd cooks everyone was required to work Thanksgiving day No exceptions and those not scheduled without pay. Upon hearing this Mr. St. Louis Confronted I/M Govan about all his threats and deeds and said he was tired of this action. I/M St. Louis went to gone one after Sgt. Johnson and he called 1st Cook Govan into office to explain thing to him. One hour later Mr. St. Louis was called to Lt Morris office and 1st cook Govan told Lt. Morris he wanted I/M St. Louis fired; after a brief conversation I/M St. Louis was told to leave and 1st Cook Govan remained. Two weeks later I/M St. Louis was fired for "lying".

Mr. St. Louis pressed the issue to be addressed going as high as the

Warden to clear his reputation. Assistant Warden Pierce, upon complaint of St Louis authorized an investigation and Lt Lee Bailey went and interviewed Mr Boring and the Kitchen personel. Upon completion he interviewed Mr. St-Louis and made the statement that Mr St. Louis was getting rail roaded and asked who he upset. (this was 2 month after the inetial report was written but [not] filed). see all encluded exhibits.

Next Mr St Louis wrote and asked for investigative report done by Lt Morris before firing. Mr St Louis sent letters to all Kitchen supervisors with case law telling them of law and legals also list of witnesses he desired at hearing. Lt Morris did [not] comply. Upon going to disciplinary hearing, officer Ralph Heverin incharge, no inmates were allowed to attend with no reason. Also Mr. St-Louis was told he could not ask any question of anyone except Mr Boring. Upon completion of hearing. Kitchen officers left and Ralph Heverin said he was sorry but had to find me guilty even though he believed I was innocent. He even said he

Ketchen just plain shitted on me. I told him I would appeal and he gave me the information. I argued my point and the violation of due process — was letting me question witnesses and not allowing inmate witnesses along with not allowing fact finder information to me. The response was briefly to bad and I was ruled denied. On March 10 2006 I must serve 5 days of CTQ and last of all penaldays I will also loose my honor visit and get extra points that will change my classification and move me from minemum to maximum security.

Besides my own story I do have a number of names who are willing to back up my accusations. I will not include them for some still work in the institution and are afraid of pay back from not only the Ketchen but other inmates. But if you can guarantee their safty they will come forward.

Now this said this Arguement is not just about my firing but I like other Inmates are tired of the physical abuse, the mental anguish, the shock

embarassment, humiliation and mortification. The psychological injury and lack of sleep from this abuse of injury and inmate abuse of power over another inmate is getting out of hand and shouldn't be allowed to occure to any inmate. These last 4 years have caused great discomfort not only in physical but more important emotional and mentally.

Besides the I/m abuse I have described we as inmates do the work that these correctional officers are suppose to do at a fraction of the cost and I've observed inmates having sex with inmates in places where food is served while officers are "hiding" and out of site. I've seen inmates spit into food being served, and they wonder why HIV and aids are rampant. We've had a guard reasigned and the inmate punished for sexual contact with each other. We have pornographic pictures of female guards being sold from inmate to inmate. All these and other actions were and are present while Lt Morris and her officers upto Michael Knight have been present and still are available. And as far as the state is concerned. The Governers has had committies come

through the kitchen from time to time and the supervisors [have] introduced I/M Gwan and I/M St. Louis as their 1st and 2nd cooks and let them know what their jobs are; so no one can plead lack of knowledge. These misdeeds have been going on long enough and [must] be stopped and everyone from the lowest officer to the highest official punished and made to pay for this disgrace. Not only the Governer's office but also the prisons own people along with newspaper and other advocates.

