IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES ST. LOUIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-236-SLR |
| | ) |
| LT. CHERYL MORRIS, DIR. CHRIS | ) |
| KLEIN, and DELAWARE PRISONS | ) |
| (All Officers and Supervisors | ) |
| including State of Delaware, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

Plaintiff James St. Louis, an inmate at the Delaware
Correctional Center ("DCC"), filed this civil rights action
pursuant to 42 U.S.C. § 1983 seeking compensatory and punitive
damages, as well as front pay. He appears pro se and on April 20
2006, was granted in forma pauperis status pursuant to 28 U.S.C.
§ 1915.  (D.I. 4)  The court proceeds to review and screen the
complaint pursuant to 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and 42
U.S.C. § 1997e.

For the reasons discussed below the complaint is dismissed
without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B), §
1915A(b)(1), and 42 U.S.C. § 1997e(c)(1) as the claims are either
frivolous or fail to state a claim upon which relief may be
granted.

**I.    THE COMPLAINT**

Plaintiff's main complaint is that he was fired from a job

he held in the kitchen at DCC.  Plaintiff held the position of
Second Cook and was supervised by inmate Govan ("Govan"), the
First Cook.  Defendant Lt. Cheryl Morris ("Morris") is the direct
supervisor of plaintiff and Govan.  Plaintiff alleges that Govan
threatened the other inmate workers, and that plaintiff addressed
the issue with all the lieutenants and Morris, who later
addressed the problem in a cooks' meeting.  At that time, Morris
advised the cooks that Govan was the First Cook and he was in
charge of the kitchen.  Plaintiff alleges that Morris stated she
had no problem with Govan threatening anyone.  Plaintiff alleges
that Govan was allowed to interview new potential cooks with
questions created by Govan and other second cooks.  Plaintiff
alleges he refused to participate in this activity because it was
"a violation of federal law" and "not right."  (D.I. 2 at 6)
Plaintiff further alleges that Govan solicited treats in exchange
for easy work schedules.

Plaintiff alleges that "everything between Govan and [him]
came to a head 2 weeks before Thanksgiving 2005" when the workers
were told they all were required to work Thanksgiving.  Id. at 8.
Plaintiff alleges he confronted Govan about his threats and
deeds, and spoke to a Sgt. Johnson.  In turn, plaintiff alleges
that Sgt. Johnson called Govan to his office to "explain things
to him."  Id.  Plaintiff alleges that one hour later he was
called into Morris' office where Govan was present.  Plaintiff

2

alleges that Govan told Morris he wanted plaintiff fired, and after a brief conversation plaintiff was told to leave the office.  Two weeks later plaintiff was fired for "lying."  Id. at 8.

Attached as an exhibit is a disciplinary report dated December 7, 2005.  (D.I. 2, ex.)  Plaintiff was charged with abuse of privileges and lying about an incident in the food preparation area regarding the preparation of chicken Parmesan and bread pudding with raisins.  The incident was reported by Specialist Mary Boring ("Boring").  Also attached is a grievance filed by plaintiff on December 10, 2005, seeking an apology from Boring, reinstatement, back pay, and the matter stricken from his record.  Id.

A disciplinary hearing was held on the charges, plaintiff was found guilty, and was sanctioned five days confinement to quarters (i.e., CTA).  (D.I. 2, exs.)  Plaintiff alleges that he did not receive a fair disciplinary hearing.  More particularly, he alleges that no inmates were allowed to attend the hearing and he was only allowed to question Boring.  Plaintiff appealed the findings, arguing that he was deprived of his right to due process.  He also alleges that, as a result of the finding of guilt, he lost all his privileges, will lose his honor visits, will lose extra points that will change his classification, and he will be moved from minimum to maximum security.

3

Plaintiff next alleges that the inmates do the work that the correctional officers are supposed to perform, he has witnessed inmates having sex with one another in areas where food is served, he has witnessed inmates spitting into food being served, and pornographic pictures of female guards are sold from inmate to inmate. Plaintiff alleges that these acts took place while Morris and her officers were present and available.

## II.  STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action or when a prisoner challenges prison conditions 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c)(1) provide for screening of the complaint by the court. These three statutes provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

Pro se complaints are liberally construed in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-521 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). An action is

4

frivolous if it "lacks an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995). Additionally, a pro se complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

## III. ANALYSIS

### A.   Prison Employment

Plaintiff's main complaint is that he was fired from his job as an inmate worker in the DCC kitchen; as part of his relief he seeks "front pay." He filed a grievance seeking reinstatement, to no avail. As alleged by plaintiff, the circumstances surrounding his dismissal also include being charged with lying and abuse of privileges. In this regard, plaintiff alleges that his right to due process was violated during the disciplinary proceedings.

