In The United States District Court
For The District of Delaware

James St. Louis
    Plaintiff

v

Lt. Cheryl Morris, Dr. Chris
Kleer, and Delaware Prisons
(all officers and supervisors
including State of Delaware)
    defendants

Civil Action No.
06-236-SLR



Motion For Leave To File An
Amended Complaint

Plaintiff James St. Louis, pursuant to Rules 15(a) and 19(a) Fed. R. Civ. P. under Federal Rules of Civil Procedure Rule 59(e), requests leave to file an amended complaint adding and negating parties and addressing 8th and 14th Constitutional violations and Federal "precedent" decisions not addressed in previous submitted case.

    1. The plaintiff in his original complaint named Lt. Cheryl Morris, Dr. Chris Kleer, and Delaware Prisons (all officers and supervisors including State of Delaware) as defendants.

    2. Since filing plaintiff has or would like

to change defendants to read Lt. Cheryl Morris, Dir. Chris Klein, administrator Michael Knight and all officers and supervisors of the prisons systems in the state of Delaware (to be named later now known as John Does). Who violates mentioned

3. Plaintiff initial and most important violation was not addressed and brings it to this courts prompt attention now for it to carry out it ruling as per "precedent" setting U.S courts have already decided.

In McDuffie v Estelle 935 F2d 682, 686 it was decided it was unconstitutional to give inmates jobs involving supervisory or disciplinary authority over other inmates because of the risk of violence or exploitation. It also says the power to hire and fire, supervise and control employee work schedules it illegal. In Carrigan v State of Delaware 957 F.S. 1376 we read " in order to establish and 8th Amendment violation by prison officials, it must be shown that alleged deprivations was objectively sufficiently serious and that prison officials state of mind was one of deliberate indifference to inmates health and/or safety. Under Dawson v Kendrick 527 F.S. 1252 prisoners have the right to be secured by the 8th and 14th Amendment to be reasonably protected

from threats of violence and sexual assaults, and are [not] required to wait until they are actually injured by assaults to obtain relief from such conditions).

We also see in Weimer v Amen 870 F2d 1400 were acknowledging in dicta that if officials has authority over relevant procedural systems, his/her action or [inaction] can constitute "Established state procedure" and the official can be held liable.

4 Since initial filing of case these witnesses have come forth to verify plaintiffs acusations of threats, bribery, illegal firing and punishment by fellow inmates especially 1st Cook Author Hoover and acknowledged via complaints and letters to prison officials and supervisors who not only were inactive but condoned actions by standing behind and authorizing said punishments and firings per delaware correctional job classifications posted and verbally given to inmates.

1 Wayne Collazo
2 WM. Hawkins
3 Ralph O'Day
4 Joshua Fox
5 Henry Duhadaway
6. Richard Russell
7 Thomas Morgan
8 Kenny Thomas

5. There are much more names but they fear retaliyation if their names are printed.

6. To show prison concern a report or incident was filed per plaintiff on June 8 2006 which is included. To be added to this complaint one of the said inmates has authoriyed his name to be released to this court but does fear retaliyation from said Sg Johnson, officer who made these comments. His name is William Hawkens and asks the court to protect his name but will testify for the plaintiff.

7. Plaintiff is not looking for only personal compensation because of these violations but also asks for normal damages and punitive damages and asks for an injuction that others will not follow in the same violations.

8. Plaintiff ask that [all] defendants be held in their "individual" capacity as well as "official" capacity.

9. Plaintiff would also like to add as defendants the Warden and Deputy Warden as defendants through their "inactions".

10. This Court should grant leave freely to amend this complaint per Fomax v Davis

371 U.S 178, 182 (1962)

6/27/2006

Respectfully submitted

James St. Louis Jr.
SBI # 446518
1181 Paddock Rd.
Smyrna Delaware



I/M James St. Louis Jr.
SBI# 446518 UNIT E (D33)
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Office of the Clerk
United States District Court
844 N. King Street
Lockbox 18
Wilmington, Delaware 19801-3570

Exhibit A.

On June 8, 2006 I met with Lt. Harvey and told him the following statement, which he advised me to write down.

On Feb. 26 2002 I entered into employment at Department of Correction Food service and was terminated December 7 2005. In those years I have progressed up to the point of 2nd cook. The past year prior to termination I tried to address the constitutional violations and illegal treatment of inmates within the kitchen. I address every C/O present at the time and pushed the issue especially with Lt. Morris which led to me being accused of lying and being fired. I pushed the issue for a disciplinary hearing figuring I'd get a fair deal, but was wrong. I first wrote to the warden with no reaction and then to Deputy Warden Pierce who assigned Hearing Officer Williams to investigate.

Lt. Lee Bradley was assigned to investigate and proceeded to interview the kitchen staff and then interviewed myself, telling me this was absolutely rediculous and the kitchen personal was wrong and someone was out to get me. He said Ms Burry was ordered by her supervisor to the action that was taken against her own wishes. At the hearing (disciplinary) Officer Ralph Heverin and I talked about

how these charges came about. When Lt Morris, Director Kline, Officers Boreng and Johnson finally showed up the hearing progressed with Officer Heverin addressing the issue of inmates ordering and being incharge of other inmates leading to threats and terminations. Not one of these officers present would address the issue until Officer Heverin said it was a Constitutional violation and against Correctional policy. Then Lt Morris proceeded to say her first cook was incharge of his kitchen and would run it the way he wanted end of discussion. After meeting was over Officer Heverin told me I was innocent in his mind and someone else should be held accountable but because of his lack of power had to find me guilty but would give me minimum punishment. I immediately asked for an appeal form and sent it out immediately. One week later I was turned down without anyone ever investigating anything by Anthony Rendina. Now I've followed all procedures and let everyone know ahead of time my next steps but received no action. I explained how witnesses were not allowed to testify on my behalf, how

previous addresses all cooks if she needed to get someone there's no place one could hide from her so why bother. The incident report[s] on file as DOC Smyrna.