IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES ST. LOUIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-236-SLR |
| | ) |
| LT. CHERYL MORRIS, DIR. CHRIS | ) |
| KLEIN, and DELAWARE PRISONS | ) |
| (All Officers and Supervisors | ) |
| including State of Delaware), | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 22d day of September, 2006, having reviewed the motion for leave to file an amended complaint construed as a motion for reconsideration, the motion for recusal and assignment of new judge, and the motion for appointment of counsel filed by plaintiff James St. Louis, and the papers submitted thereto;

IT IS ORDERED that the motion for reconsideration is granted in part and denied in part (D.I. 8), the motion for recusal and assignment of new judge (D.I. 9) is denied, and the motion for appointment of counsel (D.I. 10) is denied without prejudice with leave to renew, for the reasons that follow:

1. **Background.** Plaintiff, an inmate at the Delaware Correctional Center ("DCC"), filed this civil rights action pursuant to 42 U.S.C. § 1983 seeking compensatory and punitive damages, as well as front pay, as a result of being fired from a job he held in the kitchen at DCC. The complaint was dismissed

without prejudice as the claims were either frivolous or failed to state a claim upon which relief could be granted. (D.I. 6)

2. **Standard of Review.** The standard for obtaining relief under Rule 59(e) is difficult to meet. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be granted if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

3. A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. See Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." Brambles USA, Inc. v. Blocker, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of

reasoning but of apprehension." Brambles USA, 735 F.Supp. at 1241 (D. Del. 1990) (citations omitted); See also D. Del. LR 7.1.5.

4. **Discussion**. Plaintiff seeks reconsideration of the order dismissing his complaint. He also wishes to add and/or change the defendants to Lt. Cheryl Morris, Dir. Chris Klein, administrator Michael Knight, all officers and supervisors of the prison systems in the State of Delaware, the warden, and deputy warden, all defendants to be named in both their individual and official capacities. Plaintiff argues that in the dismissal order the court did not address his most important alleged constitutional violation. He relies upon McDuffee v. Estelle, 935 F.2d 682, 686 (5th Cir. 1991), to support his position. McDuffee concerns the former practice of the Texas Department of Corrections' "building tender" system, wherein inmates acted as auxiliary guards in a supervisory capacity over other inmates ostensibly to assist in controlling the prison. Id. The system was "established despite the existence of a Texas statute that expressly prohibited the use of inmates in a supervisory or administrative capacity over other inmates and forbidding any inmate to administer disciplinary action to another prisoner." Marcotte v. Deckard, No. 2:03-CV-0032, 2005 WL 2291921, at n.4 (N.D. Tex. Sept. 16, 2005) (quoting Ruiz v. Johnson, 154 F. Supp. 2d. 975, 990 (S.D. Tex. 2001); see also Ruiz v. Estelle, 503 F.

Supp. 1265 (S.D. Tex. 1980). Texas Department of Corrections officials agreed to eliminate the practice[1] and the issue was dismissed on appeal. Ruiz v. Estelle, 679 F.2d 1115, 1164 (5th Cir. 1982). Plaintiff appears to equate the First Cook position held by inmate Govan with Texas' former "building tender" system. He argues that it is unconstitutional to allow Govan to hold the First Cook position as described in the complaint and the court's June 19, 2006 order and, therefore, he alleges a viable § 1983 claim. (D.I. 2, 6)

5. The "building tender" system and the First Cook position are dissimilar. The "building tender" position was designed to allow inmates to act as guards and to assist in controlling the prison. Texas law expressly prohibited inmates from administering disciplinary action to anther prisoner. Plaintiff's complaint alleges that First Cook Govan was "in charge of the kitchen." There are no allegations that Govan's duties included acting as a guard. Moreover, the complaint alleges that the disciplinary action taken against plaintiff was not meted out by Govan, but by prison officials. There is no constitutional violation in Govan holding the First Cook's position. Plaintiff, therefore, fails to state a claim upon which relief may be granted, and as to this aspect for reconsideration, the motion is denied.

---

[1]That portion of the final judgment was terminated in 2001, Ruiz v. Johnson, 154 F. Supp. 2d 975, 900 (S.D. Tex. 2001).

6.  Having again reviewed the complaint, the court discerns that plaintiff alleges that he was fired from his job in retaliation for complaining of the actions of First Cook Govan. Liberally construing the complaint and its attachments thereto, as the court must do, plaintiff alleges a cognizable retaliation claim. Accordingly, plaintiff will be allowed to proceed with a retaliation claim and will be allowed to amend his complaint to include the appropriate defendants. Plaintiff shall not reinstate any previously dismissed claims. Nor shall he name as defendants "all officers and supervisors of the prisons systems in the State of Delaware." As discussed in the court's order dated June 19, 2006, all other claims are dismissed.

7.  Plaintiff seeks my recusal and assignment of a new judge. (D.I. 9) The basis for the motion is that I ruled against plaintiff in a prior action, Civ. No. 06-236-SLR, and that I indicated that amendment of the current case would be futile. A judge is required to recuse where his or her impartiality "might reasonably be questioned." 28 U.S.C. § 455(a). Mere disagreement with an adverse ruling does not form a sufficient basis for recusal or disqualification. See Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000). Plaintiff provides insufficient reasons for my recusal. Therefore, the motion for recusal and assignment of new judge (D.I. 9) is denied.

8. Plaintiff moves for appointment of counsel on the bases that he is unable to afford counsel, his imprisonment greatly limits his ability to litigate the case, the issues in the case are complex, he has limited access to the law library and limited knowledge of the law, trial of this case will involve conflicting testimony and counsel will better enable plaintiff to present evidence and cross-examine evidence, an attorney will aid in the discovery process, and plaintiff is unable to interview inmate witnesses. (D.I. 10) A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to appointed counsel. See Ray Robinson, 640 F.2d 474, 477 (3d Cir. 1981). It is within this court's discretion to seek representation by counsel for plaintiff "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993)(representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

9. This case is in its initial stages and service has not yet been effected. It is this court's practice to dismiss without prejudice motions for appointment of counsel filed prior

to service.  Further, the court notes that, contrary to plaintiff's position, the issues in this case are not complex.  Accordingly, the motion for appointment of counsel (D.I. 10) is denied without prejudice, with leave to refile following service of the complaint.

10. **Conclusion.**  There was no intervening change in the controlling law or new evidence that was not available when the June 19, 2006 order was entered.  However, in reviewing the complaint the court determines that plaintiff adequately alleges a cognizable retaliation claim.  Accordingly, the motion for reconsideration (D.I. 8) is **granted** to the extent that plaintiff may amend his complaint as detailed in the body of this memorandum order and **denied** in all other respects.  Should plaintiff choose to file an amended complaint, it shall be filed within **thirty days** from the date of this order.  If an amended complaint is not filed within the time allowed, then the case will be closed.  The motion for recusal and assignment of new judge (D.I. 9) is **denied**.  Finally, the motion for appointment of counsel (D.I. 10) is **denied** without prejudice with leave to renew upon service of the amended complaint.

_[signature]_
UNITED STATES DISTRICT JUDGE