IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES ST. LOUIS, | |
| PLAINTIFF, | C.A. NO. : 06-236-SLR |
| V. | JURY TRIAL REQUESTED |
| LT. CHERYL MORRIS, ET. AL. | |
| DEFENDANTS. | |



FILED
APR 12 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BP scanned

## MOTION FOR MORE DEFINITE STATEMENT

Comes now, Plaintiff, James St. Louis in requesting the Defendants to offer a more defined statement to their Answer to the Complaint as previously ordered by the Court, in support the following is offered:

1. IS defense denying upon investigation via Deputy Warden Pierce though officer Bernie Williams' authority it was reported to officer investigating that upon questioning Sgt. Boring she told him 'Lt. Morris ordered her to write plaintiff up, investigated[fact finding]and did the disciplinary action of termination of plaintiff' or are you denying the ruling in DIERCKS V DURHAM 959 F2d 710,713 that says an inmate is entitled to a hearing before an impartial fact finder whose mind is not already made up and who can give them a fair hearing, the ruling in NEEDS V STATE 118 IDAHO 207,795 P2d 912 which says Inadequate notice to inmate about hearing DENIES DUE PROCESS and WOLFF V McDONNELL 418 US 539,566 that says prisoners have the right to call witnesses and where it says in McDUFFIE V ESTELLE 935 F2d682 where it is UNCONSTITUTIONAL to give inmates jobs involving

'SUPERVISORY' or 'DISCIPLINARY' authority over other inmates because of the risk of violence or exploration ? [see job assignment and responsibilities DCC has taped to wall by ZONE 1 office.

2. As to injunction does counsel say that violating the CONSTITUTIONAL issues above do NOT deem an immediate action for future violating to inmates?

3. Plaintiff agrees that he has no legal right to address other inmate's violations but upon written statements from many inmates to plaintiff addressing the same issues and wishing to participate plaintiff believes it is his moral duty to address at this time. Or does counsel object to defending everyone's rights?

4. As to denied #10 Is counsel denying meeting took place with all the other cooks or that Lt. Morris can't remember saying anything?

5. As to denied #11 is counsel also representing FIRST COOK Govan in saying he was not present?

6. As to denied #12 is counsel denying we were told to follow procedures?

7. As to denied #13 are defendants denying there are procedures to be followed in a disciplinary reporting and hearing?

8. As to denied #16 Are you denying that Govan and St.Louis had seniority in kitchen or that Lt. Morris said it?

9. As to denied #17 Are you denying that the cooks took part in questioning futer inmate cooks for promotion and again are you representing Govan as to his actions?

10. As to denied #18 Are you representing all cooks questioned for positions or just answering for them?

11. As to #19 Are you now representing PLAINTIFF when he refused to participate?

12. As to denied #20 Again are you representing Govan or St.Louis upon denying threats?

13. As to denied #21 Are you representing Govan in this matter?

14. As to denied #22 Are you saying St.Louis stayed at the meeting? Or that Govan and Morris talked for an hour or something else?

15. As to denied #24 Is counsel saying Lt.Morris never said this in front of [all] the cooks present

that day in the walk in cooler for a meeting or that the meeting didn't exist?

16. As to denied #25 Is counsel admitting that defendant Boring was ordered by Lt.Morris to write up St.Louis as she told Lt.Bradley the investigating officer for appeal?

17. As to denied #26 Is counsel admitting that St.Louis had no prior knowledge of charges until fact finder meeting with Lt.Morris?

18. As to denied #27 Is counsel denying if Lt.Morris, payroll and attendance officer, doesn't know if it was St.Louis' day off when she called him from his building to attend the fact finder in investigation?

19. As to denied #28 Are defendants saying that St.Louis was told he was being disciplined or that Lt.Morris was holding a fact finding mission to find out his side of a happening?

20. As to denied #29 On #28 counsel said interview by Lt.Morris in connection to disciplinary charges of lying and abuse of privileges, but here you say not enough information as to if St.Louis knew why he was there Which IS IT?

21. As to denied #31/32 Are you denying that defendant lack the knowledge or fails to remember that Lehman called plaintiff to his office to notify him Lt. Morris had terminated him?

22. As to denied #35/37 In 31/32 Lt. Lehman couldn't remember St.Louis there now in 35 you accept that he talked to him ,which is it he is contradicting ?

23. As to denied #38 Is Lt.Lehman saying St.Louis wasn't there again or that he forgets saying those things?

24. As to #40 Are you saying that violating the 8th AM. Without notice, witnesses, exploitation of inmates, and the safeguard of WOLFF VMcDONNELL are not 'DUE PROCESS' violations along with retaliation for questioning those lost rights?

25. As to denied #41 Is counsel denying that the letters were sent to each individual or is counsel denying that once received defendants failed to address the issues?

26. As to denied #42 Is Boring denying she talked to Lt. BRADLEY AND HE MADE OUT A REPORT THAT HE WENT OVER WITH THE PLAINTIFF?

27. As to #44 Is counsel denying that any type of damages are due because one should not be held responsible for constitutional violations?

28. As to #45 Is counsel saying defendants, per their own job description are condoning supervisory positions for inmates over other inmates thus violating prison and federal laws?

29. As to 46-50 Are defendants saying they should disregard the ruling in GRAHAM V BAUGHMAN , WOLFF V McDONNELL , TYLER V BLACK , CRAWFORD V BRITTON, AND 3RD CIRCUIT GRIFFIN V SPRATT 969 F2d16 and have inmates be a non entity with NO rights and not have someone be held responsible when their own job description shows their constitutional failures that when questioned results in a write up and loss of a job ?

4/10/2007          James St. Louis

                   JAMES ST.LOUIS
                   SBI 446518
                   1181 PADDOCK ROAD
                   SMYRNA, DE   19977

