# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

JAMES ST. LOUIS,                    )
     Plaintiff,                   )
                                  )
     v.                           )    Civil Action No. 06-236-SLR
                                  )
Lt. CHERL MORRIS, et al. ,          )
     Defendant.                   )

**FILED**

**MAY - 4 2007**

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## MOTION TO AMEND PLEADING

Plaintiff moves to amend is pleading pursuant to Fed. R. Civ. P. 15(a), and in support of motion, states:

Plaintiff, JAMES ST. LOUIS, pursuant to Rules 15(a) and 19 (a) Fed. R. Civ. R. under Federal Rules of civil procedures Rule 59 (e), request leave to file an amended complaint adding defendants not addressed in previous submission . In support of this action plaintiff uses Judge Robinson's #8 dated 4/16/2007 Memorandum Order giving petitioner option to Amend complaint adding defendants;   (A)      1.RALPH HEVERIN  2. DAVID PIERCE 3.BERNIE WILLIAMS 4. MICHAEL McMAHON 5. ANTHONY RENDINA.      The plaintiff uses the following facts, rules, and statutes to argue this motion (B) 1.In U.S. v. Goodwin 102 S.Ct. 2485 the Supreme Court said due process of law is violated when government vindictively attempts to penalize a person from exercising existing protected statutory or constitutional rights. U.S.C.A. 5, 14.2. In Griffin v. Spratt 969 F2d 16 the 3rd Circuit said due process is violated if a written statement by factfinder of evidence is [NOT] presented to plaintiff and this was done in both instances by all (see letters inclosed requesting this information) 3. The nucleus of this argument is deeply seeded in o6-236-SLR and both cases are embroiled in the same alligations. 4. The (5) individuals in this case were involved in an APPEAL NOT A DISCIPLINARY action of plaintiff initiated by plaintiff [2 ] Months after disciplinary action was taken by Lt Morris. (see

exhibits enclosed). 5. All (5) defendants were notified about appeal but to no avail. Petitioner was sentenced to (5) days CTQ and was sent to the MHU for (138) days denying him his minimum status and priveledges for in their own rules was a minor infraction. (see rules 4.2 listing infraction and class it falls under). 6. Under "clearly establish" 11 Del. 6535 ,it says every inmate "SHALL" receive a copy of the rules and prison regulations along with procedures for dealing with violations ;acknowledged by Del. Supr. Court in ROSS v. D.D.O.C. 697 A2d377; WHICH ALL PARTIES INVOLVED HAS YET TO DO (see Texaco Inc. v. Short 102 S. Ct. 781 and procedures from Bureau of Affairs--Hope v. Pelzer 122 S.Ct. 2508) that prison sentenced petitioner to a class 1 sentence for a class 2 infraction at an appeals hearing. (see inclosed exibites). 7. Petitioner also wished to add mailing from 10/27/2006 as evidence of appeal which includes letters asking for an appeal and being granted. 8. The S.Ct. in PARROTT v. TAYLOR says all state officials who fail to follow p rescribed procedures (statutes) guaranteed under due process  CAN AND MUST be held accountable under § 1983. 9. Under the S.CT. ruling in Hunter v. Bryant all individuals though they have qualified immunity can and must be held accountable and it is the duty of this court to protect the rights of all inmates when they see a violation of statue and/or constitutional magnitude thus inforcing an injunction to mandate prison officials to follow existing statute and void any disciplinary action until this is done.

Submitted this / day of May, 2007

_James St. Louis_

Delawere Correctional Center
1181 Paddock road
Smyrna, DE 19977

_Petitioner ask for legal fees including mailings and monitary reimbusstments a jury trial deems fit._

In the United States District Court
For the District of Delaware

James St. Louis
         plaintiff
              v
Ralph Heverin
David Pierce
Officer Bernie Williams et al.

Motion For leave to File Pertinent
evidence not available until recently
as provided by ACLU under freedom
of information act.

Plaintiff James St. Louis persuant to
Civil Rights Act 42 USC 1983 filed
on 10/14/2006 regarding procedural
due process violations would like
to add exhibits and explanations
below.
         1. exhibit A
              A. note date of incident
              B. note disciplinary type
              C. violations recorded
         2 exhibit B
              A. date on form of grievance
              B. date of return on back

3. exhibit C
   A. return letter from deputy Warden
addressing appeal with date and assigned
officer.
   4.   exhibit D and E
   A. date officer first looked into
appeal (top right)
   B. notice of hearing.
   5.   exhibit F
   A. last appeal from chief of Bureau
denying defendant due process.

   The arguement brought forth for
defendant is one of violation of procedures
by the State of Delaware Correctional Center
and officers involved in this complaint
per their own procedural manual
(exhibit G)
   In manual it list Class I and
Class II offenses and what each are and
how to handle these hearings. On page
5 it list Class I hearings and procedures
to page 8 where Class II offenses begin.
If you check violations on defendants
sheet all his charges are Class II despite
an individual identifying them as class I.
   Also on page 8 it list sanctions and
continues on page 9 with Class II sanctions

It also says that with a class II
violation all penalties are given out by
supervising authority unless you already
have 3 write ups, then the 4th is a
Class I. Defendant has [no] other write
ups not even a 24 hours loss of all
privileges. As read in Class II hearings
    Appeals are addressed next for Class
I and Class II which was not followed
per departments own procedures.
    Defendant asked numerous time
for a copy of rules from law library
and building ¢/o and was denied
access saying they are prohibited from
giving out to inmates.
    It also addresses how a Class I or
Class II offense has to be forwarded to
the watch commander for review before
punishment is handed out. This was
never done. Defendants report was only
addressed because defendant pushed
the issue as a false report for
retaliation in the kitchen. Procedures
also say that once a Class II hearing
is done which I was terminated with
no other punishment. Upon appeal no
further punishment can be handed out.
Defendant Received 5 days Confined to Quarters

and was classefeed to a higher security
housing unit with less freedom and
access to law libeary and other activities
like Church and bible study which
dyendant has been deneied, (see exhebet
H)

Defendant first is asking for an
injuction for defendant to return to his
menimum security classyfecation, expunge
of incedent from records, return to
buildeng where defendant was housed.

Defendant also ask this court to
order the Delaware Correctional Prison
System to put in a relevant and heigh
traffic location the procedures and
listings of all desciplinary actions so
this unfortunate incedent doesn't
repeat itself. Defendant also ask
like prevevously all personally in their
offecial and indevedual capacity those
who in activity and non activity be held
accountable monetary and sanctions
permitted and any other relief deems
appropieate by this court.

James St. Louis

Disciplinary# 1022173

Date: 12/09/2005

DCC Delaware Correctional Center
Smyrna Landing Road
SMYRNA DE, 19977
Phone No. 302-653-9261

# DISCIPLINARY REPORT

Disciplinary Type: Class1    Housing Unit: Bldg E    IR#: 1028348

| SBI# | Inmate Name | Inst. Name | Location Of Incident | Date | Time |
|------|-------------|------------|----------------------|------|------|
| 00446518 | Stlouis, James  J | DCC | Bldg.14 Food Prep. Area | 12/07/2005 | 12:00 |

Violations: 2.01/200.105 Abuse of Privileges, 2.10/200.213 Lying

Witnesses:1. N/A    2. N/A    3. N/A

## Description of Alleged Violation(s)

On The Above Date And Approx. Time I/M James St. Louis Was Terminated For Lying And Abuse Of Privileges/M  James St. Lou
Told Me, Fssii Boring That Chicken Parmesan And Bread Pudding W/ Raisins Was Approved By Director Klein. I/M Lied To Me Fs
Boring About The Approval Of The  Products.

