IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES ST. LOUIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. Action No. 06-236-SLR |
| ) | |
| LT. CHERYL MORRIS, DIR. CHRIS ) | |
| KLEIN, ADMINISTRATOR MICHAEL ) | |
| KNIGHT, LT. LEGATES, LT. LEHMAN, ) | |
| SGT. JOHNSON, and SGT. BORING, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

At Wilmington this 8th day of June, 2007, having considered plaintiff's pending motions;

IT IS ORDERED that:

1. Plaintiff's motions to appoint counsel are **denied**. (D.I. 16, 26, 30) A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. See Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). It is within the court's discretion to seek representation by counsel for plaintiff, and this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be

appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

2. After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and
> (6) whether the case will require testimony from expert witnesses.

Tabron, 6 F.3d at 155-57; accord Parham, 126 F.3d at 457; Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002).

3. In his motions for appointment of counsel, plaintiff states that he is unable to afford counsel, counsel is needed to pursue this action and, he is limited by his imprisonment. (D.I. 26, 30) He avers that extensive discovery will be necessary and that the assistance of counsel is required to navigate the discovery rules.

4. It is evident from his filings that plaintiff possesses the ability to adequately pursue his claims. Upon consideration of the record, the court is not persuaded that appointment of counsel is warranted at this time.

5. Plaintiff's motion to consolidate and add defendants is **denied**. (D.I. 27) Plaintiff moves to consolidate this case with Civ. Action No. 06-641-SLR and to add new defendants. (D.I. 27) Civ. Action No. 06-641-SLR was dismissed as malicious on December 18, 2006, and the case remains closed.

6. Plaintiff's motion for a more definite statement is **denied**. (D.I. 31) The Rules of Civil Procedure allow motions for more definite statements for pleadings to which a responsive pleading is permitted. Fed. R. Civ. P. 12(e). Replies are not filed to answers to a complaint. Additionally, defendants' answer is not vague or ambiguous. Finally, any questions plaintiff may have regarding the answer may be addressed through the formal discovery process.

7. Plaintiff's motion to compel investigation is **denied**. (D.I. 32) Plaintiff seeks discovery on issues related to his criminal conviction and which is irrelevant to the present case. The pending case is a civil rights action filed pursuant to 42 U.S.C. § 1983, unrelated to his criminal conviction.

8. Plaintiff's motion to amend pleading is **denied**. (D.I. 34) Amendment is futile inasmuch as the proposed amendment does not state a claim upon which relief can be granted. While not clear, it appears that plaintiff wishes to amend his complaint to either add a claim for violation of his right to due process with regard to grievances he filed or as to a disciplinary action filed against him. He also wishes to add five new defendants, but the proposed amendment does not hint at any alleged personal involvement by the proposed defendants.

9. "After amending once or after an answer has been filed, the plaintiff may amend only with leave of the court or the written consent of the opposing party, but 'leave shall be freely given when justice so requires.'" Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (quoting Fed. R. Civ. P. 15(a)). The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be

decided on the merits rather than on technicalities." Dole v. Arco Chemical Co., 921 F.2d 484, 486-87 (3d Cir. 1990) (citations omitted). Amendment, however, is not automatic. See Dover Steel Co., Inc. v. Hartford Accident and Indem., 151 F.R.D. 570, 574 (E.D.Pa. 1993). Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962); See also Oran v. Stafford, 226 F.3d 275, 291 (3d Cir. 2000). Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 468 (D.N.J. 1990).

10.   When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). The amendment fails to allege any personal involvement on behalf of the proposed new defendants.

11.   Prisoners possess the constitutional right of meaningful access to the courts. See Bounds v. Smith, 430 U.S. 817, 821 (1977). Although prisoners have a constitutional right to seek redress of grievances as part of their right of access to courts, this right is not compromised by the failure of prison officials to address these

grievances. Booth v. King, 346 F.Supp.2d 751,761 (E.D. Pa. 2004). This is because inmates do not have a constitutionally protected right to a grievance procedure. Burnside v. Moser, No. 04-4713, 138 Fed. Appx. 414, 416 (3d Cir. 2005) (citations omitted). Nor does the existence of a grievance procedure confer prison inmates with any substantive constitutional rights. Hoover v. Watson, 886 F.Supp. 410, 418-419 (D. Del.), aff'd 74 F.3d 1226 (3d Cir.1995).

12.     This court previously ruled that plaintiff's due process claim as the disciplinary action failed to state a claim upon which relief could be granted. See D.I. 6. The proposed amendment is essentially the same as the dismissed due process claim with the exception that plaintiff now refers to the 138 days he spend in MHU (i.e., Medium-High Housing Unit), and his change in housing status and classification. Plaintiff's proposed amendment is unsuccessful. The transfer of a prisoner from one classification is unprotected by "the Due Process Clause in and of itself," even though the change in status involves a significant modification in conditions of confinement. Hewitt v. Helms, 459 U.S. 360, 468 (1983) (citation omitted); Moody v. Daggett, 429 U.S. 78 (1976 ); see also Lott v. Arroyo, 785 F.Supp. 508, 509 (E.D. Pa. 1991) (plaintiff transferred from group home to correctional facility had no constitutionally enforceable right to participate in work release program); Brown v. Cunningham, 730 F.Supp. 612 (D. Del.1990) (plaintiff's transfer from general population to administrative segregation, without being given notice and opportunity to challenge it, was not violation of plaintiff's liberty interest).

_____
UNITED STATES DISTRICT JUDGE