# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES ST. LOUIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 06-236-SLR |
| | ) | |
| LT. CHERYL MORRIS, et al, | ) | JURY TRIAL REQUESTED |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S
## REQUEST FOR DISCOVERY MATERIALS

Defendants Sheryl Morris, Christopher Klein, Michael Knight, Harry Legates, Eric Lehman, Andre Johnson and Mary Boring ("Defendants") hereby respond to Plaintiff's Request for Discovery Materials ("Request for Production"):

## GENERAL OBJECTIONS

1.      Defendants object to the Request for Production to the extent that it seeks information or documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

2.      Defendants object to the Request for Production to the extent that it purports to require supplementation of these responses beyond that required by Federal Rule of Civil Procedure 26(e).

3.      Defendants object to the Request for Production to the extent that it purports to place duties upon them not set forth in, or contemplated by, the Federal Rules of Civil Procedure.

4.      Defendants object to the Request for Production to the extent that it purports to seek information or documents not in their possession, custody or control.

1

5.      Defendants object to the Request for Production to the extent that it seeks the production of documents equally available to Plaintiff or Plaintiff's counsel.  Such documents will be identified by Defendants, but will not be produced.

6.      Defendants object to the Request for Production to the extent that it purports to require production of information or documents which are impractical or unduly burdensome to reproduce.

7.      Defendants object to the Request for Production to the extent that it seeks the production of documents generated by or received from counsel for Defendants in connection with this litigation on or after the date of the acceptance of representation on the grounds that such documents are protected by attorney-client and work product privileges.

## RESPONSES

Subject to, and without waiver of the foregoing General Objections and those set forth in Defendants' Responses, Defendants respond, after a reasonable search, and subject to supplementation, as follows:

1.      Request notice of any deals, promises, promotions, reassignments or inducements made to witnesses or defendants in exchange for testimony.

**RESPONSE:**  Objection.  Defendants do not understand this Request.  To the extent that Plaintiff is alleging that Defendants have attempted to induce inmates or other witnesses to give false testimony, that allegation is denied.

2.      Requesting notice of any immunity given to any defendant for supplying contraband in the form of doughnuts, pizza, fried chicken, lasagna, or any type of food brought in and given to inmates along with income tax forms to fill out and charge

inmates for doing their taxes in exchange for testimony.

**RESPONSE:** See Response to Request No. 1.

3.    Request notice of any immunity given to defendants or witnesses involved in soliciting individuals to "encourage" plaintiff to drop the case at hand.

**RESPONSE:** Objection. Defendants do not understand this Request. To the extent that Plaintiff is alleging that Defendants have attempted to "encourage" Plaintiff to dismiss the instant action, that allegation is denied.

4.    Listing job descriptions and duties of kitchen inmate personnel and who does job assignments and duties at the relevant time of this litigation.

**RESPONSE:** Objection. This Request is vague, overly broad and unduly burdensome. Further objection that this Interrogatory has no relevance to Plaintiff's claims, requests information beyond the scope of Rule 26, and is not designed to lead to the discovery of admissible evidence. Without waiving these objections, see the job descriptions for Head Cook and Second Cook, the positions allegedly held by Inmate Govan and Plaintiff, attached hereto.

5.    Names, addresses, and phone numbers of each individual likely to have discovery information that the disclosing party may use to support its claims or defenses, unless solely for impeachment identifying the subjects and information.

**RESPONSE:** The individual named defendants have information that may be used in support of their defenses. Defendants may be contacted through undersigned counsel.

6.    Copy of or description by category and locations of all documents electronically stored information and tangible things that are in the possession, custody or content of the party and that the disclosing party may use to support its claims or defenses

unless solely for impeachment.

**RESPONSE:** Objection. This Request seeks production of information protected from discovery by 11 *Del. C.* § 4322. Without waiving this objection, see Incident Report, Disciplinary Report and related paperwork attached hereto.

7.      Disclosure of any identities of any person who may be used at trial to present evidence under Rules 702, 703 and/or 705 of the F.R.E.

**RESPONSE:** Defendants have not yet retained any experts in this matter but reserve the right to do so.

8.      Expert witnesses with a complete statement of all opinions to be expressed and the basis and reason therefore; data or other information considered by the witness in forming the opinion; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness(es) including a list of all publications authored by the witness within the preceding 10 years compensation to be paid for the study and testimony.

**RESPONSE:** See Response to Request No. 7.

9.      Deals, immunity, and promises given anyone during the D.O.C. investigation and report of the solicitation from Sgt. Johnson to inmates to coerce plaintiff to end this subject matter; along with the record filed on these charges by Lt. DeJesus and his investigation/report to the prison.

**RESPONSE:** Objection. Defendants do not understand this Request. To the extent that Plaintiff is alleging that Defendants attempted to "coerce" Plaintiff to dismiss the instant action, that allegation is denied. Further objection that this Interrogatory has no relevance to Plaintiff's claims, requests information beyond the scope of Rule 26, and is

not designed to lead to the discovery of admissible evidence.  Further objection that this Request seeks production of information protected from discovery by 11 *Del. C.* § 4322.

