IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES ST. LOUIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 06-236-SLR |
| | ) | |
| LT. CHERYL MORRIS, et al, | ) | JURY TRIAL REQUESTED |
| | ) | |
| Defendants. | ) | |

**DEFENDANT MICHAEL KNIGHT'S
RESPONSE TO PLAINTIFF'S INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Michael Knight responds to Plaintiff's Interrogatories as follows:

**GENERAL OBJECTIONS**

1. Answering Defendant objects to the Interrogatories to the extent that they seek information or documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

2. Answering Defendant objects to the Interrogatories to the extent that they purport to require supplementation of these responses beyond that required by Federal Rule of Civil Procedure 26(e).

3. Answering Defendant objects to the Interrogatories to the extent that they purport to place duties upon them not set forth in, or contemplated by, the Federal Rules of Civil Procedure.

4. Answering Defendant objects to the Interrogatories to the extent that they purport to seek information or documents not in their possession, custody or control.

5. Answering Defendant objects to the Interrogatories to the extent that they seek the production of documents equally available to the Plaintiffs or Plaintiffs' counsel. Such documents will be identified by Answering Defendant but will not be produced.

6. Answering Defendant objects to the Interrogatories to the extent that they purport to require production of information or documents which are impractical or unduly burdensome to reproduce.

7. Answering Defendant objects to the Interrogatories to the extent that they seek the production of documents generated by or received from his counsel in connection with this litigation on or after the date of the acceptance of representation on the grounds that such documents are protected by attorney-client and work product privileges.

## RESPONSES

Subject to, and without waiver of the foregoing General Objections and those set forth in Answering Defendant's Responses, Answering Defendant responds, after a reasonable search, and subject to supplementation, as follows:

1. When addressing formation with at least (5) five officers present Ms. Boring said to all present "now that Lt. Morris is back our vacation is over."

(a) What did she mean?

(b) Does she believe Morris is a deficit to the kitchen and things would run smoother without her interference?

**RESPONSE:** This Interrogatory is not directed to Answering Defendant Knight and therefore no response is required.

2 When multiple times plaintiff met with Lt. LeGates and he told him

everything that was going on with constitutional violations and Lt. Morris why did Lt. LeGates just tell him to write everything down and after his release bring it to the attention of the prison officials against Lt. Morris instead of protecting the rights of the inmates and securing their constitutional rights?

**RESPONSE:** This Interrogatory is not directed to Answering Defendant Knight and therefore no response is required.

      3.    Ms. Boring as per Officer Bradley's investigation, did you tell him that Lt. Morris ordered you to write plaintiff up against your own wishes?

**RESPONSE:** This Interrogatory is not directed to Answering Defendant Knight and therefore no response is required.

      4.    Ms. Boring have you ever brought any contraband into the kitchen and given it to an inmate?

**RESPONSE:** This Interrogatory is not directed to Answering Defendant Knight and therefore no response is required.

      5.    Lt. Morris have you ever brought any contraband such as food into the prison and shared it with an inmate?

**RESPONSE:** This Interrogatory is not directed to Answering Defendant Knight and therefore no response is required.

      6.    Mr. Klein when plaintiff addressed the issue of guards not having their temperature gauges and had you order two (2) so that the cooks (inmates) could make sure the correct temperatures are met did you address this violation with your guards?

**RESPONSE:** This Interrogatory is not directed to Answering Defendant Knight and therefore no response is required.

7. Mr. Knight when you were in the kitchen and had inmate Williams do the inmate duties and placement for their jobs and supervise them with reports to you as to who, what, and why along with suggestions to terminations did you know it was a violation of federal law or were you just ignorant of what the law says?

**RESPONSE:** Objection. This Interrogatory is argumentative and seeks a legal conclusion.

8. Mr. Klein when Officer Heverin said that the practice of an inmate being in charge and supervising other inmates, as acknowledged by Lt. Morris, was a violation of prison policy and a constitutional violation did you correct the situation or just ignore the violation?

**RESPONSE:** This Interrogatory is not directed to Answering Defendant Knight and therefore no response is required.

9. Mr. Klein upon reporting to Mr. Knight about the meeting with Officer Heverin has Mr. Knight made changes to insure inmate's constitutional rights?

**RESPONSE:** This Interrogatory is not directed to Answering Defendant Knight and therefore no response is required.

10. All defendants identify all criminal convictions in the past 15 years including courts jurisdiction, date of convictions, date of sentencing and all other terms and decisions.

**RESPONSE:** Objection. This Interrogatory has no relevance to Plaintiff's claims, requests information beyond the scope of rule 26, and is not designed to lead to the discovery of admissible evidence. Without waiving this objection, Answering Defendant Knight has no criminal convictions.

11. All defendants identify all write ups and grievances from inmates in the last 15 years including matters addresses, terms and outcome with all dates.

**RESPONSE:** Objection. This Interrogatory has no relevance to Plaintiff's claims, requests information beyond the scope of rule 26, and is not designed to lead to the discovery of admissible evidence.

12. All defendants identify all write ups from prison authorities or prison officers against yourself in the last 15 years including matters, terms and outcome including dates.

