IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES ST. LOUIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 06-236-SLR |
| | ) | |
| LT. CHERYL MORRIS, et al, | ) | JURY TRIAL REQUESTED |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO**
**PLAINTIFF'S MOTION FOR PROTECTION AND GAG ORDER**

Defendants hereby oppose Plaintiff's Motion for Protection and Gag Order [D.I. 66], and in support thereof, state as follows:

1. In this prisoner civil rights action, Plaintiff James St. Louis ("Plaintiff") claims that he was terminated from his employment in the kitchen at Delaware Correctional Center ("DCC") in retaliation for complaining about constitutional violations occurring in the kitchen. The Amended Complaint was filed on October 13, 2006. [D.I. 13].

2. In the pending Motion, Plaintiff alleges that he has identified his witnesses in discovery, and some of those witnesses have been terminated from their employment and/or subjected to retaliation and intimidation.

3. Plaintiff also claims that an unidentified defendant discussed this case with another Department of Correction staff member and called Plaintiff an expletive.

4. Plaintiff does not specify the relief sought in his Motion. Presumably, he wants to enjoin Defendants from undertaking further retaliatory actions.

5. Plaintiff's claim that his witnesses are being subjected to retaliation is without merit. While Plaintiff has identified witnesses in his discovery responses, undersigned counsel has not shared that information with Defendants or with any other Department of Correction personnel. In short, Defendants do not know who Plaintiff's witnesses are and, therefore, could not possibly retaliate against them.

6. To the extent that Plaintiff is complaining that one of the Defendants is discussing his case and calling him names, that allegation cannot be addressed since he does not identify the Defendant in question. Further, without waiving any attorney-client privilege, Defendants have already been advised not to discuss this case with anyone.

7. In short, Plaintiff's Motion is completely without basis and must be denied.

WHEREFORE, Defendants respectfully request that this Court deny Plaintiff's Motion for Protection and Gag Order.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Eileen Kelly
Eileen Kelly, I.D. No. 2884
Deputy Attorney General
Carvel State Office Building
820 North French Street, 6th fl.
Wilmington, DE  19801
(302) 577-8400
eileen.kelly@state.de.us
Attorney for Defendants

Date:  September 14, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2007, I electronically filed *Defendants' Response to Plaintiff's Motion for Protection and Gag Order* with the Clerk of Court using CM/ECF. I hereby certify that on September 14, 2007, I have mailed by United States Postal Service, the document to the following non-registered party: James St. Louis.

/s/ Eileen Kelly
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
eileen.kelly@state.de.us