IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JAMES ST. LOUIS,                          )
                                          )
            Plaintiff,                    )
                                          )
      v.                                  ) Civ. No. 06-236-SLR
                                          )
LT. CHERYL MORRIS, DIR. CHRIS             )
KLEIN, ADMINISTRATOR MICHAEL              )
KNIGHT, LT. LEGATES, LT. LEHMAN,          )
SGT. JOHNSON and SGT. BORING,             )
                                          )
            Defendants.                   )


**MEMORANDUM ORDER**


At Wilmington this 10th day of October, 2007, having considered plaintiff's motions

and the papers submitted in connection therewith;

IT IS ORDERED that plaintiff's motion for injunctive relief (D.I. 56) and motion for

appointment of counsel (D.I. 46) are denied for the reasons that follow:

1. **Motion for Injunctive Relief.**  Plaintiff, an inmate at the Delaware

Correctional Center, filed this motion for injunctive relief to stop defendants from

appointing inmate workers to supervisory kitchen positions where they, allegedly,

direct, threaten, abuse, suspend and terminate subordinate inmate kitchen workers.

(D.I. 56)  Defendants respond that the motion should be denied because plaintiff has

not worked in the prison kitchen since 2005 and cannot bring claims on behalf of other

inmates.  (D.I. 60)  In reply, plaintiff claims to have been "given the right to speak for the

other inmates in the kitchen" when the attorney for defendants "allowed him list [in a discovery response] every individual working in said kitchen from the time of [plaintiff's] employment until the present." (D.I. 67)

2. **Standard of Review**. When considering a motion for a preliminary injunction, plaintiff must demonstrate that: (1) he is likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendant(s); and (4) granting the injunction is in the public interest. Maldonado v. Houstoun, 157 F.3d 179, 184 (3d Cir. 1997). "[A]n injunction may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." Continental Group, Inc. v. Amoco Chems. Corp., 614 F.2d 351, 359 (3d Cir. 1980) (quoting Holiday Inns of Am., Inc. v. B & B Corp., 409 F.2d 614, 618 (3d Cir. 1969)). "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." SI Handling Sys., Inc. v. Heisley, 753 F.2d 1244, 1264 (3d Cir. 1985).

3. **Discussion**. It is uncontested that plaintiff no longer works in the prison kitchen and is not personally subjected to the conduct upon which he moves for injunctive relief. He, apparently, moves for injunctive relief on behalf of kitchen workers currently subjected to the allegedly constitutionally deficient conduct. It is settled, however, that a prisoner acting pro se cannot assert claims on behalf of anyone but himself. Jordan v. Delaware, 433 F. Supp. 2d 433, 439-440 (D. Del. 2006). Moreover, plaintiff has failed to identify any personal injury that may result warranting injunctive relief. "The 'core component'" of the requirement that a litigant have standing to invoke

2

the authority of a federal court "is an essential and unchanging part of the case-or-controversy requirement of Article III." <u>DaimlerChrysler Corp. v. Cuno</u>, __ U.S. __, 126 S.Ct. 1854, 1861 (2006)(citations omitted). "A plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." <u>Allen v. Wright</u>, 468 U.S. 737, 751 (1984). Also, "a plaintiff must demonstrate standing separately for each form of relief sought." <u>DaimlerChrysler Corp.</u>, 126 S.Ct. at 1867 (citations omitted).

4. Absent personal standing, the only way this motion for injunctive relief can proceed is if plaintiff has third party standing. The Third Circuit determines the appropriateness of third-party standing with a three part test. <u>Nasir v. Morgan</u>, 350 F.3d 366, 376 (3d Cir. 2003) (citations omitted). "To successfully assert third-party standing: (1) the plaintiff must suffer injury; (2) the plaintiff and the third party must have a 'close relationship'; and (3) the third party must face some obstacles that prevent it from pursuing its own claims." <u>Id.</u>

5. Here, plaintiff does not assert an injury that has resulted from defendants' hiring practice. He has not demonstrated a close relationship with any of the kitchen workers he moves to protect. Further, plaintiff has not identified any obstacle that would prevent the inmate kitchen workers from pursuing their own claims.

6. **Motion for Appointment of Counsel**. A pro se litigant proceeding <u>in forma pauperis</u> has no constitutional or statutory right to representation by counsel. <u>See</u> <u>Ray v. Robinson</u>, 640 F.2d 474, 477 (3d Cir. 1981); <u>Parham v. Johnson</u>, 126 F.3d 454, 456-57 (3d Cir. 1997). It is within the court's discretion to seek representation by counsel for plaintiff, and this effort is made only "upon a showing of special circumstances

indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's]

probable inability without such assistance to present the facts and legal issues to the

court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22,

26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993)

(representation by counsel may be appropriate under certain circumstances, after a

finding that a plaintiff's claim has arguable merit in fact and law).

7.  After passing this threshold inquiry, the court should consider a number of

factors when assessing a request for counsel, including:  (1) the plaintiff's ability to

present his or her own case; (2) the difficulty of the particular legal issues; (3) the

degree to which factual investigation will be necessary and the ability of the plaintiff to

pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5)

the extent to which a case is likely to turn on credibility determinations; and (6) whether

the case will require testimony from expert witnesses. Tabron, 6 F.3d at 155-57; accord

Parham, 126 F.3d at 457; Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002).

8.  In his motion for appointment of counsel, plaintiff states that counsel is

needed to explain the legal principles involved and to prepare the case for trial so that

the "truth will be exposed."  (D.I. 46)  The court is not persuaded that appointment of

counsel is warranted at this time because plaintiff has demonstrated an ability to

present his claims and there is no evidence that prejudice will result in the absence of

counsel.

9.  Since filing this action in April 2006, plaintiff has moved for the appointment of

counsel five times.  (D.I. 10, 16, 26, 30, 46)  In response to each motion, the court

carefully reviewed plaintiff's claims, defendants' responses, as well as the entire record,

4

and concluded that the circumstances did not warrant seeking representation by counsel for plaintiff.  Following the court's denial of plaintiff's fourth motion for appointment of counsel, a scheduling order was entered setting deadlines for discovery and dispositive motions.  (D.I. 36, 37)  Considering that the period for exchanging discovery is now closed and briefing of the legal issues implicated has commenced, the court will not consider any additional motions for the appointment of counsel filed by plaintiff until decisions are reached on such pending motions.  In other words, any further motions for appointment of counsel shall be deemed denied without prejudice to renew if any of plaintiff's claims survive summary judgment.


United States District Judge

5