IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES ST. LOUIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 06-236-SLR |
| | ) | |
| LT. CHERYL MORRIS, et al, | ) | JURY TRIAL REQUESTED |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION FOR JUDICIAL LIEN**

Defendants hereby oppose Plaintiff's Motion for a Judicial Lien [D.I. 79], and in support thereof, state as follows:

1.  In this prisoner civil rights action, Plaintiff James St. Louis ("Plaintiff") claims that he was terminated from his employment in the kitchen at Delaware Correctional Center ("DCC") in retaliation for complaining about constitutional violations occurring in the kitchen. The Amended Complaint was filed on October 13, 2006. [D.I. 13].

2.  Plaintiff filed a motion captioned "Motion for a Judicial Lien." [D.I. 79]. In this Motion, Plaintiff asks this Court to "suspend any action that would change the economic value of any of the defendants." He asserts that he fears that Defendants will transfer their "personal value" to their spouses or children. Plaintiff also asserts that Defendants have acted to compel him to settle the case, and that the relief he seeks will ensure a "fast ending" to his action.

3.  Plaintiff makes his Motion pursuant to Federal Rule of Civil Procedure 65, which governs motions seeking injunctive relief.

4. "[T]he grant of injunctive relief is an 'extraordinary remedy, which should be granted only in limited circumstances.'" *Instant Air Freight Co. v. C.F. Air Freight, Inc.,* 882 F.2d 797, 800 (3d Cir. 1989) (*quoting Frank's GMC Truck Center, Inc. v. General Motors Corp.,* 847 F.2d 100, 102 (3d Cir. 1988)). The grant or denial of a motion for injunctive relief is within the sound discretion of the district court. *Eli Lilly & Co. v. Premo Pharmaceutical Laboratories, Inc.,* 630 F.2d 120, 136 (3d Cir.), *cert. denied*, 449 U.S. 1014 (1980).

5. A plaintiff moving for injunctive relief must demonstrate that: 1) he is likely to succeed on the merits; 2) denial will result in irreparable harm; 3) granting the injunction will not result in irreparable harm to the defendant; and 4) granting the injunction is in the public's interest. *Maldonado v . Houstoun*, 157 F.3d 179, 184 (3d Cir. 1998), *cert. denied,* 526 U.S. 1130 (1999). An injunction should issue only where all four factors favor relief. *S&R Corp. v. Jiffy Lube International, Inc.*, 968 F.2d 371, 374 (3d Cir. 1992).

6. In this case, because Plaintiff cannot satisfy the requisite factors, his Motion must be denied.

7. Any motion regarding Defendants' personal assets is premature. Defendants have moved for summary judgment and briefing has not been completed yet. Plaintiff's motion should not even be considered until the Court has determined whether Plaintiff's cause of action has survived summary judgment.

8. Further, Plaintiff's motion is based purely on speculation, that is, his "fear" of what may happen. Defendants' assets should not be subjected to the control of the Court based on Plaintiff's "fears." In *Osuch v. Gregory,* 303 F. Supp. 2d 189, 194-

195 (D. Conn. 2004), plaintiff, a prisoner, asked the court to order defendants not to transfer any assets during the pendency of the litigation. The court declined to do so, observing that plaintiff's request was based only on his speculation about future events. "Speculation does not satisfy the requirement that [plaintiff] demonstrate that he will suffer irreparable harm should the relief be denied." *Id.* at 195.

9. Similarly, Plaintiff in this case cannot show that he will suffer irreparable harm if the requested relief is denied. Further, Defendants will suffer irreparable harm if their personal assets are adversely affected at this juncture of the litigation.

10. Finally, undersigned counsel represents to this Court that Plaintiff's claim that Defendants are taking steps to compel settlement of this case is without basis.

11. In short, the extraordinary remedy sought by Plaintiff is not warranted, and his Motion must be denied.

WHEREFORE, Defendants respectfully request that this Court deny Plaintiff's Motion for a Judicial Lien.

          **STATE OF DELAWARE**
          **DEPARTMENT OF JUSTICE**

          /s/ Eileen Kelly
          Eileen Kelly, I.D. No. 2884
          Deputy Attorney General
          Carvel State Office Building
          820 North French Street, 6th fl.
          Wilmington, DE 19801
          (302) 577-8400
          eileen.kelly@state.de.us
          Attorney for Defendants

Date: October 23, 2007

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| JAMES ST. LOUIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 06-236-SLR |
| | ) | |
| LT. CHERYL MORRIS, et al, | ) | JURY TRIAL REQUESTED |
| | ) | |
| Defendants. | ) | |

## ORDER

**IT IS SO ORDERED,** this _____day of _____, 2007, that:

Plaintiff's Motion for a Judicial Lien is hereby **DENIED.**

_____
United States District Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on October 23, 2007, I electronically filed *Defendants' Response to Plaintiff's Motion for a Judicial Lien* with the Clerk of Court using CM/ECF. I hereby certify that on August 23, 2007, I have mailed by United States Postal Service, the document to the following non-registered party: James St. Louis.

/s/ Eileen Kelly
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
eileen.kelly@state.de.us