IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES ST. LOUIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 06-236-SLR |
| | ) | |
| LT. CHERYL MORRIS, et al, | ) | JURY TRIAL REQUESTED |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

In further support of their Motion for Summary Judgment, Defendants state as follows:

It is undisputed that Plaintiff was terminated from his employment in the kitchen at Delaware Correctional Center. It is Defendants' position that Plaintiff was terminated in connection with his conviction on disciplinary charges of lying and abuse of privileges.

In his original complaint, Plaintiff alleged that he was denied due process in connection with the disciplinary process. This Court has repeatedly held that there is no viable due process claim presented in this action. D.I. 6 at 6; D.I. 11 at 7; D.I. 15 at 2. The Court permitted Plaintiff to proceed with this matter with respect to his retaliation claim only.

In his Answering Brief, Plaintiff has ignored the clear ruling of this Court and once again attempts to assert a due process claim. He presents due process arguments in the body of his Brief, and has attached to the Brief various prison policies pertaining to rules of conduct for inmates, discipline of inmates, and grievances. *See* D.I. 87 at 2, 3, 6,

8, Appendix F.  Because Plaintiff is presenting argument with respect to a claim that is not properly before the Court, those portions of his brief must be stricken.

With respect to his retaliation claim, Plaintiff has failed to rebut the arguments set forth in Defendants' Opening Brief (D.I. 82), and Defendants are thus entitled to summary judgment.

As set forth in Defendants' Opening Brief, a prisoner alleging violation of his Constitutional rights due to retaliation against him must show that "the conduct which led to the alleged retaliation was constitutionally protected."  *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001).  Plaintiff does not explain how his complaints about his fellow inmate kitchen workers rose to the level of constitutionally protected conduct.

The prisoner must next show that "he suffered some 'adverse action' at the hands of the prison officials."  *Id.*  As Defendants argued in their Opening Brief, any allegation that Plaintiff suffered "adverse action" is premised on the assumption that Plaintiff had a right to employment.  Plaintiff does not contest the case law stating that "[t]raditionally, prisoners have had no entitlement to a specific job, or even to any job."  *James v. Quinlan,* 866 F.2d 627, 630 (3d Cir. 1989).

Most importantly, Plaintiff cannot establish a causal link between the exercise of a constitutional right and the adverse action.  *Rauser,* 241 F.3d at 333.  The evidence in this case shows that Plaintiff was terminated from his employment due to his disciplinary infractions connected with his employment.  Plaintiff apparently attempts to counter this evidence by offering letters from other prisoners.  *See* Appendix A to Answering Brief.  These letters do not advance Plaintiff's cause of action.  The letters present the writers' complaints about their own circumstances and offer no corroboration for Plaintiff's

claims that the Defendants in this case retaliated against him.

Further, Plaintiff has not even argued that his termination was not reasonably related to legitimate penological interests. Plaintiff was found guilty of lying in connection with an attempt to bring contraband into the prison. In this circumstance, the decision to terminate Plaintiff should be afforded deference.

Finally, Plaintiff fails to demonstrate personal involvement by these Defendants in the alleged constitutional violations. Plaintiff offers only, with respect to Defendant Klein, that Defendant Klein did not investigate his termination after it occurred. D.I. 87 at 2. There are no claims before this Court with respect to what may or may not have occurred after Plaintiff was terminated. Plaintiff has alleged only that his termination constituted retaliation.

In short, Defendants' arguments, set forth in their Opening Brief, as to their lack of personal involvement, remain unrebutted.

Plaintiff uses the summary judgment briefing process as an opportunity to advance his grievances regarding the discovery process. The discovery deadline in this action was August 13, 2007. D.I. 37. Plaintiff did not file interrogatories and a request for production until July 10, 2007. D.I. 41-42. On August 9, 2007, Defendants responded to Plaintiff's discovery. D.I. 48 – 55. Plaintiff now complains that he was not given "fact-finding" documents. D.I. 87 at 3. Plaintiff has been advised that Defendants are not aware of any "fact-finding" report. D.I. 89. Plaintiff should not be permitted to pursue his untimely discovery issues in the context of summary judgment briefing, and his arguments regarding discovery matters should be disregarded.

WHEREFORE, for the reasons set forth herein and in the Opening Brief,

3

4

Defendants respectfully request that this Court grant summary judgment in their favor.

                                  STATE OF DELAWARE
                                  DEPARTMENT OF JUSTICE

                                  /s/ Eileen Kelly
                                  Eileen Kelly (#2884)
                                  Deputy Attorney General
                                  820 N. French Street, 6th Floor
                                  Wilmington, DE 19801
                                  eileen.kelly@state.de.us
                                  (302) 577-8400
                                  Attorney for Defendants

DATE: November 26, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on November 26, 2007, I electronically filed *Defendants' Reply Memorandum of Points And Authorities In Support of Their Motion for Summary Judgment* with the Clerk of Court using CM/ECF.  I hereby certify that on November 26, 2007, I have mailed by United States Postal Service, the document to the following non-registered party:  James St. Louis.

    /s/ Eileen Kelly
    Deputy Attorney General
    Department of Justice
    820 N. French St., 6th Floor
    Wilmington, DE 19801
    (302) 577-8400
    eileen.kelly@state.de.us