IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES ST. LOUIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-236-SLR |
| | ) |
| LT. CHERYL MORRIS, DIR. CHRIS KLEIN, ADMINISTRATOR MICHAEL KNIGHT, LT. LEGATES, LT. LEHMAN, SGT. JOHNSON and SGT. BORING, | ) ) ) ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 19th day of February, 2008, having considered plaintiff's motions and the papers submitted in connection therewith;

IT IS ORDERED that, for the reasons that follow, plaintiff's motions for judicial lien and for a protective order (D.I. 79, 66) are denied; plaintiff's motions to compel are denied as moot. (D.I. 65, 76, 77, 78)

1. **Motion for Judicial Lien.** Plaintiff, an inmate at the Delaware Correctional Center ("D.C.C."), contends he was terminated from his job in the kitchen at D.C.C. in retaliation for complaining about Constitutional violations occurring in the kitchen. (D.I. 2) Apparently believing that his claims against defendants will eventually prevail and that monetary damages will be awarded, plaintiff seeks an order prohibiting defendants from engaging in any conduct that would reduce their net worth and, consequently,

adversely affect the amount available for damages.  (D.I. 79)  When considering a motion for a preliminary injunction, plaintiff must demonstrate that: (1) he is likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendant(s); and (4) granting the injunction is in the public interest.  Maldonado v. Houstoun, 157 F.3d 179, 184 (3d Cir. 1997).  "[A]n injunction may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights."  Continental Group, Inc. v. Amoco Chems. Corp., 614 F.2d 351, 359 (3d Cir. 1980) (quoting Holiday Inns of Am., Inc. v. B & B Corp., 409 F.2d 614, 618 (3d Cir. 1969)).  "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued."  SI Handling Sys., Inc. v. Heisley, 753 F.2d 1244, 1264 (3d Cir. 1985).  Because there is a contested motion for summary judgment pending for review, plaintiff is unable to demonstrate that he is likely to succeed on the merits; consequently, injunctive relief is not warranted at this time.

    2. **Motion for a Protective Order.**  Plaintiff evidently seeks a protective order for all unnamed witnesses he expects to call at trial to protect them from being retaliated against and harassed.  In response, defendants deny retaliating or harassing any witness and deny knowing whom plaintiff intends to call at trial.  It is undisputed that no party is permitted to harass or retaliate against its adversary's witnesses and that the court will not tolerate such conduct.  However, on this record, the court is unable to determine specific or actual events that would warrant a protective order.

    3. **Motions to Compel**.  Apparently, in order to prepare for a yet unscheduled

trial, plaintiff seeks discovery materials from defendants. Although it appears that defendants initially resisted providing certain information sought by plaintiff, recent correspondence filed by plaintiff reveals that defendants have complied with plaintiff's requests, rendering the motions to compel moot. (D.I. 92, 93)

*[signature]*
United States District Judge