Monday, May 19, 2008

CATHERINE DAMAVANDI
DEPUTY ATTORNEY GENERAL, ID#3823
ATTORNEY FOR DEFENDANTS
820 N. FRENCH ST.
WILMINGTON, DE. 19801



### RE: ST.LOUIS v. MORRIS et al., C.A. No. 06-236-SLR

DEAR MS. DAMAVANDI:

I read your letter dated May 14, 2008, in which you challenged the truthfulness of my allegations from my previous letter about the institution expunging my record and moving me back to minimum security with an apology from individuals who participated in this action. I find it hard to believe that those parties involved denied those truths seeing I approached them and they knew nothing of your inquirery. It's funny how the front office people always deny those truths they know nothing about. It shows it in its latest incident where a **KITCHEN** officer, who has worked since 2005 has been dealing in narcotics and caught, not only with drugs but a cell phone that was in plain sight, by the security officers not involved with kitchen security. What do your clients answer to the facts that this has been going on for some time, with illegal contraband in plain sight going in and out of the kitchen without their acknowledgement or correction? Do they deny that also?

As far as the Summary Judgment is concerned you said it correctly-"the former attorney for the defense **BELIEVES** the defendants did nothing wrong." The problem is the Summary Judgment does not rest on her beliefs but on the fact there is a controversy in the facts, which exist in this case. The defendants say there was no retaliation and I say there was. Now it should be, in accordance to law, a jury trial with the facts brought out so a jury can decide not a former attorney.

Speaking of facts, another fact has surfaced that was not brought to your attention in discovery which I bring forth now. Unlike this prison system, that looses records, I have kept everything from day one. The information I am talking about is the fact that Lt Morris refused to pay, and still does per individuals who are saving their pay stubs as I did, the overtime that was due them - yes she was reported to her bosses that ordered her to observe the law and pay what hour the inmates work. The problem is she was also told

to limit the overtime. Yes she did pay some overtime but limited what we were paid for. I have over **30** pay stubs that indicate I was not paid the overtime I had worked -- a violation of prison, state and federal laws. Why bring this up? This was also included in the argument I had with Lt.Morris prior to my termination. I believe it was part of the reason for retaliation to quiet the **"revolutionist"**. I'm including one such pay stub so you can see the violation. I also have every pay stub I received from day one so the defendants can't say the problem was addressed and taken care of. My intention of the previous letter was to save Judge Robinson precious time that could be spent on more important cases like death sentencing and criminal cases. But I see with the discrepancy in the facts and defense counsel not favorable to mediation that that will not happen. I am also willing as it was told to previous defense attorney to take a lie detector test to prove what the truth is. Now I will go one step further. I will take a lie detector test and if I am shown in any part with questions concerning this action to be lying I will drop this action, **but,** I also ask that when I pass and the truth is brought out that the defendants agree to my compensation and the ruling that would go along with it for their discipline.

As to the question of the Dept. of Corr. apology and removal to a minimum security classification with expungement of the "incident" from my files, all defense attorney had to do was obtain a copy of my records for classification and movement, from the MHU to D bldg to T bldg, to show that I was telling the truth. Or contact the persons that classified me out of the MHU to D and D to T which put me in the place where I am now. If defense counsel has any further need to contact me I am residing for now at the below minimum security placement. Thank you for your time.

Very truly your,
*James St. Louis Jr.*
**JAMES ST.LOUIS JR.**
Delaware Correctional Center
1181 Paddock Rd
Smyrna De. 19977

cc: Clerk of Court
    U.S Dept of Justice (Washington)
    Delaware Dept. of Labor
    U.S. Dept. of Labor

| PAY PERIOD | NAME | S.B.I. | REG HRS | OT HRS | TOTAL PAY | GOODTIME |
|---|---|---|---|---|---|---|
| 3/24/02 - 4/23/02 | ST LOUIS JAMES | 446518 | 180.00 | 11.00 | 35.37 | 5 |

I/M James A. Jews
SBI# 446518  UNIT TC(1) 21
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Legal Mail

Clerk of the Court
United States District Court
844 N. King Street, Lockbox 18
Wilmington, Delaware
19801-3570

Legal Mail