James St. Louis
446518
E Bld D33

| | |
|---|---|
| Job Title:  2nd Cook<br><br>Classification:<br><br>Pay Rate: | State of Delaware<br>Department of Corrections<br><br>Date: 9/20/2000 |

JOB DUTIES:

- Report to work promptly with clean uniform and hairnet intact.
- Wash hands for 20 seconds with hot soapy water
- Direct supervision of food preparation for specialized areas (salad prep. Vegetable prep and baking)
- Monitor portion control and timely food distribution
- Monitor, set-up and maintain all equipment
- Monitor master menu and ensure food items are available
- Complying with all food preparation policies, practices and regulations
- Monitor proper usage and handling of knifes
- Ensure that all required paperwork and reports are submitted daily
- Inspect the cleaning and sanitizing of work areas
- Serve as the head cook in his/her absence
- Ensure that proper food items are requisitioned for meal preparation
- All other duties as required

KNOWLEDGE:

- Large scale kitchen operations and machinery
- Master menu, portion control and recipes
- Cleaning and sanitizing practices and regulations
- Large scale food preparation policies and practices
- H.A.A.C.P and Serv Safe requirement/practices

SKILLS:

- Math and measurement
- Basic English
- Menu and ingredient modifications
- Preparation, leadership, and organizational skills

ABILITIES:

- Delegate duties and supervise large scale kitchen operations
- Communicate effectively both in writing and orally
- Work as a team player
- Maintain large equipment

DEPARTMENT OF CORRECTION

FOOD SERVICE

REQUEST FOR INMATE ASSIGNMENT, REASSIGNMENT, OR TERMINATION

INMATE: St. Louis, James    SBI #: _____    SSN #: ___-__-____

WORK AREA: M/K Bldg #4    HOUSING UNIT: _____

TYPE OF ACTION (CHECK ONE)

_X_ NEW ASSIGNMENT    EFFECTIVE DATE 02/26/02

____ REASSIGNMENT    EFFECTIVE DATE _____

____ TERMINATION    EFFECTIVE DATE _____

REASON: Replacement needed in Sanitation Filling Cornell, Rivera Position

POSITION: Sanitation

SHIFT: Beta    DAYS OFF: Wed-Thurs.

_____
FSS III White
C.O./COOK SIGNATURE

DATE: 2/26/02

exhibit B.

FORM # : 376

DEPARTMENT OF CORRECTION

FOOD SERVICE

REQUEST FOR INMATE ASSIGNMENT, REASSIGNMENT, OR TERMINATION

INMATE: ST.LOUIS,JAMES          SBI #: 446518     SSN #: ___-_-9668

WORK AREA: ___M/K BLGD. #14___ HOUSING UNIT: _____E_____

TYPE OF ACTION (CHECK ONE)

___X___ NEW ASSIGNMENT     EFFECTIVE DATE 08/17/01

_____ REASSIGNMENT       EFFECTIVE DATE _____

_____ TERMINATION        EFFECTIVE DATE _____

REASON _____Replacement needed._____

POSITION ___~~KITCHEN~~ *Relief* WORKER_____

SHIFT: ___1030-2000___     DAYS OFF: ~~THU/FRI~~ FRi/SAT

___LT_ Signature_____     DATE: 8/17/01
C.O./COOK SIGNATURE

*exhibit A*

FORM # : 376

| Disciplinary#
| 1022173 |

**DCC  Delaware Correctional Center**
**Smyrna Landing Road**
**SMYRNA DE, 19977**
**Phone No. 302-653-9261**

Date: 12/09/2005

# DISCIPLINARY REPORT

| Disciplinary Type: Class1 | Housing Unit: Bldg E | IR#: 1028348 |

| SBI# | Inmate Name | Inst. Name | Location Of Incident | Date | Time |
|---|---|---|---|---|---|
| 00446518 | Stlouis, James J | DCC | Bldg.14 Food Prep. Area | 12/07/2005 | 12:00 |

**Violations:** 2.01/200.105 Abuse of Privileges, 2.10/200.213 Lying

**Witnesses:1.** N/A          **2.** N/A          **3.** N/A

### Description of Alleged Violation(s)

On The Above Date And Approx. Time I/M James St. Louis Was Terminated For Lying And Abuse Of Privileges/M  James St. Loui
Told Me, Fssii Boring That Chicken Parmesan And Bread Pudding W/ Raisins Was Approved By Director Klein. I/M Lied To Me Fss
Boring About The Approval Of The  Products.