Prisoners have no entitlement to a specific job, or even to any job. James v. Quinlan, 866 F.2d 627, 630 (3d Cir. 1989). It is well established that an inmate's expectation of keeping a specific prison job, or any job, does not implicate a property

5

interest under the Fourteenth Amendment. Id.; see also Brian v. Werner, 516 F.2d 233, 240 (3d Cir. 1975) (inmate's expectation of keeping job is not a property interest entitled to due process protection); Gibson v. McEvers, 631 F.2d 95, 98 (7th Cir. 1980) (prisoner's expectation of keeping prison job does not amount to a property interest entitled to due process protection); Adams v. James, 784 F.2d 1077, 1079 (11th Cir. 1986) (assignment to job as law clerk does not invest inmate with a property interest in continuation as such); Ingram v. Papalia, 804 F.2d 595, 596 (10th Cir. 1986) (Constitution does not create a property interest in prison employment); Flittie v. Solem, 827 F.2d 276, 279 (8th Cir. 1987) (inmates have no constitutional right to be assigned a particular job).

Inasmuch as plaintiff has no entitlement to a job, his claim that his constitutional rights were violated when he was fired lacks an arguable basis in law or in fact. The claim is frivolous and, therefore, is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**B. Due Process**

To the extent that plaintiff alleges a violation of his right to due process during the disciplinary process, that claim also fails. In Wolff v. McDonnell, 418 U.S. 539, 556 (1974), the Supreme Court held that prisoners must be accorded due process before prison authorities may deprive them of state created

6

liberty interests. It is axiomatic, however, that to be entitled to procedural due process protections as set forth in <u>Wolff</u>, a prisoner must be deprived of a liberty interest. <u>See</u> <u>Wolff</u>, 418 U.S. at 557-558.

The Due Process Clause itself confers no liberty interest in freedom from state action taken "within the sentence imposed." <u>Sandin v. Conner</u>, 515 U.S. 472, 480 (1995) (quoting <u>Hewitt v. Helms</u>, 459 U.S. 460, 468 (1983)). More so, state created liberty interests protected by the Due Process Clause are generally limited to restraints on prisoners that impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." <u>Griffin v. Vaughn</u>, 112 F.3d 703, 706 (3d Cir. 1997) (quoting <u>Sandin</u>, 515 U.S. at 484).

The Third Circuit has held that a state prisoner's confinement in administrative segregation for 15 months does not impose an atypical and significant hardship on the prisoner. <u>Griffin</u>, 112 F.3d at 706-09; <u>see</u> <u>Sack v. Canino</u>, No. Civ. A. 95-1412, 1995 WL 498709, *1 (E.D.Pa. Aug. 21, 1995)(assuming that plaintiff was not afforded the protections called for by <u>Wolff</u>, because the sanction of 30 days disciplinary confinement did not implicate a liberty interest, such infraction did not violate plaintiff's due process rights). Plaintiff was sanctioned five days confinement to quarters - a very short amount of time that does not implicate a protected liberty interest.

7

As plaintiff has not articulated a protected liberty interest with respect to his discipline, confinement, and loss of privileges, his due process claim is dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) and § 1915A(b)(1).

## C.   Conditions of Confinement

Plaintiff sets forth a laundry list of incidents that allegedly occurred in the kitchen at the DCC.  He alleges that inmates do the work that the correctional officers are supposed to perform, he has witnessed inmates having sex with one another in areas where food is served, he has witnessed inmates spitting into food being served, and pornographic pictures of female guards are sold from inmate to inmate.  Plaintiff alleges that the foregoing took place while Morris and her officers were present and available.

A condition of confinement violates the Eighth Amendment only if it is so reprehensible as to be deemed inhumane under contemporary standards or such that it deprives an inmate of a minimal civilized measure of the necessities of life.  See Hudson v. McMillian, 503 U.S. 1, 8 (1992); Wilson v. Seiter, 501 U.S. 294, 298 (1991).  When an Eighth Amendment claim is brought against a prison official it must meet two requirements: (1) the deprivation alleged must be, objectively, sufficiently serious; and (2) the prison official must have been deliberately

8

indifferent to the inmate's health or safety.  Farmer v. Brennan,
511 U.S. 825, 834 (1994).  Deliberate indifference is a
subjective standard in that the prison official must actually
have known or been aware of the excessive risk to inmate safety.
Beers-Capitol v. Whetzel, 256 F.3d 120, 125 (3d Cir. 2001).