Reporting Officer: Boring, Mary M (FS Specialist I & II)

## Immediate Action Taken

Immediate action taken by: Boring, Mary M -FS Specialist I & II

404 Written

## Offender Disposition Details

Disposition: N/A    Date: N/A    Time: N/A    Cell secured?  No

Reason: N/A

Disposition Of Evidence: N/A

## Approval Information

Approved: ☐    Disapproved: ☐    Approved By:  ()

Comments: N/A

## Shift Supervisor Details

Date Received:    Time:    Received From:

Shift Supervisor Determination:

[ ]  Upon reviewing this Disciplinary Report, I conclude that the offense may be properly responded to by an immediate
revocation of the following privileges(see reverse side) for _____ hours not to exceed 24 hours)

[ ]  Upon reviewing this Disciplinary Report, I conclude that the offense would be properly responded to by Disciplinary Hearing

,  ()

I have received a copy of this notice on DATE:_____ TIME: _____ and have been informed of my rights to have
a hearing and to present evidence on my own behalf. I understand, if found guilty, I will be subject to imposition of sanctions
outlined in the Rules of conduct.

Preliminary Hearing
Officer: _____    Offender: _____

Stlouis, James  J

exhibit  A

#22285

**FORM  #584**

**GRIEVANCE FORM**

FACILITY: *Bldg. 14 Food Prep Area*   DATE: *12/10/05*

GRIEVANT'S NAME: *JAMES ST. Louis*   SBI#: *00446518*

CASE#: *disciplinary # 1022775 M*   TIME OF INCIDENT: *Report 12:00*

HOUSING UNIT: *E*

BRIEFLY STATE THE REASON FOR THIS GRIEVANCE. GIVE DATES AND NAMES OF OTHERS INVOLVED
IN THE INCIDENT OR ANY WITNESSES.

*See sheet included (3) to explain*
*grievance).*

ACTION REQUESTED BY GRIEVANT: *appology from Ms Boeing*
*and reinstatement and back pay from*
*main kitchen and struken from my*
*record.*

GRIEVANT'S SIGNATURE: *James St. Louis*   DATE: *12/10/05*

WAS AN INFORMAL RESOLUTION ACCEPTED?  _____(YES)  _____(NO)

(COMPLETE  ONLY IF RESOLVED PRIOR TO HEARING)

GRIEVANT'S SIGNATURE:_____   DATE:_____

IF UNRESOLVED, YOU ARE ENTITLED TO A HEARING BY THE RESIDENT GRIEVANCE COMMITTEE.

cc: INSTITUTION FILE
    GRIEVANT

*exhibit B*

April '97 REV

RECEIVED
DEC 1 3 2005

10:30AM  talked to Karney to see grievance officer

12/9/05    9:50 AM

9AM left Building E to go to Kitchen to work upon entering kitchen I handed my pass to officer Wagner and proceeded into kitchen to coat room and then to set up for todays work. After getting the count and needs for diet cooks I noticed a sign up on the zone one office for 2nd cooks. I saw I/M Coles and asked him about it. He explained that I was Terminated and he was told to run the floor. I proceeded to Lt. Lehman's office and upon entering asked him if I was terminated. He said he just received an E mail outlining suspension pending temenation of out come of hearing. And told me spec. Boring wrote up this order. I asked him what for and could I get a copy of it. He proceeded to enter his computer and gave me a copy of said order. We talked for awhile and he said his advise to me is chill for awhile and grieve it, and was sure the truth would come out sooner or later. I left and went back to my building were I noticed the write up was dated 2 days ago at noon.

facts:

#1. Around Thanksgiving time me (cooks) were preparing a Thanksgiving day meal and Ms. Boring asked if we were going to have bread pudding I responded and told her no we were having sweet potato pie instead. She said she always

adds raisins to her bread pudding and
wouldn't it be nice if we could do it here.
I told her probably but I didn't know when
we were going to have it. She asked me
to let her know so she could bring in
some raisins for workers chow and I said
I would. In the mean time Mr. Greenwell
(a second cook) told me Mr. Govon (1st cook)
and himself met with Mr. Cline (head of
kitchen) and was told if we had enough
bread after making stuffing for Thanksgiving
he could do bread pudding sometime.
Now two weeks ago we had chicken
patties and had 300 left over from
lunch which I put in the freezer. And
last Monday we had spagetti and meat
sauce left over from dinner that was
put in the cooler. I said to Mr. Govon
it would be nice if this week we had
chicken patties w/ sauce and bread pudding
and he agreed says ask zone one if
we can do it Thursday seeing it is
a terrible meal. I proceeded to zone 1
and asked officer Johnson if he was
incharge Thursday and he said yes.
And I asked to run something by him
I told him of Greenwells conversation
about Kline oKing bread pudding

and I told him about the chicken
patty and sauce and ask if it would
be alright with him if we had them
Thursday and he said it was OK.
Upon leaving zone one I saw
Ms. Boring and told her we were
having Bread pudding and chicken patty
and sauce Thursday and she said she
wanted to bring in raisins. I told her
to talk to Mr. Greenwell because he
had Klenes permission and that she
should clear it through him. She
immediately went to Greenwell and
discussed the issue upon completion
told me she was going to deck Mr. Klene
The next thing I know I have Wednesday
off but worked 1/2 a day (which was
the 7th worked to 1pm) and no one said
anything to me. Thursday I was called
into the kitchen at 1:30pm to see
Lt. Morris and Lt. Lehman to answer
questions about the supposedly meal.
I did not go into work Thursday because
I was told by 3rd cooks Wednesday
night at 5 pts that the meal was
cancelled and was asked if I was
OK. No one mentioned the write
up a suspension until this AM.

12|8



STATE OF DELAWARE
DEPARTMENT OF CORRECTION
**OFFICE OF THE DEPUTY WARDEN**
DELAWARE CORRECTIONAL CENTER
1181 Paddock Road
SMYRNA, DELAWARE 19977
Telephone: (302) 653-9261
Fax: (302) 659-6668

## MEMORANDUM

TO:        IM James St. Louis SBI# 446518 E D33B

FROM:      Deputy Warden Pierce

DATE:      February 7, 2006

RE:        Disciplinary

I received your letter dated February 1 2006, regarding a disciplinary you received
and have forwarded your concerns to Hearing Officer Williams for his action.

DP/dc
Attachment
cc:    S/Lt Williams
       File

exhibit C

#44658 E Bldg.
D33B

RECEIVED    2/1/06

FEB 0 2 2006

DEPUTY WARDEN I

Dear Deputy Warden Pierce

Sir I am writing you because I can not
get an answer to my problem. On Dec. 7 2005
Officer Bourg, from the kitchen, wrote a
disciplinary report # 1022173 which said I
lied to here for my own personal gains. I
worked pass the 1200 hour this report
was done and upon asking 2 times y I
was fired was told no by Lt. Lehman
from the kitchen. On December 9 2005 I
was told about this disciplinary report,
2 days later, and was given a copy of
it but was also told by Lt. Lehman
I was suspended pending a disciplinary
hearing and that I should file a grievance
in this action. Upon my return to my
building I asked the building officer in charge
to call to C/o incharge of prison so I could
put forth a complaint. I was told he would
be over as soon as he was free, that was
about 9:40 AM December 9 2005, and I
still haven't seen him. I asked two
more times and was told to be patient
I decided to write my grievance and
presented it to the building C/o who placed
it in the grievance box on 12/10/05.
As of January 24, 2006 I had heard

disciplinary hearing and wrote a letter to the Warden, the Grievance Officer, Chris Klein, Michael Knight and Lt S. Morris explaining to them that I have yet received my 8th Am rights to due process by [not] having a disciplinary hearing and also requested information which I tried to get from law library and the building to do about kitchen disciplinary hearing, which I was told does not exist. I told them about the witnesses I would like to call for my hearing.