10.     List of insurance company and any relevant policy numbers; also a copy of the policy.

**RESPONSE:**  There is no insurance policy.

11.     List of any and all civil suits in the past 10 years involving any and/or all defendants including the name and location of the court(s), caption(s), outcome(s), disposition of the case(s), and a certified docket sheet for any and all case(s).

**RESPONSE:**  Objection.  This Interrogatory has no relevance to Plaintiff's claims, requests information beyond the scope of Rule 26, and is not designed to lead to the discovery of admissible evidence.  Without waiving this objection, see Defendants' Responses to Interrogatories.

12.     All grievances, complaints, or other correspondence relating to, regarding or arising out of the incidents alleged in Plaintiff's Complaint, including, but not limited to, all grievances or complaints submitted by Plaintiff to Department of Correction personnel, responses thereto, and any related correspondence between Plaintiff and Department of Correction personnel.

**RESPONSE:**  See grievance attached hereto.  In further response, see documents produced by Plaintiff.

13.     All correspondence relating to, regarding or arising out of the incidents alleged in Plaintiff's Complaint, including, but not limited to, any correspondence between friends or family members of Defendants or other inmates, and Department of Correction personnel.

**RESPONSE:**  See documents produced by Plaintiff.

14.    Any statements, declarations, petitions, or affidavits relating to, regarding or arising out of the incidents alleged in Plaintiff's Complaint and any statements, declarations, or affidavits of Plaintiff, other inmates, or witnesses to the allegations in the Complaint.

**RESPONSE:**  See documents produced by Plaintiff.

15.    All criminal records for all defendants in any State and/or Foreign Country including the State of Delaware.

**RESPONSE:**    Objection.    This Interrogatory has no relevance to Plaintiff's claims, requests information beyond the scope of Rule 26, and is not designed to lead to the discovery of admissible evidence.    Without waiving this objection, see Defendants' Responses to Interrogatories.

16.    Any and all grievances filed against any of the defendants and/or disciplinary actions by internal investigations, including the type of filing (grievance, write-up from another officer, an internal investigation, etc.), case number(s), outcome(s), dispositions(s), and certified documentation as to authenticity.

**RESPONSE:**    Objection.    This Interrogatory has no relevance to Plaintiff's claims, requests information beyond the scope of Rule 26, and is not designed to lead to the discovery of admissible evidence.

17.    All medical and/or mental health records for all defendants for the past 20 years, including any that were possibly performed while being at a D.O.C. facility unofficially and/or personally.

**RESPONSE:**    Objection.    This Request seeks production of information which is

confidential and protected from disclosure pursuant to the Health Insurance Portability and Accountability Act ("HIPAA").  Further objection that this Interrogatory has no relevance to Plaintiff's claims, requests information beyond the scope of Rule 26, and is not designed to lead to the discovery of admissible evidence.

18.    Any and all documents directly or indirectly involved with this litigation that the defendants may have in their possession which would be deemed evidence.

**RESPONSE:**  Objection.  This Request is vague, overly broad and unduly burdensome. Without waiving this objection, see documents produced herewith.

19.    Any and all document(s) referenced or identified in Plaintiff's Responses to Interrogatories served that may contain different and/or the same information, signatures, personal notes written on them, any investigations performed in connection with this litigation and any and all write-ups filed against plaintiff in connection with this litigation.

**RESPONSE:**  Objection.  This Request is vague, overly broad and unduly burdensome. Further objection that this Request seeks production of information protected from discovery by the attorney-client privilege and/or the work product doctrine.  Without waiving these objections, see documents produced herewith.

20.    A complete institutional file including classifications, write-ups, and any information used to make any determinations including presentence reports that the Delaware Department of Corrections has in their possession or had in their possession.

**RESPONSE:**  Objection.  This Request seeks production of information protected from discovery by 11 *Del. C.* § 4322.  Further objection that this Interrogatory has no relevance to Plaintiff's claims, requests information beyond the scope of Rule 26, and is

not designed to lead to the discovery of admissible evidence.  Without waiving these

objections, see documents produced herewith and documents produced by Plaintiff.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Eileen Kelly
Eileen Kelly, I.D. No. 2884
Deputy Attorney General
Carvel State Office Building
820 North French Street, 6th fl.
Wilmington, DE 19801
(302) 577-8400
eileen.kelly@state.de.us
Attorneys for Defendants

Dated:  August 9, 2007

### CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2007, I electronically filed *Defendants'*

*Response to Plaintiff's Request for Discovery Materials* with the Clerk of Court using

CM/ECF.  I hereby certify that on August 9, 2007, I have mailed by United States Postal

Service, the document to the following non-registered party.