**RESPONSE:** Objection. This Interrogatory has no relevance to Plaintiff's claims, requests information beyond the scope of rule 26, and is not designed to lead to the discovery of admissible evidence.

13. All defendants have you ever been party to lawsuit(s) other than present one? If so, address case the court where filed, docket number and outcome of case.

**RESPONSE:** Objection. This Interrogatory has no relevance to Plaintiff's claims, requests information beyond the scope of rule 26, and is not designed to lead to the discovery of admissible evidence. Without waiving this objection, Answering Defendant Knight has been named as a defendant, in his capacity as a Delaware Department of Correction employee, in a number of lawsuits, but cannot recall the case names.

14. Mr. (s) Klein and Knight do you both treat inmates and officers with the same respect and applied legal action in accordance with the law? If so describe the Officer Fletcher inmate affair and what investigation was done and what punishment was handed out not only internally but legally? Also, explain the investigation that took place with both Lt. White and Sgt. White and what happen to both the officers and inmates in

these cases.

**RESPONSE:** Objection. Answering Defendant Knight does not understand what "applied legal action in accordance with the law" means. Without waiving this objection, Answering Defendant Knight treats Delaware Department of Correction employees and inmates with respect. Further objection that this Interrogatory has no relevance to Plaintiff's claims, requests information beyond the scope of Rule 26 and is not designed to lead to the discovery of admissible evidence.

15. Mr. Klein when raises were discussed in the kitchen did you not say a representative would have to be made to represent the rights of the inmates and wasn't the plaintiff the person elected to represent them?

**RESPONSE:** This Interrogatory is not directed to Answering Defendant Knight and therefore no response is required.

16. Lt Morris where you approached by an inmate(s) and informed that first cook Govan was threatening them and extorting favors and commissary? What action did you take or say to these allegations?

**RESPONSE:** This Interrogatory is not directed to Answering Defendant Knight and therefore no response is required.

17. Is it true that since this civil action first cook Govan has been suspended for threatening inmates?

**RESPONSE:** Answering Defendant Knight has no knowledge of the allegations set forth in Interrogatory No. 17.

18. Is it true Lt. Lehman that you said to plaintiff after handing him the termination notice in front of at least three (3) cooks and one (1) person who puts up food

for the MHU and SHU that if you would file a grievance and not to worry because the truth would eventually come out?

**RESPONSE:** This Interrogatory is not directed to Answering Defendant Knight and therefore no response is required.

19. Mr.(s) Klein and Knight do you believe that it is illegal and a constitutional violation to have inmates in charge schedule, supervise, extort and intimidate other inmates and should be investigated and corrected?

**RESPONSE:** Objection. This Interrogatory is argumentative and seeks a legal conclusion.

20. Mr. Klein and Mr. Knight have you ever had to replace a head cook because he was involved with another person from the kitchen in a sexual matter?

**RESPONSE:** Objection. This Interrogatory has no relevance to Plaintiff's claims, requests information beyond the scope of Rule 26 and is not designed to lead to the discovery of admissible evidence.

21. Lt Morris have you ever had an inmate make you something special from the kitchen to eat without working overtime and share the special meal with that inmate?

**RESPONSE:** This Interrogatory is not directed to Answering Defendant Knight and therefore no response is required.

22. Lt. Morris did you have the head cook and the second cook interview prospective inmates for third cook positions?

**RESPONSE:** This Interrogatory is not directed to Answering Defendant Knight and therefore no response is required.

23. Lt Lehman did plaintiff offer his two week notice to you and you refused

to take it?

**RESPONSE:** This Interrogatory is not directed to Answering Defendant Knight and therefore no response is required.

24. Sgt. Johnson did you meet with Wm. Hawkins and discussed that plaintiff had to be deterred from following through with lawsuit because it would cause a lot of problems for inmates and officers?

**RESPONSE:** This Interrogatory is not directed to Answering Defendant Knight and therefore no response is required.

        STATE OF DELAWARE
        DEPARTMENT OF JUSTICE

        /s/ Eileen Kelly
        Eileen Kelly, I.D. #2884
        Deputy Attorney General
        Carvel State Office Building
        820 North French Street, 6th Floor
        Wilmington, Delaware 19801
        eileen.kelly@state.de.us
        (302) 577-8400

Dated: August 9, 2007

## *CERTIFICATE OF SERVICE*

I hereby certify that on August 9, 2007, I electronically filed *Defendant Michael Knight's Response to Plaintiff's Interrogatories* with the Clerk of Court using CM/ECF. I hereby certify that on August 9, 2007, I have mailed by United States Postal Service, the document to the following non-registered party:

James St. Louis, Inmate
SBI#446518
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE  19977

/s/ Eileen Kelly
Eileen Kelly, ID#2884
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
eileen.kelly@state.de.us

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES ST. LOUIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 06-236-SLR |
| | ) | |
| LT. CHERYL MORRIS, et al, | ) | JURY TRIAL REQUESTED |
| | ) | |
| Defendants. | ) | |

VERIFICATION AS TO ANSWERS:

I hereby declare under penalty of perjury that the attached Defendant's Responses to Plaintiff's Interrogatories are true and correct.

*Michael Knight* 7-31-07
Michael Knight