**Reporting Officer:** Boring, Mary M (FS Specialist I & II)

### Immediate Action Taken

**Immediate action taken by:** Boring, Mary M -FS Specialist I & II

404 Written

### Offender Disposition Details

**Disposition:** N/A          **Date:** N/A          **Time:** N/A          **Cell secured?** No

**Reason:** N/A

**Disposition Of Evidence:** N/A

### Approval Information

**Approved:** ☐          **Disapproved:** ☐          **Approved By:** ()

**Comments:** N/A

### Shift Supervisor Details

**Date Received:**          **Time:**          **Received From:**

**Shift Supervisor Determination:**

[ ]   Upon reviewing this Disciplinary Report, I conclude that the offense may be properly responded to by an immediate
        revocation of the following privileges(see reverse side) for _____ hours not to exceed 24 hours)

[ ]   Upon reviewing this Disciplinary Report, I conclude that the offense would be properly responded to by Disciplinary Hearing

_____
()

I have received a copy of this notice on **DATE:** _____ **TIME:** _____ and have been informed of my rights to have
a hearing and to present evidence on my own behalf. I understand, if found guilty, I will be subject to imposition of sanctions
outlined in the Rules of conduct.

**Preliminary Hearing**
**Officer:** _____          **Offender:** _____
                                                                      Stlouis, James  J

#22285

## FORM #584

## GRIEVANCE FORM

FACILITY: *Bldg. 14 Food Prep Area*    DATE: *12/10/05*

GRIEVANT'S NAME: *JAMES ST. Louis*    SBI#: *00446518*

CASE#: ~~Disciplinary # 1022TT5~~    TIME OF INCIDENT: *Report 12:00*

HOUSING UNIT: *E*

BRIEFLY STATE THE REASON FOR THIS GRIEVANCE. GIVE DATES AND NAMES OF OTHERS INVOLVED IN THE INCIDENT OR ANY WITNESSES.

*See sheet included (3) to explain grievance.*

ACTION REQUESTED BY GRIEVANT: *Appoligy from Ms Boring and reinstatement and back pay from main kitchen and stricken from my record.*

GRIEVANT'S SIGNATURE: *James St. Louis*    DATE: *12/10/05*

WAS AN INFORMAL RESOLUTION ACCEPTED? _____ (YES) _____ (NO)

(COMPLETE ONLY IF RESOLVED PRIOR TO HEARING)

GRIEVANT'S SIGNATURE: _____    DATE: _____

IF UNRESOLVED, YOU ARE ENTITLED TO A HEARING BY THE RESIDENT GRIEVANCE COMMITTEE.

cc: INSTITUTION FILE
    GRIEVANT

April '97 REV

RECEIVED
DEC 13 2005

10:30 AM    talked to Karney to see grievance officer

12/9/05     9:50 AM

9 AM left Building E to go to Kitchen to work
upon entering Kitchen I handed my pass to officer Wagner
and proceeded into Kitchen to cool room and then to
set up for todays work. After getting the count and
needs for diet cooks I noticed a sign up on the
zone one office for 2nd cooks. I saw I/M Coles
and asked him about it. He explained that I was
terminated and he was told to run the floor.
I proceeded to Lt. Lehman's office and upon entering
asked him y I was terminated. He said he just
received an E mail outlining suspension pending
termination y out come of hearing. And told me
spec. Boring wrote up this order. I asked him
what for and could I get a copy y it. He proceeded
to enter his computer and gave me a copy y said
order. We talked for awhile and he said his advise
to me is chill for awhile and grieve it, and was
sure the truth would come out sooner or later.
I left and went back to my building were I
noticed the write up was dated 2 days ago
at noon.

facts:

#1. Around Thanksgiving time me (cooks) were
preparing a Thanksgiving day meal and Ms. Boring
asked y we were going to have bread pudding
I responded and told her no we were having
sweet potato pie instead. She said she always