       To satisfy the objective prong, plaintiff must allege that
he is "incarcerated under conditions posing a substantial risk of
serious harm."  Farmer v. Brennan, 511 U.S. 825, 834 (1994)
(citing Helling v. McKinney, 509 U.S. at 35).  Serious harm will
be found only when the conditions of confinement "have a mutually
enforcing effect that produces the deprivation of a single
identifiable human need such as food, warmth, or exercise," and
"[n]othing so amorphous as 'overall conditions' can rise to the
level of [such a violation] when no specific deprivation of a
single human need exists."  Blizzard v. Watson, 892 F.Supp. 587,
598 (D.Del. 1995) (citing Wilson v. Seiter, 501 U.S. at 303-304).

       In the instant complaint plaintiff alleges that various
rather unseemly incidents allegedly occurred at the DCC kitchen.
He alleges very generally that Morris and her officers were
present or available when the alleged acts took place, but fails
to associate any of the claims set forth with any of the
defendants.  Indeed, it is not clear which, if any, of the
defendants were personally involved with each alleged
constitutional deprivation.  Further, plaintiff fails to provide

                                    9

details with respect to when each of the incidents is alleged to
have taken place. As the complaint presently stands, it is
unclear which defendants violated what specific constitutional
rights and when they are alleged to have done so. Finally, the
claims do not relate to plaintiff, but concern his witnessing
acts of other inmates. Nor has plaintiff alleged that he was
injured or harmed as a consequence of the alleged acts.

Accordingly, the court concludes that plaintiff has failed
to allege deprivations sufficiently serious to satisfy the
objective component of the two-prong test. Hence, there is no
need to address potential deficiencies in plaintiff's allegations
regarding the subjective component. The conditions of
confinement claim has no arguable basis in law or in fact, is
frivolous, and is dismissed without prejudice pursuant to 28
U.S.C. § 1915(e)(2)(B)(I) and § 1915A(b)(1), and 42 U.S.C. §
1997e(c)(1).

**D.   Respondeat Superior**

Chris Klein ("Klein"), the food service director at DCC, is
named as a defendant. Although not stated, it appears that
plaintiff seeks to hold Klein liable on the basis of his
supervisory position. Supervisory liability cannot be imposed
under § 1983 on a respondeat superior theory. See Monell v.
Department of Social Services of City of New York, 436 U.S. 658
(1978); Rizzo v. Goode, 423 U.S. 362 (1976). In order for a

10

supervisory public official to be held liable for a subordinate's constitutional tort, the official must either be the "moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person deprived." Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989) (citing City of Canton v. Harris, 489 U.S. 378, 389 (1989)).

There is nothing in the complaint to indicate that Klein was the "driving force [behind]" plaintiff's alleged constitutional violations. More so, the complaint does not indicate that Klein was aware of plaintiff's allegations and remained "deliberately indifferent" to his plight. Sample v. Diecks, 885 F.2d at 1118. The claim against Klein has no arguable basis in law or in fact. It is frivolous and is dismissed without prejudice pursuant to 28 U.S.C. § 1015(e)(2)(B) and § 1915A(b)(1).

## E.   Personal Involvement

"A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. Sutton v. Rasheed, 323 F.3d 236, 249 (3d Cir. 2003)(quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Plaintiff names as defendants "all officers and supervisors of Delaware prisons."   The complaint, however, contains no allegations against this all encompassing group of defendants.  Moreover, plaintiff provides no facts to support a claim against them.  As a result, the claim against these defendants lacks an arguable

11

basis in law or in fact and is dismissed as frivolous pursuant to
28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## F.   Eleventh Amendment Immunity

Also named as a defendant is the State of Delaware.   "Absent
a state's consent, the Eleventh Amendment bars a civil rights
suit in federal court that names the state as a defendant."
Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981)(citing
Alabama v. Pugh, 438 U.S. 781 (1978)(per curiam)).   The State of
Delaware has not waived its sovereign immunity under the Eleventh
Amendment.   See Ospina v. Department of Corr., 749 F.Supp. 572,
579 (D.Del. 1990).   Therefore, the claim against the State has no
arguable basis in law or in fact and it is dismissed without
prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A(b)(1).

## IV.   CONCLUSION

NOW THEREFORE, at Wilmington this $14th$ day of June, 2006, IT
IS HEREBY ORDERED that the complaint is dismissed without
prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and
§ 1915A(b)(1), and 42 U.S.C. § 1997e(c)(1).   Amendment of the
complaint would be futile.   See Grayson v. Mayview State Hosp.,
293 F.3d 103, 111 (3d Cir. 2002); Borelli v. City of Reading, 532
F.2d 950, 951-52 (3d. Cir. 1976).

Sue F. Robinson

UNITED STATES DISTRICT JUDGE

12