Now we come to today 2/1/06 I received back from the Grievance Officer my paper work telling me I can not Grieve a disciplinary action. The first time I did a grievance was about Counselor McMann and the physical threats and was told I could not grieve that. What exactly can be grieved? I do not understand. I do want a disciplinary hearing and have a right to one and will go to civil federal court for one. I am in the process of obtaining a lawyer you are all familiar with civil law suits I don't want any problem only what the law says I can get and that to be treated fairly and which is [not] happening.

I'm not going tho threaten anyone
by I am telling you this I've made copies
of everything and sent them out to my
son and told him to go to the papers
with both Grievances If I do not tell
him progress is being made.

I'm so so sorry for having to
involve you but as an officer told me
who give me your name. If we had
competent c/o here who knew what
was right and how to do it. I wouldn't
have to address this to you.

Sir I'm not an angle but I also
do not lie and I will not admit
something I did [not] do or have something
in my record I did not do without
fighting with everything I have at hand.
I was told if I push this issue there
could be reprocussions The only thing
I say to that is God protects those who
trust in Him and Nothing happens
without His sayso.

I hope we can address this issue
and come to a fast solution

Thanks for your
time
Jim St. Louis
446 518
min D 33

Disciplinary#
1022173

DCC Delaware Correctional Center
Smyrna Landing Road
SMYRNA DE, 19977
Phone No. 302-653-9261

Date: 02/15/2006

## DISCIPLINARY REPORT

Disciplinary Type: Class1                Housing Unit: Bldg E                        IR#: 1028348

| SBI# | Inmate Name | Inst. Name | Location Of Incident | Date | Time |
|------|-------------|------------|----------------------|------|------|
| 00446518 | Stlouis, James J | DCC | Bldg.14 Food Prep. Area | 12/07/2005 | 12:00 |

Violations: 2.01/200.105 Abuse of Privileges, 2.10/200.213 Lying

Witnesses:1. N/A                    2. N/A                        3. N/A

### Description of Alleged Violation(s)

On The Above Date And Approx. Time I/M James St. Louis Was Terminated For Lying And Abuse Of Privileges/M James St. Lou
Told Me, Fssii Boring That Chicken Parmesan And Bread Pudding W/ Raisins Was Approved By Director Klein. I/M Lied To Me Fs
Boring About The Approval Of The Products.

Reporting Officer: Boring, Mary M (FS Specialist I & II)

### Immediate Action Taken

Immediate action taken by: Boring, Mary M -FS Specialist I & II

404 Written

### Offender Disposition Details

Disposition: N/A                    Date: N/A        Time: N/A        Cell secured? No

Reason: N/A

Disposition Of Evidence: N/A

### Approval Information

Approved: ☑    Disapproved: ☐    Approved By: Lee, Bradley Jr.(Staff Lt./Lt)

Comments: N/A

### Shift Supervisor Details

Date Received: 02/15/2006        Time: 13:57        Received From: Boring, Mary M

**Shift Supervisor Determination:**

[ ]    Upon reviewing this Disciplinary Report, I conclude that the offense may be properly responded to by an immediate
revocation of the following privileges(see reverse side) for _____ hours not to exceed 24 hours)

[X]    Upon reviewing this Disciplinary Report, I conclude that the offense would be properly responded to by Disciplinary Hearin

Rea

Disp

_____
Lee, Bradley Jr.(Staff Lt./Lt)

I have received a copy of this notice on DATE:_____ TIME: _____ and have been informed of my rights to have
a hearing and to present evidence on my own behalf. I understand, if found guilty, I will be subject to imposition of sanctions
outlined in the Rules of conduct.

Preliminary Hearing
Officer: _____        Offender: _____
            Lee, Bradley Jr.                                Stlouis, James J

exhibit D

DR #
*1022173*

Date: 2/16/06

DCC Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

## NOTICE OF DISCIPLINARY HEARING – FOR MINOR/MAJOR OFFENSE

To: Inmate: **St Louis, James J.**  SBI#: 00**446518**  Housing Unit: **E**

1.  You will be scheduled to appear before the Hearing Office to answer charges pending against you. (Staff are to explain the charges as listed on the 122).

2.  At that time, a hearing will be held to determine whether you violated Institutional Rule(s) as alleged in the attached Disciplinary Report.

    How do you plead?  ☐ Guilty   ☑ Not Guilty

3.  A "Minor Offense" is a rule violation in which the extent of the sanction to be imposed shall be restricted to:
    a.  Written Reprimand.
    b.  Loss of one or more privileges for a period of time of more than 24 hours but less than **15 days.**

4.  A "Major Offense" is a rule violation in which the extent of the sanction to be imposed shall be restricted to:
    a.  Loss of one or more privileges for a period **of more than 15 days but less than 60 days.**
    b.  Confinement to assigned quarters for a period of time not to exceed 30 days.
    c.  Isolation confinement for a period of time not to exceed 15 days.
    d.  Loss of good time for a period of time not to exceed 30 days. (Forfeiture of accumulated good time shall be subject to the approval of the Commissioner or his designee.)

5.  You have the rights in the disciplinary process as stated on the lower and back of this page. These have been fully explained to you at the time of this notification.

6.  Counsel requested?  ☐ Yes  ☑ No   Name of Counsel: _____

7.  Confront accuser?  ☑ Yes  ☐ No

8.  Witness requested?  ☑ Yes  ☐ No   Name of Witness: F/m Greenwell, Bryon
                                          FSS Morris, Cheryl
                                          FSSIII Johnson, A.

I certify that on 8/16/06 at _____
(Date)      (Time)

I served upon the above inmate this notice of Disciplinary Hearing for Minor/Major Offense and the Disciplinary Report is attached hereto.

_____
(Employee's Signature & Title)

I have received copies of 122 & 127 and understand my rights as Form #127 has been read to me.

X _____
(Inmate's Signature)

exhibit E

Page 1  letter to C/o Disciplinary Office
for director Klein – I/m Given
C/o Lt. Lehman / also no response
for trout feeding from Lt. Morris

| DR#<br>1022173 | DCC Delaware Correctional Center<br>Smyrna Landing Road<br>SMYRNA DE, 19977<br>Phone No. 302-653-9261 | Date: 03/10/2006 |

## DISCIPLINARY HEARING DECISION

Inmate : Stlouis, James J                           SBI#:00446518      Type:Class 1

Institution:DCC Delaware Correctional Center        Hearing Date: 02/23/2006    Time: 12:37

Inmate Present: Yes      Reason(If No): N/A

Violation:  2.01/200.105 Abuse of Privileges, 2.10/200.213 Lying

Inmate PLEA: Not Guilty

Inmate Statement:  Because I didn't do what she said I did. *was not present*

Witness Name: Greenwell, Bryon

Testimony : Lt. Morris state's Mr greenwell said nothing about raise for bread pudding
            Sgt. johnson, Andre state's He know nothing of this bread pudding W/Raisins

Witness Name: Morris, Cheryl

Testimony : N/A

Witness Name: Johnson, Andre

Testimony : N/A

Decision :Guilty

Rational : Accuser state's I/M said he got the approved from Mr. Klein. After listen to Lt. Morris an Sgt. Johnson I find I/M Guilty
           of all charges

Sanctions: N/A

### HEARING OFFICER'S SIGNATURE

Heverin, Ralph

I understand that I may appeal the decision of a Class II Hearing  to the Class I Hearing  Officer.I may appeal the decision of a
Class I Hearing  to the facility administrator.I also understand that I have 72 hours to submit my notice of appeal in writing to the
Class I Hearing Officer if I am appealing a Class II Hearing decision or the Warden if I am appealing a Class I Hearing decision.