James St. Louis, Inmate
SBI#446518
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE  19977

                                                          /s/ Eileen Kelly
                                                          Eileen Kelly, ID#2884
                                                          Deputy Attorney General
                                                          Department of Justice
                                                          820 N. French St., 6th Floor
                                                          Wilmington, DE 19801
                                                          (302) 577-8400
                                                          eileen.kelly@state.de.us

# CONTRACT FOR HEAD COOK

*( Salary $0.44hr )*

NAME:_____     D.O.H._____

SS#_____     SBI#_____

POSTING#_____     DAYS OFF:_____

## Minimum Qualifications:

| Skills: | Knowledge: | Abilities: |
|---|---|---|
| * Instructing and Training individuals<br>* English<br>* Menu and ingredients modifications<br>* Leadership, Preparation, & Organizational Skills, must be Assertive<br>* Communicate effectively both in writing and orally<br>* Math & Measurements<br><br>* Work with little supervision | * Managing the operations of institutional kitchens<br>* Large scale kitchen machinery<br>* Master menu, portion control and recipes<br>* Marterials, methods and equipment used in volume food planning and preparation<br>* Cleaning and sanitizing practices and regulations<br>* Large scale food preparation policies and practices<br>* All H.A.C.C.P and Serv Safe requirement/practices | * Read and comprehend master menu<br>* Work as a team player<br>* Recogonize potential safety and sanitation issues/problems<br>* Organize operations and distribute food in a timely manner, this is a must<br>* Maintain large equipment & Lift a minimum of 25 pounds<br>* Delegate duties and supervise large scale kitchen operations<br>* To provide procedural guidance to the inmate workstaff engaged in the preparation and serving of meals, sanitation of the kitchen, and H.A.C.C.P procedures |

*You must meet minimum qualifications*

## Job Duties:

* Report to work promptly with clean uniform and hairnet intact.
* Wash hands for 20 seconds with hot soapy water.
* Direct all aspects of large scale kitchen food preparation/serving operations.
* Monitor all aspects of equipment usage and maintenance.
* Monitor equipment and report damage /repair to supervisor / monitor utility/knife usage.
* Monitor the timely storage and preparation of food items according to the master menu.
* Comply with all food preparation policies, practices, and regulations.
* Methods and techniques of determining work practices in the food service area.
* Training of the inmate work staff for eventual advancement in food service.
* Inspect the cleaning and sanitizing of entire kitchen facility.
* Ensure that proper food items are requisitioned for meal preparation / provide sample meal to C/O staff.
* All other duties as required/but are not limited to:

*You will be evaluated quartly throughout the year. If you do not meet the requirements and expectations of the contract you can be pulled from your current position and placed into one more suitable for you.*

You are eligible to move up to a Level II position if you meet the following criteria

Criteria :
In order to move from one Level I to Level II, worker must:
- satisfactory complete probationary period of 1year.
- no write ups/disciplines in inmates institutional file for prior 6 months.
- recommended by DOC staff.
- satisfactorily pass 24 hour in-service training in Safe Serv Course.
- good personal hygiene, including clean, neat uniform.
- ladder step movement results in a $0.02 hour increment

Signature:_____     Date:_____

Cpl. Cook's Signature:_____

# CONTRACT *FOR 2nd COOK*

*( Salary $0.36hr )*

NAME:_____          D.O.H._____

SS#_____          SBI#_____

POSTING#_____          DAYS OFF:_____

| Minimum Qualifications: | | |
|---|---|---|
| **Skills:**<br><br>*\* Menu and ingredient modifications*<br>*\* Preparation, Leadership, & Organizational Skills*<br>*\* Communicate effectively both in writing and orally*<br>*\* Math & Measurements*<br><br>*\* Basic English* | **Knowledge:**<br><br>*\* Large scale kitchen operations and machinery*<br>*\* Master menu, portion control and recipes*<br>*\* Cleaning and sanitizing practices and regulations*<br>*\* Large scale food preparation policies and practices*<br>*\* H.A.C.C.P and Serv Safe requirements/practices* | **Abilities:**<br><br>*\* Delegate duties and supervise large scale kitchen operations.*<br>*\* Organize operations & distribute food in a timely manner.*<br>*\* Work as a team player and with little supervision.*<br>*\* Maintain large equipment & Lift a minimum of 25 pounds.*<br>*\* Recognize potential safety & sanitation issues/problems.*<br>*\* Read & Comprehend master menu.*<br>*\* Work closely with and take instruction from senior staff* |

*You must meet minimum qualifications*

## Job Duties:

\* Report to work promptly with clean uniform and hairnet intact.

\* Wash hands for 20 seconds with hot soapy water.

\* Direct supervision of food preparation for specialized areas (salad prep; veg prep; & baking).

\* Monitor, portion control and timely food distribution.

\* Monitor, set-up and maintain all equipment & Monitor proper usage and handling of knifes.

\* Monitor master menu and ensure food items are available.

\* Complying with all food preparation policies, practices and regulations.

\* Ensure that all required paperwork and reports are submitted daily.

\* Inspect the cleaning and sanitizing of work areas.

\* Serve as the head cook in her/his absence.

\* Ensure that proper food items are requisitioned for meal preparation.

\* All other duties as required/but are not limited to:

*You will be evaluated quartly throughout the year. If you do not meet the requirements and expectations of the contract you can be pulled from your current position and placed into one more suitable for you.*

You are eligible to move up to a Level II position if you meet the following criteria.