adds raisins to her bread pudding and
wouldn't it be nice if we could do it here.
I told her probably but I didn't know when
we were going to have it. She asked me
to let her know so she could bring in
some raisins for workers chow and I said
I would. In the mean time Mr. Greenwell
(a second cook) told me Mr. Govon (1st cook)
and himself met with Mr. Cline (head of
kitchen) and was told if we had enough
bread after making stuffing for Thanksgiving
he could do bread pudding sometime.
Now two weeks ago we had chicken
patties and had 200 left over from
lunch which I put in the freezer. And
last Monday we had spagetti and meat
sauce left over from dinner that was
put in the cooler. I said to Mr. Govon
it would be nice if this week we had
chicken patties w/sauce and bread pudding
and he agreed says ask zone one if
we can do it Thursday seeing it is
a terrible meal. I proceeded to zone 1
and asked office Johnson if he was
incharge Thursday and he said yes.
And I asked to run something by him
I told him of Greenwells conversation
about Kline oking bread pudding

and I told him about the Chicken
patty and sauce and ask if it would
be alright with him if we had them
Thursday and he said it was O.K.
Upon leaving zone one I saw
Ms. Boung and told her we were
having Bread pudding and Chicken patty
and sauce Thursday and she said she
wanted to bring in raisins. I told her
to talk to Mr. Greenwell because he
had given permission and that she
should clear it through him. She
immediately went to Greenwell and
discussed the issue upon completion
told me she was going to deed Mr. Kline
    The next thing I know I have Wensday
off but worked ½ a day (which was
the 7th worked to 1pm) and no one said
anything to me. Thursday I was called
into the Kitchen at 1:30 pm to see
Lt Morris and Lt. Lehman to answer
questions about the supposedly meal.
I did not go into work Thursday because
I was told by 3rd Cooks Wendsday
night at 5 pts that the meal was
cancelled and was asked if I was
O.K. No one mentiond the write
up or suspension until this AM.

12/8

My
Copy

1/28/06

Dear Lt. Morris

Being my immediate superior in the kitchen I am letting you know what is going on with my proceedings. Upon being told I was suspended pending termination of a hearing by Lt. Lehman and to file a grievance I immediately asked my building C/o for the on duty C/o 15 log a complaint and set up my due process hearing. That was Friday December 9 2005. After requesting 3 different times and being promised he'd be here A.S.A.P. I wrote up a grievance and submitted it to the building C/o who placed it in the proper box for processing. The Lt. who promised to see me still hasn't shown up, and as of January 23 2006 I haven't heard about my grievance hearing. I also asked for M. Kline, Lt Lehman, Sg Johnson, I/m Givion, I/m Greenwell, Sg Booing and yourself to be present as Gratson & Baughman and Green & Nelson allows me to do.

I do have a few request that I was told I can ask for

First: You had a "fact finding" meeting with myself and Lt. Lehman on December 8 2005. I would like a copy of that meeting and all evidence collected in that process from everyone involved.

Second: I'd like to request the procedures for disciplinary actions for the



STATE OF DELAWARE
DEPARTMENT OF CORRECTION
**OFFICE OF THE DEPUTY WARDEN**
DELAWARE CORRECTIONAL CENTER
1181 Paddock Road
SMYRNA, DELAWARE 19977
Telephone: (302) 653-9261
Fax: (302) 659-6668

## MEMORANDUM

TO:      IM James St. Louis SBI# 446518 E D33B

FROM:    Deputy Warden Pierce

DATE:    February 7, 2006

RE:      Disciplinary

     I received your letter dated February 1 2006, regarding a disciplinary you received and have forwarded your concerns to Hearing Officer Williams for his action.

DP/dc
Attachment
cc:    S/Lt Williams
      File

BLR 16518 LBdg.
D33B

**RECEIVED**

2/1/06

Dear Deputy Warden Pierce

FEB 0 2 2006

**DEPUTY WARDEN I**

Sir I am writting you because I can not get an answer to my problem. On Dec. 7 2005 Officer Boeing, from the kitchen, wrote a disciplinary report #1022173 which said I lied to her for my own personal gains. I worked pass the 1200 hour this report was done and upon asking 2 times if I was fired was told no by Lt. Lekman from the kitchen. On December 9 2005 I was told about this disciplenary report, 2 days later, and was given a copy of it but was also told by Lt. Lekman I was suspended pending a disciplinary hearing and that I should file a Grievance on this action. Upon my return to my building I asked the building officer in charge to call to C/O incharge of prison so I could put forth a complaint. I was told he would be over as soon as he was free, that was about 9:40 AM December 9 2005, and I still haven't seen him. I asked two more times and was told to be patient I decided to write my grievance and presented it to the building C/O who placed it in the Grievance box on 12/10/05.