 I [X]   DO     [ ]    DO NOT INTEND TO APPEAL

INMATE's SIGNATURE

### ORDER TO IMPLEMENT SANCTIONS

[ ]   Inmate does not wish to appeal                  [X]   Appeal has been denied by Commissioner or Designate

[ ]    Sanctions have been modified            [ ]    Time Limit(72 Hours since hearing) for appeal has expired

It is here by ordered to implement the sanctions:

| Sanctions | Start Date | Days | End Date |
|---|---|---|---|
| 1. Confinement to Quarter | 04/10/2006 | 5 | 04/14/2006 |

DR #
_1022(33_

Date: _2 - 23 - 06_

_wrongful claim_

DCC Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

## DISCIPLINARY HEARING DECISION

☑ Class I (Major)    ☐ Class II (Minor)    ☐ Summary (24 Hour LOAP)

Inmate: _Morris Jones_                    SBI#: 00 _446718_
Institution: Delaware Correctional Center    Hearing Date: _2 - 23 - 06_    Time: _____

Inmate Present: ☑ Yes    ☐ No

Reason (If No): _____

Violation: _200/115 AP 233, 213 Fay___
Inmate Plea: _Not Guilty_
Inmate Statement: _Because I didn't do what she said I did._

Witness Name: _Lt Morris charged that, she, Sherman said nothing about_
Testimony: _Claim for Board publing._

Witness Name: _Lt Johnson and r/ States he knows nothing of th._
Testimony: _Board pedling w/ Claims._

Witness Name: _____
Testimony: _____

Decision: _____ ☑ Guilty    ☐ Not Guilty    ☐ Further Investigation
Rational: _Morris Jones that The said he got the weapon from Mr. ___, the Exit
to Mr Morris & Sgt Johnson I find this I with of all charge_

Sanctions: _5 days ATA_                            _____
                              Hearing Officer's Signature _____

I understand that I may appeal the decision of the Hearing Officer (or Shift Supervisor in the case of a Summary Sanction) to the Commissioner of Correction or his designee. I must complete a Disciplinary Appeal Form within 72 hours immediately following the hearing and mail it to the DCC Hearing Office.

☑ I do intend to appeal.

☐ I do not intend to appeal.                    _____

                                                Inmate's Signature

### ORDER TO IMPLEMENT SANCTIONS

☐    Inmate does not wish to appeal        ☐    Appeal has been denied by Commissioner or Designee

☐    Sanctions have been modified          ☐    Time Limit (72 hours since hearing) for appeal has expired

Modifications: _____
It is hereby ordered to implement the sanctions or modified sanctions on  Date: _____    Time: _____
Form 121 – May 30, 2003 – 2 pt. NCR  DACS

_exhibit F_

| DR#<br>1022173 | DCC  Delaware Correctional Center<br>Smyrna Landing Road<br>SMYRNA DE, 19977<br>Phone No. 302-653-9261 | Date: 03/02/2006 |
|---|---|---|

Inmate : Stlouis, James J                                        SBI#:00446518        Type:Class 1

Institution:DCC  Delaware Correctional Center              Hearing Date: 02/23/2006    Time: 12:37

## MEMORANDUM

To    : Stlouis, James J

From : Chief, Bureau of Prisons

RE    :APPEAL DECISION

### 1. Confinement to Quarter

Your appeal                    [ ]    Accepted    [X]    Denied

The decision of hearing    [X]    Affirmed    [ ]    Reversed    [ ]    Remanded for further proceedings

The sanction imposed by hearing officer will  [X]    Remain as imposed by the Hearing Officer [ ]    Reduced

The basis of this decision is as follows :

The reports support the guilt. your appeal contains no evidence to support a change.{SLD}

This report has been reviewed by Rendina, Anthony J

Date Reviewed 03/02/2006

*letter sent*
*disappointment*
*journal*
*attorney*

*exhibit F*

| STATE OF DELAWARE | PROCEDURE NUMBER:<br>4.2 | PAGE:<br>1 OF 18 |
|---|---|---|
| BUREAU OF PRISONS<br><br>PROCEDURE MANUAL | RELATED ACA STANDARDS:<br>29 | |
| CHAPTER: 4 DECISION MAKING<br>RELATING TO OFFENDERS | SUBJECT:    RULES OF CONDUCT | |
| APPROVED BY THE CHIEF, BUREAU OF PRISONS: | | |
| EFFECTIVE DATE:  Revised October 1, 2004 | | |

I.    **AUTHORITY:**  DOC Policy 4.2

II.   **PURPOSE:**  To establish reasonable rules of conduct and a
      system of penal discipline for inmates under the
      jurisdiction of the BOP. The purpose of discipline
      is to correct behavior. The least serious sanction
      needed to correct the inmate's behavior should be
      used.

III.  **APPLICABILITY:**  All BOP employees, volunteers, persons or
      organizations conducting business with the BOP, all inmates
      under the supervision or custody of the BOP.  This procedure
      will not be used at Delaware Correctional Center.   The
      Corrections Code of Penal Discipline will be used at DCC.

IV.   **DEFINITIONS:**

      **A.**   ATTEMPT: An act which constitutes a substantial step
              in a course of conduct planned to result in the
              commission of a rule violation and/or criminal offense.

      **B.**   CLASS I OFFENSE:  Violations, which are termed a major
              misconduct and are considered serious.

      **C.**   CLASS II OFFENSE:  Violations, which are termed a minor
              misconduct and are considered less serious.

      **D.**   CONTRABAND:  Article, substance or thing which is not
              authorized by the Department of Correction, obtainable
              through the institutional commissaries, specifically
              permitted by applicable prison regulations, or otherwise
              specifically authorized by the Warden, and the
              accumulation of authorized items beyond the established
              limit.

      **E.**   INTOXICATION:  Condition in which a person's powers of
              self-control have been impaired because of the
              consumption of alcohol and/or drugs.

| STATE OF DELAWARE | PROCEDURE NUMBER: | PAGE: |
|---|---|---|
| BUREAU OF PRISONS | 4.2 | 2 OF 18 |
| SUBJECT: RULES OF CONDUCT | | |

**F.** LEAD WORKER:  An employee who continuously works in a limited supervisory capacity as a function of the employee's normal duty assignment.

**G.** PRIVILEGES:  Benefits conferred upon the inmate population by institutional regulation including commissary, recreation (including tier recreation), telephone calls, and visits, which may be temporarily revoked for violation(s) of the Rules of Conduct.

**H.** PROHIBITED AREA:  Any area to which an inmate is not authorized to be present.

**I.** RESTITUTION:  Repayment for property taken, damaged or destroyed by an inmate.

**J.** RIGHT:  Anything guaranteed by law, which may not be revoked as a disciplinary sanction.

**K.** SUMMARY ACTION:  Action taken by an authorized person without benefit of a disciplinary hearing.  The sanction for Summary Action shall be from the time it is imposed, not the time of the incident.

**L.** UNIT SUPERVISOR:  An employee of the rank of Lieutenant or higher with supervisory responsibilities over a unit or sub-unit within a facility.

**M.** WATCH COMMANDER:  An employee of the rank of Lieutenant or higher with supervisory responsibilities over an entire facility during the employee's shift and/or tour of duty.  (May be a Sergeant in smaller institutions)?