Criteria :

In order to move from one Level I to Level II, worker must:
- satisfactory complete probationary period of 1year.
- no write ups/disciplines in inmates institutional file for prior 6 months.
- recommended by DOC staff.
- satisfactorily pass 24 hour in-service training in Safe Serv Course.
- good personal hygiene, including clean, neat uniform.
- ladder step movement results in a $0.02 hour increment

Signature:_____          Date:_____

Cpl. Cook's Signature:_____

| DR#<br>1022173 | | |
|---|---|---|

**DCC Delaware Correctional Center**
**Smyrna Landing Road**
**SMYRNA DE, 19977**
**Phone No. 302-653-9261**

## DISCIPLINARY HEARING DECISION

Date:03/10/2006

**Inmate** : Stlouis, James J.                    SBI#:00446518        Type:Class 1

**Institution:**DCC Delaware Correctional Center        Hearing Date: 02/23/2006    Time: 12:37

**Inmate Present:**Yes        **Reason(If No):**N/A

**Violation:** 2.01/200.105 Abuse of Privileges, 2.10/200.213 Lying

**Inmate PLEA:** Not Guilty

**Inmate Statement:** Because I didn't do what she said I did.

**Witness Name:** Greenwell, Bryon

**Testimony :** Lt. Morris state's Mr greenwell said nothing about raise for bread pudding
Sgt. johnson, Andre state's He know nothing of this bread pudding W/Raisins

**Witness Name:** Morris, Cheryl

**Testimony :** N/A

**Witness Name:** Johnson, Andre

**Testimony :** N/A

**Decision :**Guilty

**Rational :**Accuser state's I/M said he got the approved from Mr. Klein. After listen to Lt. Morris an Sgt. Johnson I find I/M Guilty
of all charges

**Sanctions:** N/A

### HEARING OFFICER'S SIGNATURE _____

Heverin, Ralph

I understand that I may appeal the decision of a Class II Hearing to the Class I Hearing Officer.I may appeal the decision of a Class I Hearing to the facility administrator.I also understand that I have 72 hours to submit my notice of appeal in writing to the Class I Hearing Officer if I am appealing a Class II Hearing decision or the Warden if I am appealing a Class I Hearing decision.

**I [X]   DO      [ ]    DO NOT INTEND TO APPEAL**

_____
**INMATE's SIGNATURE**

### ORDER TO IMPLEMENT SANCTIONS

[ ]    Inmate does not wish to appeal            [X]    Appeal has been denied by Commissioner or Designate

[ ]    Sanctions have been modified            [ ]    Time Limit(72 Hours since hearing) for appeal has expired

**It is here by ordered to implement the sanctions:**

| Sanctions | Start Date | Days | End Date |
|---|---|---|---|
| 1. Confinement to Quarter | 04/10/2006 | 5 | 04/14/2006 |

Both Boring and St. Louis said
St. Louis said meal was OK.
  St. Louis said nothing about raisins
Boring said St. Louis said raisins were OK

Both agree after that St. Louis said to
address issue of bread pudding to 1/M Greenwell
and Mr Greenwell said meeting with
Director Kleen said OK to Bread pudding
but nothing about raisins. Even y Mr
St. Louis said raisins were OK he told
Boring to check with Greenwell first
to make sure which Boring did. Now
WHY Discipline St. Louis for lying.

| DR# | | |
|---|---|---|
| 1022173 | | |

CC  Delaware Correctional Center
Smyrna Landing Road
Kent, DE, 19977
Phone#: 302-653-9261

Date: 02/27/2006

## DISCIPLINARY HEARING APPEAL FORM

**Inmate** : Stlouis, James  J                     **SBI#:** 00446518          **Type:** Class 1

**Institution:** DCC  Delaware Correctional Center          **Hearing Date:** 02/23/2006     **Time:** 12:37

### RE: DISCIPLINARY HEARING

You have the right to appeal the decision of the Hearing officer to the Commissioner of the Department of Correction, or his designee. Execution of any sanction imposed by the hearing officer shall be automatically stayed for Seventy-Two(72) hours immediately following the hearing **(UNLESS) YOU INDICATE ON THIS FORM THAT YOU DO NOT WANT** to appeal. If You do not file an appeal within seventy-two (72) hours, or if you indicate on this form that you do not want to appeal, the sanction shall be carried out immediately.

**[X]**  Yes, I do want to appeal.      **[]**   No, I do not want to appeal.

**I want the decision of the Hearing  Officer to be :**

**[X]**  Reversed, and/or          **[]**   Remanded for further Proceedings.

**My reasons for making this appeal are :**

I did not say Klein ok'd it, I said I/M Greenwell and I/M Givan met with Klein and ok'd bread pudding. When I told Ms. Boring meal was ok'd I met your one and to see Greenwell and Givan about raisins because I didnt talk to Mr. Klein about bread pudding. The fact finding infomation wasnt supplied me and I/M greenwell and I/M Govan werent there to testifiy to what happened.