As of January 24, 2006 I had heard nothing about my Grievance or my

disciplinary hearing and wrote a letter to the Warden, K. Grievance Office, Chris Klein, Michael Knight and Lt. S. Morris explaining to them that I have yet received my 8th Am rights to due process by [not] having a disciplinary hearing and also requested information which I tried to get from law library and the building Lo about kitchen disciplinary hearing, which I was told does not exist. I told them about the witnesses I would like to call for my hearing.

Now we come to today 2/1/06 I received back from the Grievance Office my paper work telling me I can not Grieve a disciplinary action. The first time I did a grievance was about Counselor McMann and the physical threats and was told I could not grieve that. What exactly can be Grieved? I do not understand. I do want a disciplinary hearing and have a right to one and will go to Civil federal court for one. I am in the process of obtaining a lawyer you are all familiar with Civil law suits I don't want any problem only what the law says I can get and that to be treated fairly and which is [not] happening

I'm not going the threaten anyone by I am telling you this I've made copies of everything and sent them out to my son and told him to go to the papers with both Grievances if I do not tell him progress is being made.

I'm so so sorry for having to involve you but as an officer told me who gave me your name. If we had competent C/O here who knew what was right and how to do it. I wouldn't have to address this to you.

Sir I'm not an angle but I also do not lie and I will not admit something I did [not] do or have something on my record I did not do without fighting with everything I have at hand. I was told if I push this issue there could be repercussions. The only thing I say to that is God protects those who trust in Him and nothing happens without His sayso.

I hope we can address this issue and come to a fast solution

Thanks for your time
Jim St. Louis
446518
Pid D 33

Disciplinary#
1022173

Delaware Correctional Center
Smyrna Landing Road
**SMYRNA DE, 19977**
Phone No. 302-653-9261

Date: 02/15/2006

# DISCIPLINARY REPORT

Disciplinary Type: Class1          Housing Unit: Bldg E          IR#: 1028348

| SBI# | Inmate Name | Inst. Name | Location Of Incident | Date | Time |
|------|-------------|------------|----------------------|------|------|
| 00446518 | Stlouis, James  J | DCC | Bldg.14 Food Prep. Area | 12/07/2005 | 12:00 |

Violations: 2.01/200.105 Abuse of Privileges, 2.10/200.213 Lying

Witnesses:1. N/A                    2. N/A                    3. N/A

## Description of Alleged Violation(s)

On The Above Date And Approx. Time I/M James St. Louis Was Terminated For Lying And Abuse Of Privileges/M  James St. Loui
Told Me, Fssii Boring That Chicken Parmesan And Bread Pudding W/ Raisins Was Approved By Director Klein. I/M Lied To Me Fss
Boring About The Approval Of The  Products.

**Reporting Officer:** Boring, Mary M (FS Specialist I & II)

## Immediate Action Taken

Immediate action taken by: Boring, Mary M -FS Specialist I & II

404 Written

## Offender Disposition Details

**Disposition:** N/A                    Date: N/A          Time: N/A          Cell secured?  No

**Reason:** N/A

**Disposition Of Evidence:** N/A

## Approval Information

Approved: ☑          Disapproved: ☐          Approved By: Lee, Bradley  Jr.(Staff Lt./Lt)

**Comments:** N/A

## Shift Supervisor Details

Date Received: 02/15/2006          Time: 13:57          Received From: Boring, Mary M

**Shift Supervisor Determination:**

[ ]   Upon reviewing this Disciplinary Report, I conclude that the offense may be properly responded to by an immediate
        revocation of the following privileges(see reverse side) for _____ hours not to exceed 24 hours)

[X]   Upon reviewing this Disciplinary Report, I conclude that the offense would be properly responded to by Disciplinary Hearin

_Lt Bl_
Lee, Bradley  Jr.(Staff Lt./Lt)

I have received a copy of this notice on **DATE:**_____ **TIME:**_____ and have been informed of my rights to have
a hearing and to present evidence on my own behalf. I understand, if found guilty, I will be subject to imposition of sanctions
outlined in the Rules of conduct.