**N.** WILLFULLY:  Conscious purpose to engage in the conduct or cause the result.

**V.  PROCEDURE:**  This procedure will be construed according to the fair meaning of its terms; to correct behavior, not punish; to utilize the least restrictive sanction that achieves desired behavior; to promote justice; and to accomplish the following general objectives:

**A.** Promote the safety and welfare of everyone within the institution.

**B.** Promote the efficient administration and operation of the institution.

| STATE OF DELAWARE BUREAU OF PRISONS | PROCEDURE NUMBER: 4.2 | PAGE: 3 OF 18 |
|---|---|---|
| SUBJECT: RULES OF CONDUCT | | |

C.   Define what conduct is prohibited in the institution and state the Sanctions that may be imposed to punish such conduct. Prisoners of the Department shall have access to those portions of the disciplinary rules which would result in a disciplinary action or loss of privileges. This access may take form as posted bulletin boards, law library file copies, housing unit postings, or other general notice formats approved in advance by the Commissioner. Individual copies of specific disciplinary rules will be made available at the inmate's written request and expense, in similar manner to other law library document requests.

D.   Prevent arbitrary or retaliatory treatment of inmates accused or convicted of offenses.

E.   Prescribe penalties that are proportionate to the seriousness of the offenses.

F.   Provide a climate of certainty within which both correctional staff and inmates will have a clear picture of the relationship of each to the other and each to the interests of the institution.

Upon the reasonable belief of an institutional staff member that an offense has been committed, he/she should consider if a Summary Action, Class I disciplinary report or Class II disciplinary report is required. If the determination is made that the action requires Summary Action it shall be completed as outlined in this procedure. If a disciplinary report is required, the report shall include:

A.   The specific rule (s) violated.

B.   The facts surrounding the incident. Conjecture or conclusion shall not be made by reporting staff.

C.   The names of the witnesses to the incident, if any.

D.   The disposition of any evidence involved.

E.   Any immediate action taken.

F.   The date and time of the offense.

G.   The signature of the reporting staff member.

The disciplinary report should be submitted before the end of the shift, and must be submitted within 24 hours. All staff members listed as witnesses on the disciplinary report should submit an Incident Report (Form 404). These reports will be turned in to the Watch Commander.

| STATE OF DELAWARE | PROCEDURE NUMBER: | PAGE: |
|---|---|---|
| BUREAU OF PRISONS | 4.2 | 4  OF  18 |
| SUBJECT: RULES OF CONDUCT | | |

The Watch Commander reviews the disciplinary report to
determine if the report is complete.   The Watch Commander or
designee determines if the violation is a Class I or Class II
offense. If the violation is one designated as requiring
pre-hearing detention, the Watch Commander or designee
(Lieutenant or higher) reviews the report with the inmate and
records the inmate's statement about the charges on the form.
This should be done at the time of or soon after the inmate is
moved to pre-hearing detention.

For other Class I or II the Watch Commander or designee Lead
Worker Class II, Lieutenant or higher Class I will review the
report with the charged inmate, record the inmate's statement
about the charges and provide the inmate with a copy of the
disciplinary report.  This will normally be done on the shift
the report is written or within 24 hours if circumstances do
not permit it.  In all cases the report will be provided to
the inmate at least 24 hours before the hearing.

Inmates assigned to pre-hearing detention will have their
Class I hearing not less than 24 hours nor more than 72 hours
(excluding weekends and holidays) after placement in pre-
hearing detention.

**PRE-HEARING DETENTION:** The following offenses are considered
serious and should require automatic pre-hearing detention:

A.   Arson

B.   Assault

C.   Engaging in a Riot

D.   Escape and Attempt to Escape

E.   Felony

F.   Fighting

G.   Homicide

H.   Inciting to Riot

I.   Restraint

J.   Sexual Assault

| STATE OF DELAWARE | PROCEDURE NUMBER: | PAGE: |
|---|---|---|
| BUREAU OF PRISONS | 4.2 | 5  OF  18 |
| SUBJECT: RULES OF CONDUCT | | |

Watch Commanders may, at their discretion waive automatic pre-hearing detention.  They may impose pre-hearing detention for any Class I Offense when deemed necessary.

For any other offense not listed, the inmate may remain in his existing status unless the inmate is considered a threat to other inmates, staff, or himself sufficient to warrant pre-hearing detention.  When pre-hearing detention is ordered by the Watch Commander for offenses not listed as requiring pre-hearing detention, the Warden must review such order within 24 hours.  Failure to review pre-hearing detention may return the inmate to his previous status.  Any time spent in pre-hearing detention should be credited against any subsequent sanction imposed.  All inmates on pre-hearing detention will have their status reviewed every 24 hours.

The inmate will be given the reasons for pre-hearing detention in writing, and the inmate will have the opportunity to respond to the charges and the pre-hearing detention order.

**CLASS I HEARINGS:**

All Class I hearings will be conducted by an impartial Hearing Officer, who should not have had direct supervisory responsibility over the accused inmate during the six month period immediately preceding the hearing.  A hearing officer will be disqualified to preside over hearings in which he witnessed the incident in question, was involved in preparation of the charge, or is otherwise biased against the inmate who is the subject of the hearing.  The hearing officer will be of rank no lower than lieutenant and may be a supervisor from the nonuniformed staff.

The stipulation requiring six months of no direct supervisory contact may be waived for small facilities with inmate populations of less than 250 that lack sufficient staff of the rank of lieutenant or higher to comply with this requirement.

At the Class I Hearing, the inmate is entitled to the following:

**A.**    An opportunity to be present during the hearing, except that he may be excluded during the

| STATE OF DELAWARE | PROCEDURE NUMBER: | PAGE: |
|---|---|---|
| BUREAU OF PRISONS | 4.2 | 6  OF  18 |
| SUBJECT: RULES OF CONDUCT | | |

Hearing Officer's deliberations and at any time the inmate's behavior becomes disruptive to the proceedings. Reasons for such exclusion will be recorded in writing.

B. The accused inmate may consult with counsel or counsel substitute prior to the hearing. At the hearing, an inmate may be accompanied by a counsel substitute who may be either a staff member or an inmate approved by the Hearing Officer. The extent to which counsel substitutes may present an inmate's case at a disciplinary hearing is within the discretion of the Hearing Officer taking into consideration such factors as illiteracy and intelligence of the inmate, the complexity of the issues under consideration, and any other factors which may prevent the inmate from making a reasonable presentation on his own behalf.

C. Copies of any written information which the Hearing Officer may consider will be provided to the inmate except where disclosure of such information would be hazardous to institutional safety or could endanger the physical safety of an individual. Reasons for non-disclosure will be stated in writing.

D. An opportunity to make a statement and present documentary evidence on his behalf including written witness testimony.

E. An opportunity to call witnesses and/or present written statements on his behalf unless doing so would be irrelevant, redundant, or hazardous to institutional safety and security, or could endanger the physical safety of any individual. Such reasons for denial will be stated in writing. The Hearing Officer may also deny witnesses if the Hearing Officer stipulates to or will agree to the testimony that would have been given. Such stipulation or agreement will be made in writing.

F. An opportunity to confront and cross-examine his accuser and all adverse witnesses, unless doing so could be hazardous to institutional safety, order and security or could endanger the physical safety of the witness. Such reasons for denial will be stated in writing.

At any time during the hearing, the Hearing Officer may exclude evidence, although relevant, if its evidential value is outweighed by considerations of undue delay, waste of

| STATE OF DELAWARE<br>BUREAU OF PRISONS | PROCEDURE NUMBER:<br>4.2 | PAGE:<br>7  OF  18 |
|---|---|---|
| SUBJECT: RULES OF CONDUCT | | |

time, or needless presentation of cumulative evidence; such reasons shall be stated in writing.