**DATE:** 02/27/2006                  **SIGNATURE:** _____
                                           Stlouis, James  J

**To file this appeal, give it to** Heverin, Ralph

**\* The 72-hour time limit will run only while you are incarcerated.**

U00005

DR #

*1032173*

Date: **2-26-06**

DCC Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

## DISCIPLINARY HEARING APPEAL FORM

Inmate: *JAMES St. Louis*    SBI#: 00 *446518*

### RE: DISCIPLINARY HEARING

You have the right to appeal the decision of the Hearing Officer to the Commissioner of the Department of Correction, or his designee. Execution of any sanction imposed by the Hearing Officer shall be automatically stayed for seventy-two (72) hours immediately following the hearing **UNLESS YOU INDICATE ON THIS FORM THAT YOU DO NOT WANT** to appeal. If you do not file an appeal within seventy-two (72) hours, or if you indicate on this form that you do not want to appeal, the sanction shall be carried out immediately.

[✓] **Yes, I do want to appeal.**    [ ] **No, I do not want to appeal.**

I want the decision of the Hearing Officer to be:

[ ] **Reversed, and/or**    [ ] **Remanded for further proceedings.**

My reasons for making this appeal are:

Appeal description: *I did [not] say Kleen OK'd it I said I/m Greenwell & I/m Gwan met with Kleen and OK'd bread pudding.*
*When I told Ms Boring meal was OK'd I met none one and to see Greenwell and Gwan about same because I didn't talk to Mr Kleen about bread pudding.*
*The fact finding information wasn't supplied me and I/M Greenwell and I/M Gwan weren't there to testify to what happened.*

Date: *2/23/06*    Inmate Signature: *James St. Louis Jr.*

To file this appeal, mail it to the DCC Hearing Office.

\* The 72 hour time limit will run only while you are incarcerated.

Form 126 – 5/30/03  DACS

*000006*

| DR# | | Date: 02/23/2006 |
| --- | --- | --- |
| 1022173 | **DCC  Delaware Correctional Center**<br>Xma Landing Road<br>**SMYRNA DE, 19977**<br>**Phone No. 302-653-9261** | |

## DISCIPLINARY HEARING DECISION

| **Inmate** : Stlouis, James J | **SBI#:**00446518 | **Type:**Class 1 |
| --- | --- | --- |
| **Institution:**DCC  Delaware Correctional Center | **Hearing Date:** 02/23/2006 | **Time:** 12:37 |

**Inmate Present:** Yes        **Reason(If No):** N/A

**Violation:**  2.01/200.105 Abuse of Privileges, 2.10/200.213 Lying

**Inmate PLEA: Not Guilty**

**Inmate Statement:**  Because I didn't do what she said I did.

**Witness Name:** Greenwell, Bryon

**Testimony :** Lt. Morris state's Mr greenwell said nothing about raise for bread pudding
Sgt. johnson, Andre state's He know nothing of this bread pudding W/Raisins

**Witness Name:** Morris, Cheryl

**Testimony :** N/A

**Witness Name:** Johnson, Andre

**Testimony :** N/A

**Decision :**Guilty

**Rational :**Accuser state's I/M said he got the approved from Mr. Klein. After listen to Lt. Morris an Sgt. Johnson I find I/M Guilty
of all charges

**Sanctions:** N/A

### HEARING OFFICER'S SIGNATURE _____
Heverin, Ralph

I understand that I may appeal the decision of a Class II Hearing  to the Class I Hearing  Officer.I may appeal the decision of a
Class I Hearing  to the facility administrator.I also understand that I have 72 hours to submit my notice of appeal in writing to the
Class I Hearing Officer if I am appealing a Class II Hearing decision or the Warden if I am appealing a Class I Hearing decision.

I **[X]    DO    [ ]    DO NOT INTEND TO APPEAL**        _____
**INMATE's SIGNATURE**

### ORDER TO IMPLEMENT SANCTIONS

| **[X]**    Inmate does not wish to appeal | **[ ]**    Appeal has been denied by Commissioner or Designate |
| --- | --- |
| **[ ]**    Sanctions have been modified | **[ ]**    Time Limit(72 Hours since hearing) for appeal has expired |

It is here by ordered to implement the sanctions:

| Sanctions | Start Date | Days | End Date |
| --- | --- | --- | --- |
| 1. Confinement to Quarter | | 5 | |

U00007

DR #
*1022( )3*

Date: *2-23-06*

DCC Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

## DISCIPLINARY HEARING DECISION

☑ Class I (Major)      ☐ Class II (Minor)      ☐ Summary (24 Hour LOAP)

Inmate: *St. Louis James*          SBI#: 00 *446578*
Institution: Delaware Correctional Center     Hearing Date: *2-23-06*   Time: *1332*

Inmate Present: ☑ Yes   ☐ No

Reason (If No): _____

Violation: *200.165 Pf, 200.213 Lying*
Inmate Plea: *Not Guilty*
Inmate Statement: *Because I didn't do what she said I did.*

Witness Name: *Lt Morris, Cheryl Slater, Mrs Greenwell said nothing about*
Testimony: *Rasin for Bread pudding.*

Witness Name: *Lt. Johnson, andre Slater He knows nothing of the*
Testimony: *Bread pudding w/ Rasins.*

Witness Name: _____
Testimony: _____

Decision: ☑ Guilty   ☐ Not Guilty   ☐ Further Investigation
Rational: *Mrs Slater Ilm said he got the approval from Mr Klein's Office Title to Lt Morris & Sgt Johnson I find Ilm Guilty of all charges*

Sanctions: *5 days CTA*          Hearing Officer's Signature _____

I understand that I may appeal the decision of the Hearing Officer (or Shift Supervisor in the case of a Summary Sanction) to the Commissioner of Correction or his designee. I must complete a Disciplinary Appeal Form within 72 hours immediately following the hearing and mail it to the DCC Hearing Office.