**Preliminary Hearing**
**Officer:** _____          **Offender:** _____
              Lee, Bradley  Jr.                                          Stlouis, James  J

DR #
*1022173*

Date: 2/16/06

DCC Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

## NOTICE OF DISCIPLINARY HEARING – FOR MINOR/MAJOR OFFENSE

To: Inmate: St Louis, James J    SBI#: 00 446518    Housing Unit: E

1. You will be scheduled to appear before the Hearing Office to answer charges pending against you. (Staff are to explain the charges as listed on the 122).

2. At that time, a hearing will be held to determine whether you violated Institutional Rule(s) as alleged in the attached Disciplinary Report.

   How do you plead?  ☐ Guilty    ☒ Not Guilty

3. A "Minor Offense" is a rule violation in which the extent of the sanction to be imposed shall be restricted to:
   a. Written Reprimand.
   b. Loss of one or more privileges for a period of time **of more than 24 hours but less than 15 days.**

4. A "Major Offense" is a rule violation in which the extent of the sanction to be imposed shall be restricted to:
   a. Loss of one or more privileges for a period **of more than 15 days but less than 60 days.**
   b. Confinement to assigned quarters for a period of time not to exceed 30 days.
   c. Isolation confinement for a period of time not to exceed 15 days.
   d. Loss of good time for a period of time not to exceed 30 days. (Forfeiture of accumulated good time shall be subject to the approval of the Commissioner or his designee.)

5. You have the rights in the disciplinary process as stated on the lower and back of this page. These have been fully explained to you at the time of this notification.

6. Counsel requested?  ☐ Yes    ☒ No    Name of Counsel: _____

7. Confront accuser?  ☒ Yes    ☐ No

8. Witness requested?  ☒ Yes    ☐ No    Name of Witness: I/m Greenwell, Bryon
   F.S.S. Morris, Cheryl
   F.S.S.III Johnson, A.

I certify that on 8/16/06 at _____
         (Date)         (Time)

I served upon the above inmate this notice of
Disciplinary Hearing for Minor/Major Offense
and the Disciplinary Report is attached hereto.

_____
(Employee's Signature & Title)

I have received copies of 122 & 127 and
understand my rights as Form #127 has
been read to me.

X _____
(Inmate's Signature)

Form 127: May 30, 2003   DACS

Page 1   letter to C/o Disciplinary Officer
2/16/06   for director Klein – I/m Govan
   C/o Lt. Lehman / also no response

DR #

1022153

Date: 2-23-06

DCC Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

## DISCIPLINARY HEARING DECISION

☑ Class I (Major)    ☐ Class II (Minor)    ☐ Summary (24 Hour LOAP)

**Inmate:** St. Louis James                                    **SBI#:** 00 446518
**Institution:** Delaware Correctional Center    **Hearing Date:** 2-23-06    **Time:** _____

**Inmate Present:** ☑ Yes    ☐ No

**Reason (If No):** _____

**Violation:** 2.00, 1.15 AP 2.10, 2.13 Lying
**Inmate Plea:** Not Guilty
**Inmate Statement:** Because I didn't do what she said I did.

**Witness Name:** Lt. Morris stated that Ms. Drummel said nothing about
**Testimony:** Raisin for bread pudding

**Witness Name:** Lt. Johnson also stated He knows nothing of this
**Testimony:** Bread pudding w/ Raisins.

**Witness Name:** _____
**Testimony:** _____

**Decision:** ☑ Guilty    ☐ Not Guilty    ☐ Further Investigation
**Rational:** Because the Time said he got the approved menu plan, after Talk
to Lt Morris + Sgt Johnson I find Time Guilty of all charges

**Sanctions:** 5 days CTA                    **Hearing Officer's Signature** _____

I understand that I may appeal the decision of the Hearing Officer (or Shift Supervisor in the case of a Summary Sanction) to the Commissioner of Correction or his designee. I must complete a Disciplinary Appeal Form within 72 hours immediately following the hearing and mail it to the DCC Hearing Office.