At any time during the hearing, the Hearing Officer on his own motion, may order an investigation into the incident and continue the hearing at a future time.    If the hearing officer finds the facts do not support the charge but do support a different charge, he/she may change the charge and proceed with the hearing.

**DECISION AND RECORD OF FINDING:**

At the conclusion of the hearing the Hearing Officer shall announce the decision and sanction.   The decision and the evidence used to reach that decision will be put in writing and a copy will be given to the inmate.   The imposition of any of the sanctions may be suspended and the inmate may be placed upon probation for a period of time not to exceed 90 days.   No sanction shall be implemented during the period of time that a decision is under appeal.

The Hearing Officer's written record of the hearing should be completed at the hearing and include:

A.   The Hearing Officer's decision.

B.   The sanction imposed.

C.   A summary of the rationale upon which the decision and sanction were based.

D.   A list of all witnesses and a summary of their testimony.

E.   A statement as to whether the sanction is stayed during an appeal and the reasons for that decision.

F.   The date and time of the hearing.

G.   The signature of the Hearing Officer.

All hearing reports of Class I write ups resulting in a finding of guilt will be retained in the inmate's permanent record in the Records Section of the facility.

| STATE OF DELAWARE | PROCEDURE NUMBER: | PAGE: |
|---|---|---|
| BUREAU OF PRISONS | 4.2 | 14  OF  18 |
| SUBJECT: RULES OF CONDUCT | | |

** **1.29 Refusal to Participate in Classified Treatment Program**
Willfully refusing to participate in Bureau sanctioned treatment
programs

** **1.30 Refusal to comply with Sex Offender Registration
Procedures**
Willfully refusing to comply with registering as a sex offender.

**1.31 Conspiracy to Commit a Class I Offense**

**CLASS II OFFENSES:**

**2.01 Abuse of Privileges:** Willful violation of any institutional
regulation dealing with a privilege.

**2.02 Bartering:** Unauthorized buying, selling, trading, lending, or
giving of gifts. Taking, exercising control over or otherwise
using the property of another person with or without the consent
of the owner. Lending of property or anything of value with or
without the expectation of anything in return.

**2.03 Creating a Health, Safety, or Fire Hazard:** Activities which
create a situation dangerous to the health or safety of persons
within the institution or create a danger of fire within the
institution, including but not limited to dirty cell, lack of
personal hygiene, smoking in an unauthorized area, and excessive
accumulation of personal property.

**2.04 Damage or Destruction of Property Under $10:** Tampering
with, damaging or destroying property belonging to the state of
Delaware or to another person when the replacement value of such
property is less than $10.

**2.05 Disrespect:** Words, actions, or other behavior, which is
intended to harass employees, volunteers, or visitors including
cursing, abusive language, writing, or gestures directed at the
person.

**2.06 Failing to Obey an Order:** Disobeying any verbal or
written order that does not constitute a Class I violation.
Including but not limited to refusal to work and/or violation of
posted rules in the housing unit or work area where there is no
threat to institution security.

**2.07 Gambling:** Organizing or participating in wagers or
games for personal gain, money or anything of value.

**2.08 Horseplay:** Any physical contact or attempted physical
contact between two or more persons done in a jesting or
playful manner, without anger or intent to injure or
intimidate. This includes but is not limited to towel
snapping at others, body punching, or attempted physical
wrestling, etc.

**2.09 Late for Appointments/Assignments:** Late for any work
assignment, program assignment, medical appointments, etc.

| STATE OF DELAWARE | PROCEDURE NUMBER: | PAGE: |
|---|---|---|
| BUREAU OF PRISONS | 4.2 | 15  OF  18 |
| SUBJECT: RULES OF CONDUCT | | |

**2.10 Lying:**  Making a false statement to a Department of Correction staff person with intent to deceive such staff member.  This includes false information for personal gain from good time earnings or compensation.

**2.11 Off Limits:**

A.  Failing to report as prescribed to an appointed place of duty or assignment or to any other place when directed by the valid order of a staff member.

B.  Leaving without permission from an appointed place of duty or assignment or any other place.

C.  Entering or remaining in a prohibited area.

D.  Being in area for the purpose of committing a Class I violation would make Off Limits a Class I Offense.

**2.12 Possession of Money and Coin Under $1:**  Possession of money, coin, currency or other forms of legal tender under $1.

**2.13 Possession of Non-dangerous Contraband:**  Possession or control of any contraband, which by its nature does not present a substantial threat to the safety of persons within the institution.  This also includes, but is not limited to, any article of clothing that is not specifically authorized to be worn and excessive accumulation of authorized items, and after January 1, 1993, cigarettes and other smoking materials.

**2.14 Unauthorized Communication:**  Any contact by letter, gesture, or verbally, with an unauthorized person or in an unauthorized manner, including but not limited to passing property on a visit either directly or through a third person, communication with a visitor through any channel other than visiting room, or unauthorized use of telephone.

**2.15 Conspiracy to Commit a Class II Offense**

**SANCTIONS:**

**CLASS I OFFENSES:**

A Class I Offense, as defined in the Definitions Section, is a rule violation in which a more severe sanction may be imposed than permitted for a Class II offense.  Sanctions which may be imposed for a Class I offense include:

A.  Loss of one or more privileges for a period of time of not more than 90 days.  The following are not considered privileges and cannot be revoked:

1.  Education

| STATE OF DELAWARE | PROCEDURE NUMBER: | PAGE: |
|---|---|---|
| BUREAU OF PRISONS | 4.2 | 16  OF  18 |
| SUBJECT: RULES OF CONDUCT | | |

3. Counseling Services

4. Drug/Alcohol Rehabilitation Programs

5. Regular Work Assignments

6. Religious Services

7. Legal Access (Law Library)

B. Confinement to assigned quarters for a period of time of not more than 15 days.

C. Isolated confinement for a period of time not more than 90 days.

D. Loss of good time up to and including all good time earned.

E. Restitution.

## CLASS II OFFENSES

A Class II Offenses, as defined in the Definitions Section, is a rule violation in which the extent of the sanctions to be imposed shall be restricted to:

A. Written reprimand.

B. Loss of one or more privileges for a period of time of not less than 24 hours but not more than 5 days. The same list of programs that cannot be revoked as listed on page 15 under sect A of Sanctions for Class I Offenses apply for this section.

C. Confinement to assigned quarters for a period of time not to exceed 5 days.

D. Summary Action.

E. By mutual agreement the inmate may be assigned extra work assignments in lieu of any other sanction for a Class II offense.

| STATE OF DELAWARE | PROCEDURE NUMBER: | PAGE: | |
|---|---|---|---|
| BUREAU OF PRISONS | 4.2 | 17 OF | 18 |
| SUBJECT: RULES OF CONDUCT | | | |

## IMPOSITION OF SANCTIONS:

A. Where an offense constitutes both a rule violation and a criminal offense under state or federal statute, the inmate may receive internal disciplinary action and receive up to the maximum sanction. In addition the inmate may be referred for criminal prosecution and receive whatever sanction a court may impose.

B. Any combination of authorized sanctions for a specific class violation may be imposed for a single violation. Such combination of sanctions must be imposed concurrently; i.e., 5 days isolation and 15 days cell confinement, the inmate would serve 5 days in isolation and 10 days on cell confinement for a total of 15 days.

C. Consecutive sanctions may not be imposed except for separate violations. When a single incident contains more than one separate violation, the inmate may be disciplined for each. Sanctions may be imposed for each violation to run concurrently.

D. When imposing sanctions, the Hearing Officers should consider the full range of penalties in each case and make the penalty fit the particular offense. The least sanction necessary to obtain compliance with the rules is intended.