☑ I do intend to appeal.
☐ I do not intend to appeal.

*James St. Louis Jr*
Inmate's Signature

## ORDER TO IMPLEMENT SANCTIONS

☐   Inmate does not wish to appeal          ☐   Appeal has been denied by Commissioner or Designee

☐   Sanctions have been modified          ☐   Time Limit (72 hours since hearing) for appeal has expired

Modifications: _____
It is hereby ordered to implement the sanctions or modified sanctions on  Date: _____   Time: _____
Form 121 – May 30, 2003 – 2 pt. NCR  DACS                    000008

| Disciplinary# | | DCC  Delaware Correctional Center | | | Date: 02/15/2006 | |
| 1022173 | | Smyrna Landing Road | | | | |

**SMYRNA DE, 19977**
**Phone No. 302-653-9261**

# DISCIPLINARY REPORT

Disciplinary Type: Class1                    Housing Unit: Bldg E                    IR#: 1028348

| SBI# | Inmate Name | Inst. Name | Location Of Incident | Date | Time |
|------|-------------|------------|----------------------|------|------|
| 00446518 | Stlouis, James  J | DCC | Bldg 14 Food Prep. Area | 12/07/2005 | 12:00 |

Violations: 2.01/200.105 Abuse of Privileges, 2.10/200.213 Lying

Witnesses:1. N/A                    2. N/A                    3. N/A

### Description of Alleged Violation(s)

On The Above Date And Approx. Time I/M James St. Louis Was Terminated For Lying And Abuse Of Privileges/M  James St. Loui
Told Me, Fssii Boring That Chicken Parmesan And Bread Pudding W/ Raisins Was Approved By Director Klein. I/M Lied To Me Fss
Boring About The Approval Of The  Products.

Reporting Officer: Boring, Mary M (FS Specialist I & II)

### Immediate Action Taken

Immediate action taken by: Boring, Mary M -FS Specialist I & II

404 Written

### Offender Disposition Details

Disposition: N/A                    Date: N/A          Time: N/A          Cell secured?  No

Reason: N/A

Disposition Of Evidence: N/A

### Approval Information

Approved: ☒      Disapproved: ☐      Approved By: Lee, Bradley  Jr.(Staff Lt./Lt)

Comments: N/A

### Shift Supervisor Details

Date Received: 02/15/2006          Time: 13:57          Received From: Boring, Mary M

Shift Supervisor Determination:

[]    Upon reviewing this Disciplinary Report, I conclude that the offense may be properly responded to by an immediate
       revocation of the following privileges(see reverse side) for _____ hours not to exceed 24 hours)

[X]   Upon reviewing this Disciplinary Report, I conclude that the offense would be properly responded to by Disciplinary Hearin

_____
Lee, Bradley  Jr.(Staff Lt./Lt)

I have received a copy of this notice on DATE:_____    TIME: _____    and have been informed of my rights to have
a hearing and to present evidence on my own behalf. I understand, if found guilty, I will be subject to imposition of sanctions
outlined in the Rules of conduct.

Preliminary Hearing
Officer: _____          Offender: _____
          Lee, Bradley  Jr.                                          Stlouis, James  J

⋂ O0009

DR #
*1022173*

Date: *2/16/06*

DCC Delaware Correctional Center
1181 Paddock Road
Smyrna, DE  19977

## NOTICE OF DISCIPLINARY HEARING – FOR MINOR/MAJOR OFFENSE

To: Inmate: *St Louis, James J.*    SBI#: 00 *446518*    Housing Unit: *E*

1. You will be scheduled to appear before the Hearing Office to answer charges pending against you. (Staff are to explain the charges as listed on the 122).

2. At that time, a hearing will be held to determine whether you violated Institutional Rule(s) as alleged in the attached Disciplinary Report.

    How do you plead?    ☐ Guilty    ☒ Not Guilty

3. A "Minor Offense" is a rule violation in which the extent of the sanction to be imposed shall be restricted to:
    a. Written Reprimand.
    b. Loss of one or more privileges for a period of time **of more than 24 hours but less than 15 days.**

4. A "Major Offense" is a rule violation in which the extent of the sanction to be imposed shall be restricted to:
    a. Loss of one or more privileges for a period **of more than 15 days but less than 60 days.**
    b. Confinement to assigned quarters for a period of time not to exceed 30 days.
    c. Isolation confinement for a period of time not to exceed 15 days.
    d. Loss of good time for a period of time not to exceed 30 days. (Forfeiture of accumulated good time shall be subject to the approval of the Commissioner or his designee.)

5. You have the rights in the disciplinary process as stated on the lower and back of this page. These have been fully explained to you at the time of this notification.