☑ **I do intend to appeal.**

☐ **I do not intend to appeal.**                    _____
                                                    **Inmate's Signature**

## ORDER TO IMPLEMENT SANCTIONS

☐    Inmate does not wish to appeal          ☐ Appeal has been denied by Commissioner or Designee

☐    Sanctions have been modified          ☐ Time Limit (72 hours since hearing) for appeal has expired

**Modifications:** _____
It is hereby ordered to implement the sanctions or modified sanctions on **Date:** _____ **Time:** _____
Form 121 – May 30, 2003 – 2 pt. NCR  DACS

| DR# | DCC  Delaware Correctional Center | Date: 03/02/2006 |
|---|---|---|
| 1022173 | Smyrna Landing Road | |
| | SMYRNA DE, 19977 | |
| | Phone No. 302-653-9261 | |

| Inmate : Stlouis, James J | SBI#:00446518 | Type:Class 1 |
|---|---|---|
| Institution:DCC  Delaware Correctional Center | Hearing Date: 02/23/2006 | Time: 12:37 |

## MEMORANDUM

To    : Stlouis, James  J

From :Chief, Bureau of Prisons

RE    :APPEAL DECISION

1. **Confinement to Quarter**

|     Your appeal | [ ] | Accepted | [X] | Denied |

|     The decision of hearing | [X] | Affirmed | [ ] | Reversed | [ ] | Remand for further proceedings |

|     The sanction imposed by hearing officer will  [X]   Remain as imposed by the Hearing Officer [ ]   Reduced

The basis of this decision is as follows :

The reports support the guilt. your appeal contains no evidence to support a change.{SLD}

This report has been reviewed by Rendina, Anthony J

Date Reviewed **03/02/2006**

*letter sent*
*dissappointment*
*journal*
*attorney*

| DR# | | |
|---|---|---|
| 1022173 | | |

**DCC  Delaware Correctional Center**
**Smyrna Landing Road**
**SMYRNA DE, 19977**
**Phone No. 302-653-9261**

Date: 03/10/2006

## DISCIPLINARY HEARING DECISION

**Inmate** : Stlouis, James  J                    SBI#:00446518       **Type:**Class 1

**Institution:**DCC  Delaware Correctional Center      **Hearing Date:** 02/23/2006   **Time:** 12:37

**Inmate Present:** Yes        **Reason(If No):**N/A

**Violation:**  2.01/200.105 Abuse of Privileges, 2.10/200.213 Lying

**Inmate PLEA:** Not Guilty

**Inmate Statement:**  Because I didn't do what she said I did.

**Witness Name:** Greenwell, Bryon

**Testimony :** Lt. Morris state's Mr greenwell said nothing about raise for bread pudding
Sgt. johnson, Andre state's He know nothing of this bread pudding W/Raisins

**Witness Name:** Morris, Cheryl

**Testimony :** N/A

**Witness Name:** Johnson, Andre

**Testimony :** N/A

**Decision** :Guilty

**Rational** :Accuser state's I/M said he got the approved from Mr. Klein. After listen to Lt. Morris an Sgt. Johnson I find I/M Guilty
of all charges

**Sanctions:** N/A

### HEARING OFFICER'S SIGNATURE _____

Heverin, Ralph

I understand that I may appeal the decision of a Class II Hearing  to the Class I Hearing  Officer.I may appeal the decision of a
Class I Hearing  to the facility administrator.I also understand that I have 72 hours to submit my notice of appeal in writing to the
Class I Hearing Officer if I am appealing a Class II Hearing decision or the Warden if I am appealing a Class I Hearing decision.

**I [X]    DO    [ ]    DO NOT INTEND TO APPEAL**

INMATE's SIGNATURE

### ORDER TO IMPLEMENT SANCTIONS

| [] | Inmate does not wish to appeal | [X] | Appeal has been denied by Commissioner or Designate |
|---|---|---|---|
| [ ] | Sanctions have been modified | [ ] | Time Limit(72 Hours since hearing) for appeal has expired |

It is here by ordered to implement the sanctions:

| Sanctions | Start Date | Days | End Date |
|---|---|---|---|
| 1. Confinement to Quarter | 04/10/2006 | 5 | 04/14/2006 |