E. Forfeiture of accumulated good time is subject to the approval of the Warden.

F. A finding of guilt on a Class I offense can be grounds for reclassification to more secure confinement.

G. The Hearing Officer will place a check mark in the "Offender Present" block of the DACS Disciplinary Hearing screen to confirm that the offender was present during all phases of the Disciplinary Process and the offender was notified of the sanction imposed upon him, and his right to appeal. The inmate's signature is not required on any form during the Disciplinary Process.

## RESTITUTION:

A. The Hearing Officer may order restitution for the cost of property that has been taken, damaged or destroyed by an inmate where such property is not recovered in the same condition as existed prior to the taking.

| STATE OF DELAWARE | PROCEDURE NUMBER: | PAGE: |
|---|---|---|
| BUREAU OF PRISONS | 4.2 | 18   OF   18 |
| SUBJECT: RULES OF CONDUCT | | |

B.   Where the Hearing Officer has found the existence of such a rule violation and ordered that restitution be made, and such order has not been reversed on appeal, the administrative officer of the institution shall enforce the order by attaching the inmate's account for the amount of restitution ordered. Where the account has no funds, it will be attached for 1/2 all income until the judgment is paid.

C.   The amount of restitution ordered shall be the replacement value of the item taken, damaged or destroyed.

**SUMMARY ACTION:**

A.   Upon observing inmate misconduct staff may determine that it is a minor offense properly responded to by an immediate revocation of one or more privileges or confinement to assigned quarters for a period of time not to exceed twenty-four hours. The employee will notify the Unit Supervisor when placing Summary Action on an inmate. Summary Actions will be entered into DACS; however, they will not be considered in future Classification or Disciplinary Processes.

B.   When an inmate commits a rule infraction that is a Class II Offense, the staff requesting Summary Action will write a Form A25.  The inmate will be called into the office and informed of the sanction which shall be up to 24-hour loss of all privileges, 24-hour cell confinement or up to 24 hours extra work.  The inmate will sign the A25 indicating that he/she accepts the sanction.  If he/she refuses to sign, a Class II disciplinary report will be written in lieu of summary action.

All Wardens should develop facility SOPs to implement this procedure. These SOPs may not deviate from the general format of this procedure, but may allow for the unique differences between facilities.

Inmates may be administratively transferred pending classification or reclassified to more restrictive security levels for violations of the Rules of Conduct.  This may occur through an accumulation of a combination of Class I and/or Class II offenses or a single serious offense.

| STATE OF DELAWARE<br>BUREAU OF PRISONS | PROCEDURE NUMBER:<br>4.2 | PAGE:<br>8  OF  18 |
|---|---|---|
| SUBJECT: RULES OF CONDUCT | | |

**CLASS II HEARINGS:**

Class II hearings shall be held by the Unit Supervisor/Lead Worker on the shift that the Class II violation occurred.

At the Class II Hearing, the inmate is entitled to the following:

**A.** An opportunity to be present during the hearing.

**B.** An opportunity to make a statement and present documentary evidence.

Unless the Unit Supervisor/Lead Worker feels additional testimony is necessary, his decision may be based on the disciplinary report, the statement of the inmate, and any other relevant information presented at the hearing.

The Unit Supervisor/Lead Worker will state in writing, utilizing the Disciplinary Hearing Report Form; his findings, the rationale, and the sanctions imposed. The inmate will receive a copy of the written decision and will be advised of his right of appeal. All hearing reports of Class II write ups resulting in a guilty finding will be placed in to the housing unit's working file. An inmate working file shall be forwarded to any facility/unit that an inmate is transferred to.

Three guilty findings for the same Class II offense in a six-month time period will automatically convert the fourth same offense to a Class I hearing.

**APPEALS:**

The inmate will be advised of his/her right to appeal the decision of the Class I Hearing Officer to the Warden or Warden's Designee and will be provided with an appeal form presented from the DACS Disciplinary Module. The inmate will be advised of his right to appeal the decision of the Class II Hearing to a Class I Hearing Officer.

All appeal forms must be completed and forwarded to the Hearing Officer within 72 hours of the inmate receipt of the written record of the hearing. FAILURE TO COMPLY WITH THIS TIME  LIMIT WILL CONSTITUTE GROUNDS FOR DISMISSAL OF THE APPEAL.

| STATE OF DELAWARE | PROCEDURE NUMBER: | PAGE: |
|---|---|---|
| BUREAU OF PRISONS | 4.2 | 9 OF 18 |
| SUBJECT: RULES OF CONDUCT | | |

Upon filing of the appeal form, the Hearing Officer shall grant a stay of any sanction imposed at the disciplinary hearing until an appeal decision is rendered. If no appeal form is filed within the stated time period or the inmate indicates in writing that he does not intend to appeal, the sanction shall be implemented.

All appeals of Class I offenses will be heard by the Warden or Warden's Designee. All appeals of Class II offenses will be heard by a Class I Hearing Officer. The appeal decision will be in writing and should be rendered within ten (10) working days of receipt of the appeal. A copy of the appeal decision goes to the inmate.

The official hearing the appeal may affirm the decision, reverse the decision, or remand the decision back to the Hearing Officer for further proceedings. Sanctions may be reduced but not increased.

If for any reason an inmate is found not guilty of an offense, Class I or Class II, it shall be so noted in DACS.

## PROCEDURES FOLLOWING CRIMINAL MISCONDUCT:

Upon the determination of the Watch Commander or the Hearing Officer that an inmate has committed a state or federal criminal offense, the Warden or his designee will be notified. The proper law enforcement authority will then be notified. Administrative disciplinary proceedings may be pursued in addition to possible criminal prosecution. Any disciplinary hearing for this alleged offense will be conducted in accordance with this procedure, and the inmate will be advised that he may choose right to remain silent in the hearing and that his silence will not be construed adversely against him at the hearing.

## PROCEDURES FOLLOWING AN EMERGENCY:

In the event of an institutional disruption, which requires emergency action, any or all portions of these regulations may be temporarily suspended by the Warden in writing. Any inmate involved in the emergency may be detained without a hearing throughout the course of the emergency. Upon the restoration of order, all inmates who were detained will be disciplined in accordance with this procedure.

| STATE OF DELAWARE | PROCEDURE NUMBER: | PAGE: |
|---|---|---|
| BUREAU OF PRISONS | 4.2 | 10 OF 18 |
| SUBJECT: RULES OF CONDUCT | | |

**CLASS I OFFENSES:**

**1.01 Arson:** Intentionally or recklessly starting a fire or causing an explosion. Inmate may also be referred for criminal prosecution.

**1.02 Assault:** Physical attack on or intentional contact of another person by one or more persons, done either in anger, or with the purpose of abusing or injuring another; striking with feces, urine, or other physical objects; physical resistance of or interference with an employee. Injury is not necessary but contact is. Inmate may also be referred for criminal prosecution.

**1.03 Bribery:** Giving, offering or promising anything of value to any employee, volunteer, visitor, or person or organization conducting business with the BOP:

**A.** To influence any act within the realm of responsibility of said person.

**B.** To induce said person or persons to do or omit from doing any act in violation of their responsibility.

**1.04 Damage or Destruction of Property (over $10):** Any destruction, removal, alteration, tampering, or other misuse of property belonging to the state of Delaware or to another person when the replacement value of such property exceeds $10. This includes but is not limited to tampering with or blocking any security or locking device, breaking windows, destroying blankets, clothing, or mattresses.