6. Counsel requested?    ☐ Yes    ☒ No    Name of Counsel: _____

7. Confront accuser?    ☒ Yes    ☐ No

8. Witness requested?    ☒ Yes    ☐ No    Name of Witness: *F/m Greenwell, Bryon*
*FSS Morris, Cheryl*
*FSSII Johnson, A.*

I certify that on *2/16/06* at _____,
       (Date)              (Time)

I served upon the above inmate this notice of
Disciplinary Hearing for Minor/Major Offense
and the Disciplinary Report is attached hereto.

_____
(Employee's Signature & Title)

I have received copies of 122 & 127 and
understand my rights as Form #127 has
been read to me.

X *James St. Louis Jr.*
(Inmate's Signature)

Page 1

Form 127: May 30, 2003    DACS

000010

DCC  Delaware Correctional Center
Case 1:06-cv-00236-SLR   ~~Smyrna Landing Road~~Filed 08/09/2007   Page 11 of 17
SMYRNA DE, 19977
Phone#: 302-653-9261

# NOTICE OF DISCIPLINARY HEARING - FOR MINOR/MAJOR OFFENSE

**TO: Inmate:** Stlouis, James  J          **SBI#:** 00446518          **Housing Unit:** Bldg E

1. You will be scheduled to appear before the Hearing Office to answer charges pending against you. (Staff are to explain the charges as listed on the 122.)

2. At that time, a hearing will be held to determine whether you violated Institutional Rule(s) as alleged in the attached Disciplinary Report.
   How do you plead ? [  ] Guilty      [ X ] Not Guilty

3. A "Minor Offense" is a rule violation in which the extent of the sanction to be imposed shall be restricted to:
   a. Written Reprimand
   b. Loss of one or more privileges for a period of time <u>of more than 24 hours but not to exceed 15 days.</u>

4. A "Major Offense" is a rule violation in which the extent of the sanction to be imposed shall be restricted to:
   a. Loss of one or more privileges for a period of time not to exceed 90 days.
   b. Confinement to assigned quarters for a period of time not to exceed 90 days.
   c. Isolation confinement for a period of time not to exceed 90 days.
   d. Loss of good time for a period of time not to exceed 90 days.
      (Forfeiture of accumulated good time shall be subject to the approval of the Commissioner
      or his designee.)

5. You have the right in the disciplinary process as stated on the lower and back of this page.
   These have been fully explained to you at the time of this notification.

6. Counsel requested ?   **No**          Name of Counsel:

7. Confront accuser?   **Yes**

8. Witness requested?   **Yes**          Name of Witness: Greenwell, Bryon
                                                        Morris, Cheryl
                                                        Johnson, Andre

I certify that on <u>02/15/2006</u> at <u>13:58</u> , I served upon the above inmate this notice of Disciplinary Hearing for Minor/Major Offense and the Disciplinary Report is attached hereto.

I have received copies of 122 & 127 and understand my rights as Form # 127 has been read to me

_Nm signed attached copy_

_____
**(Employee's Signature & Title)**
Lee, Bradley  Jr.

_____
**(Inmate's Signature)**
Stlouis, James  J

| DR# |
|---|
| 1022173 |

DCC  Delaware Correctional Center
Case 1:06-cv-00236-SLR    Smyrna Landing Road Filed 08/09/2007    Page 12 of 17
SMYRNA DE, 19977
Phone#: 302-653-9261
Date: 02/16/2006

# NOTICE OF DISCIPLINARY HEARING - FOR MINOR/MAJOR OFFENSE

## INMATE RIGHTS IN THE DISCIPLINARY PROCESS

**MINOR OFFENSE :**

**Right to Remain Silent:** If you are charged criminally based upon the same facts giving rise to the disciplinary process, yo have the right to remain silent at the Disciplinary Hearing. If you choose to remain silent, your silence will not be considered against you at the Disciplinary Hearing. In all other circumstances, silence at the Disciplinary Hearing may be considered against you.

**Presence:** You have the right to be present at all phases of the hearing, except that you may be excluded during the Heari Officer's deliberations and at any time your behavior becomes disruptive to the proceedings. Reason for such exclusions sl be stated in writing.

000012

FORM #584

## GRIEVANCE FORM

FACILITY: _Bldg. 14 Food Prep Area_    DATE: _12/10/05_

GRIEVANT'S NAME: _JAMES ST. Louis_    SBI#: _00446518_

CASE#: ~~disciplinary # 1028775~~    TIME OF INCIDENT: _Report 12:00_

HOUSING UNIT: _E_

BRIEFLY STATE THE REASON FOR THIS GRIEVANCE. GIVE DATES AND NAMES OF OTHERS INVOLVED IN THE INCIDENT OR ANY WITNESSES.