**1.05 Demonstrations (Strike):** Inciting or urging two or more inmates to engage in a disturbance involving non-violent conduct which substantially disrupts the normal functioning and operation of the institution. Participating in a disturbance involving nonviolent conduct, which substantially disrupts the normal functioning and operation of the institution.

**1.06 Disorderly or Threatening Behavior:** Words, actions, or other behavior expressing any intent to injure, which intends to place another in fear of being assaulted. This includes, but is not limited to attempted assault, threats of

| STATE OF DELAWARE BUREAU OF PRISONS | PROCEDURE NUMBER: 4.2 | PAGE: 11 OF 18 |
|---|---|---|
| SUBJECT: RULES OF CONDUCT | | |

sexual assault made by one inmate to another, or writing threatening letters to another person.

**1.07 Engaging in a Riot:** Participating in a riot, which is in existence at the time of this act. However, an inmate who is merely present at the scene of an ongoing riot is not guilty of an offense under this section, provided that he moves to a designated area after being directed to by proper authority. Inmate may also be referred for criminal prosecution.

**1.08  Escape and Attempt to Escape:** Leaving or attempting to leave the confines of an institution or from official custody while beyond the confines of the institution, or failing to return to official custody within an institution following temporary release from an institution.  Inmate may also be referred for criminal prosecution.

**1.09 Extortion, Blackmail or Protection:** Demanding of or receiving from another person, anything of value in return for protecting that person from others or refraining from committing bodily injury or sexual assault on that person.

**1.10 Failure to Abide by Sanctions or Conditions of a Class I or II Disciplinary Disposition:** Breaking a condition of restitution or other sanction.

**1.11 Falsifying Physical Evidence and/or Influencing a Witness:** While believing that an official proceeding or an official investigation is pending or about to be instituted:

A. Altering, destroying, concealing or removing anything with intent to impair its authenticity or availability in such proceeding or investigation.

B. Presenting or using anything knowing it to be false, with intent to deceive staff or anyone who is or will be a member of such proceeding or investigation.

C. Attempting to cause a witness to testify falsely or to withhold any testimony or information or other evidence.

D. Committing any act prohibited by these rules in retaliation for anything done by another p person in his capacity as a witness.

| STATE OF DELAWARE BUREAU OF PRISONS | PROCEDURE NUMBER: 4.2 | PAGE: 12 OF 18 |
|---|---|---|
| SUBJECT: RULES OF CONDUCT | | |

**E.** Soliciting, accepting or agreeing to accept any benefit
in return for providing false testimony or information
or withholding any testimony or information or other
evidence.

**1.12 Felony:** Any act that would be a felony under state or
federal law is also a major misconduct. Inmate may also be
referred for criminal prosecution.

**1.13 Fighting:** Physical confrontation between two or more
persons, including a swing and miss, done with anger or
intent to injure. This includes fights between
inmates, whether with fists, broom handles, weapons, or other
physical objects.

**1.14 Forgery, Counterfeiting:** Unauthorized reproduction of
any signature, document, article of identification, money,
security, or official papers; knowingly possessing a
falsified or altered document; altering or falsifying
document with the intent to deceive or defraud.

**1.15 Giving a False Alarm:** Willfully communicating a false
report concerning a fire, explosion, or other catastrophe or
emergency where the report is likely to cause the evacuation
of a building or to cause the staff to respond in alarm.

**1.16 Homicide:** Causing the death of another person by any
means. Inmate may also be referred for criminal prosecution.

**1.17 Inciting to Riot:** Inciting or urging a group of two or
more inmates to engage in a current or pending riot or
commanding, directing, instructing, or signaling a group of
two or more inmates to cause, continue or enlarge a riot. A
"riot" is a disturbance involving an assemblage of three or
more persons whose conduct creates a threat of damage or
injury to property or persons and disrupts the normal
functioning of the institution. An inmate may be found
guilty of Inciting to Riot even where no riot actually
occurs as a direct or indirect result of his urging.
Inmates may also be referred for criminal prosecution.

**1.18 Possession of Dangerous Contraband:** Unauthorized
possession of weapons, physical objects that could be used
as weapons, explosives, acids, caustics, materials for
incendiary devices or escape materials; possession of
"critical" tools and material or dangerous tools and

| STATE OF DELAWARE | PROCEDURE NUMBER: | PAGE: |
|---|---|---|
| BUREAU OF PRISONS | 4.2 | 13 OF 18 |
| SUBJECT: RULES OF CONDUCT | | |

materials.  This includes but is not limited to gasoline, sulfuric acid, lye, prison-made knives, and pipe bombs. After 1/1/93, matches and lighters are added to this list.

**1.19 Possession of Money and Coin Over $1:**  Possession of money, coin, currency or other forms of legal tender such as certificates of deposit, stocks, or bonds.

**1.20 Possession of Staff Clothing:**  Possession of any article of clothing which is identifiable as part of or an accessory to the Department of Correction staff uniform.

**1.21 Receiving Stolen Property:**  Receiving or possessing property of another person knowing that it has been stolen or believing that it has probably been stolen.

**1.22 Refusal to Cooperate in Drug-Abuse Testing:**  Willfully refusing to provide a urine sample, to breathe into a breathalyzer or to participate in other drug-abuse testing.

**1.23 Restraint:**  Willfully restraining another person under circumstances, which may expose the other person to a risk of bodily injury.  This includes, but is not limited to kidnapping or the taking of a hostage.  Inmate may also be referred for criminal prosecution.

**1.24 Sexual Assault:**  Sexual contact with another person without that person's consent, including but not limited to rape, intentional touching of sexual areas (buttocks, breasts, genitals) without consent, kissing or embracing      without consent of one who is kissed or embraced.  Inmate    may also be referred for criminal prosecution.

**1.25 Sexual Misconduct:**  Sexual contact with another person with that person's consent; indecent exposure; excessive kissing, hugging or unauthorized touching of visitors; and possession of wearing apparel designed for the opposite sex.

**1.26 Substance Abuse:**  Possession, use, selling, introduction, or under the influence of any intoxicant, inhalant, controlled substance or imitation, or any other     substance which may be used to cause a condition of         intoxication; possession of excessive amounts of ingredients used for the manufacture of alcoholic beverages, possession of drug paraphernalia including but not limited to such       items as needles, syringes, roach clips, pipes, etc.

**1.27 Theft:**  Any unauthorized taking of property.

**1.28 Refusal to Cooperate in DNA Testing:**  Willfully refusing to provide a blood sample as required to comply with Federal or State Court sanctioned testing.

October 11, 2006

James St.Louis, 446518
22
AU5

I will be preparing your classification this month. Building 21 is maximum security.
Let's talk about that more at classification. I will leave my recommendation blank until
we talk.

Per your request, here is your breakdown for classification.

6 – Severity of offense

0 – Open charges

0 – Escapes

0 – Age

0 – Prior convictions 10 years prior to the start date of this sentence

2 – Points for number of write-ups in the last 18 months

3 – Points for most severe write-up in the last 5 years

2 – Points for programming/not programming, working or being terminated from work

3 – Points for time remaining on your sentence.

The total points are 16 points with a review of 06/07. However, I have approval to
review your classification this month. Counselor McMahon and Lt. Porter were on the
MDT of that classification.
Thank you, and see you soon.

Cindy Atallian
Counselor – 22

I/M George Mr. Jones Jr.
SBI# 464518 UNIT W-18 east
DELAWARE CORRECTIONAL CENTER (E-17)
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Legal
Mail

Office of the Clerk
United States District Court
844 N. King Street Lockbox 18
Wilmington, Delaware
19801-3570



UNITED STATES POSTAL
$ 06.65°
02 1A
0004809875
MAILED FROM ZIPCODE 1997