_see sheet included (3) to explain grievance._

ACTION REQUESTED BY GRIEVANT: _appology from Ms Boring and reinstatement and back pay from main Kitchen and stricken from my record._

GRIEVANT'S SIGNATURE: _James St. Louis_    DATE: _12/10/05_

WAS AN INFORMAL RESOLUTION ACCEPTED?    _____(YES)    _____(NO)

(COMPLETE ONLY IF RESOLVED PRIOR TO HEARING)

GRIEVANT'S SIGNATURE:_____    DATE:_____

IF UNRESOLVED, YOU ARE ENTITLED TO A HEARING BY THE RESIDENT GRIEVANCE COMMITTEE.

cc: INSTITUTION FILE
    GRIEVANT

April '97 REV

RECEIVED
DEC 13 2005
Inmate Grievance Office

U00013


Instructions for Submitting a Regular Grievance

Inmates are required, per DOC Procedure 4.4 [Inmate Grievance Procedure] to attempt to resolve complaints prior to filing a regular grievance. Grievances are to be submitted within seven(7) days from the date of the occurance or incident or within seven days after the inmate became aware of the incident. The grievance is to be placed in the grievance box located in each housing unit.

Only one issue per grievance form will be addressed. If the grievance is submitted on a weekend or a holiday, it will be recieved during the next working day.

---

Return of Unprocessed Grievance

**Intake Action:** This Grievance Form is being returned to the inmate under the provisions outlined in DOC Procedure 4.4 "Inmate Grievance Procedure" for the following reason(s):

_____**Vulgar/Abusive or Threatening Language.** The language that is unacceptable has
     been highlighted. The grievance may be resubmitted omitting this language.

✓_____**Non-Grievable.** This issue has been defined as non-grievable in accordance with
     DOC Policy 4.4. These procedures have their own appeal process that must be
     followed.   ✓____Disciplinary Action     _____Parole Decision
                _____Classification Action   *1022173*

_____**Request.** Requests are not processed through the grievance procedure. Please
     correspond with the appropriate office to secure the information that is
     requested.

_____**Duplicate Grievance(s).** This issue has been addressed previously in
     Grievance #_____.

_____**Original Grievances** must be submitted to the Inmate Grievance Chairperson.
     Photocopies are not accepted.

_____**Inquiry on behalf of other inmates.** Inmates cannot submit grievances for
     other inmates.

_____**Expired filing period.** Grievance exceeds seven(7) days from date of occurrence.

_____                    _____1-10-06_____
Inmate Grievance Chairperson                              Date

Form#: 584 (F&B)
(Reverse Revised July '99)

22285

12/9/05      9:50 AM

left Building E to go to Kitchen to work upon entering Kitchen I handed my pass to officer Wagner and proceeded into Kitchen to coat room and then to set up for todays work. After getting the count and needs for diet cooks I noticed a sign up on the zone one office for 2nd cooks. I saw I/M Coles and asked him about it. He explained that I was Terminated and he was told to run the floor. I proceeded to Lt. Lehman's office and upon entering asked him if I was terminated. He said he just received an E mail outlining suspension pending temenation if out come of healing. And told me spec. Boring wrote up this order. I asked him what for and could I get a copy of it. He proceeded to enter his computer and gave me a copy of said order. We talked for awhile and he said his advise to me is chell for awhile and greive it, and was sure the truth would come out sooner or later. I left and went back to my building were I noticed the write up was dated 2 days ago at noon.

facts:

#1. Around Thanksgiving time me (cooks) were preparing a Thanksgiving day meal and Ms. Boring asked if we were going to have bread pudding I responded and told her no we were having sweet potatoe pie instead. She said she always

22285

adds raisins to her bread pudding and wouldn't it be nice if we could do it here. I told her probably but I didn't know when we were going to have it. She asked me to let her know so she could bring in some raisins for workers chow and I said I would. In the mean time Mr. Greenwell (a second cook) told me Mr. Govan (1st cook) and himself met with Mr. Cline (head of kitchen) and was told if we had enough bread after making stuffing for Thanksgiving he could do bread pudding sometime. Now two weeks ago we had chicken patties and had 200 left over from lunch which I put in the freezer. And last Monday we had spaghetti and meat sauce left over from dinner that was put in the cooler. I said to Mr. Govan it would be nice if this week we had chicken patties w/sauce and bread pudding and he agreed says ask zone one if we can do it Thursday seeing it is a terrible meal. I proceeded to zone 1 and asked officer Johnson if he was incharge Thursday and he said yes. And I asked to run something by him I told him of Greenwells conversation about Kline OKing bread pudding

#00016

22285

and I told him about the chicken
patty and sauce and ask if it would
be alright with him if we had them
Thursday and he said it was OK.
Upon leaving zone one I saw
Ms. Boung and told her we were
having Bread pudding and chicken patty
and sauce Thursday and she said she
wanted to bring in raisins. I told her
to talk to Mr. Greenwell because he
had Klen's permission and that she
should clear it through him. She
immediately went to Greenwell and
discussed the issue upon completion
told me she was going to deck Mr Klen
    The next thing I know I have Wendsday
off but worked 1/2 a day (which was
the 7th worked to 1pm) and no one said
anything to me. Thursday I was called
into the kitchen at 1:30 pm to see
Lt Morris and Lt. Lehman to answer
questions about the supposedly meal.
I did not go into work Thursday because
I was told by 3rd cooks Wendsday
night at 5 pts that the meal was
cancelled and was asked if I was
OK. No one mention the write
up or suspension until this A.M.

12/8

U00017