IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES ST.LOUIS,<br><br>    PLAINTIFF,<br><br>vs.<br><br>LT. CHERYL MORRIS, et al,<br><br>    DEFENDANTS. | C.A.NO.06-236-SLR<br><br>JURY TRIAL REQUESTED |

### PLAINTIFF'S MOTION FOR THIS COURT TO REDRESS AND REMAND IT DECISION FOR THE DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT

..................................................................



THE PLAINTIFF, JAMES ST.LOUIS, ASKS THIS COURT TO REDRESS AND REMAND IT'S DECISION ON DEFENDANT'S SUMMARY JUDGEMENT FOR THE FOLLOWINFG REASONS:

- **GRIEVANCE PROCEDURES DOC POLICY 4.4 REVISED 5/15/98 AVAILABLE AT LAW LIBRARY 8/4/08------II PURPOSE: TO ESTABLISH AN INMATE GRIEVANCE PROCEDURE DESIGNED TO REDUCE TENSION IN CORRECTIONAL FACILITY AND TO EFFECTIVELY RESOLVE THE VAST MAJORITY OF CASES WITHIN OUR OWN SYSTEM. EVERY INMATE WILL BE PROVIDED A TIMLEY, EFFECTIVE MEANS OF HAVING ISSUES BROUGHT TO THE ATTENTION OF THOSE WHO CAN OFFER ADMINISTRATIVE REMEDIES BEFORE COURT PETITIONS CAN BE FILED. NOTE: INMATES ARE ENCOURAGED TO SEEK THEIR COUNSELORS ADVICE ON HOW TO BEST PURSUE A RESPONSE TO CONCERNS BEFORE PREMATURELY FILING A GRIEVANCE UNDER THE GUIDELINES THAT FOLLOW. WITH THESE RULES IN EXISTANCE THE PLAINTIFF WOULD LIKE THE JUDICIAL DECISION TO REALIZE THAT HE WAS NOT AT THE POINT OF FILING A WRITTEN GREIVANCE SO IF HE WAS FIRED PRIOR BECAUSE OF**

FOLLOWING ADVICE OF THE COUNSELOR AND/OR OTHER OFFICERS HOW CON IT BE DISMISSED BECAUSE THAT PROCEEDURE HAD NOT BEEN REACHED YET?

- **11 DEL.C 6530 CLASSIFICATION COMMITTEE INFORMATION**: THE CLASSIFICATION COMMITTEE SHALL DETERMINE THE PERSON WHO SHALL WORK & LABOR AND SHALL ASSIGN PERSONS TO JOBS, STUDIES AND PROGRAMS ACCORDING TO THEIR ABILITIES AND IN THE MANNER BEST CALCULATED TO EFFECTICATE THEIR TRAINING AND REHABILITATION. IF THE INSTITUTION IS CLASSIFYING ME TO WORK IN THE KITCHEN AND SAYS THEY HAVE A RIGHT TO PUNISH ME FOR NOT COMPLYING DOESN'T IT MANDATE MY RIGHT TO THAT JOB?
- **11 DEL.C 6531 TREATMENT AND REHABILITATION**: (f) THE DEPARTMENT SHALL ESTABLISH PROGRAMS OF WORK, CASE WARK COUNSELING AND PSYCHOTHERAPY, LIBRARY AND RELIGIOS SERVICE AND COMMISSARY, AND SHALL FURTHER ESTABLISH PROCEDURES FOR THE CLASSIFICATION OF INMATES FOR THOSE PURPOSES.
- **11 DEL.C 6532** (j) INMATES REFUSING TO PARTICIPATE IN COMPULSORY PROGRAMS OF EMPLOYMENT ESTABLISHED BY THE DEPARTMENT PURSUIT TO THIS PROGRAM SHALL NOT BE ELLIGIBLE FOR PAROLE NOR SHALL DEPT. APPLY FOR MODIFICATION OF SENTENCING, AND SHALL FURTHER BE SUBJECT TO SUCH OTHER DISCIPLINARY MEASURES AS THE COMMISSIONER MAY ESTABLISHED BY REGULATIONS.
- FACT LT. BRADLEY TOOK A REPORT THAT INCLUDE INTERVIEWS WITH MS. BORING AND MR. ST.LOUIS. PETITIONER SAID LT. BRADLEY TOLD HIM THAT MS. BORING WAS ORDERED BY LT. MORRIS TO WRITE MR. ST.LOUIS UP AGAINST HER WISHES. ISN'T IT THE JURIES RESONSIBILITY TO HEAR THIS INFORMATION AND DECIDE WHO IS TELLING THE TRUTH AND

WHO IS NOT EVEN IF LT. BRADLEY DOES NOT TESTIFY? ISN'T IT A DIPUTE OVER FACTS THAT SHOW RETALIATION? THE FACT IS LT. BRADLEY INTERVIEWED BOTH HOWEVER WHAT WAS SAID DURING THAT INTERVIEW THAT SETS UP THE DISCREPENCY.

- FACT: PRISON POLICY SAYS NO INMATE SHALL BE INCHARGE OR OVER ANOTHER INMATE WITHIN THIS ESTABLISHMENT. ALL EMPLOYEES OF THIS INSTITUTION HAVE BEEN ADVISED OF THIS RULE.
- IN <u>CHILDERS vs. JOSEPH</u> IT SAYS THAT IT IS IN THE NONMOVING PARTIES BURDEN TO SHOW SUFFICIENT FACTS FROM THE RECORDS TO SHOW EXISTANCE OF A GENUINE ISSUE FOR TRIAL. PETITIONER HAS SHOWN THAT THERE WAS AN INTERVIEW WITH MS. BORING THE EXACT WORDS EXCHANGED ARE NOT BROUGHT FORTH AT THAT TIME HOWEVER LT. BADLEY HAS STATED TO PETITIONER THAT MS. BORING WAS ORDERED TO WRITE PETITIONER UP AND TERMINATE HIM. THE EXACT EXCHANGE OF WORS ARE THE RESPONSIBILITY OF THE JURY. TO DECIDE WHO TO BELIEVE AND WHO NOT TO BELIEVE. THE PETITIONER HAS LAID THE GROUND WORK FOR LT. BRADLEY TO BE CALLED AS A WITNESS. IF THE DEFENDANT'S HAD WISHED TO DISTROY THAT TESTIMONY ALL THEY HAD TO DO WAS ASK LT. BRADLEY TO DO AN AFFIDAVIT SAYING IT WAS FALSE, WHICH THEY DID NOT DO OR ATTEMPTED TO DO AND WAS NOT SUCCESSFUL.

## CONCLUSION

PETITIONER HAS SHOWN THAT THER IS A GENUINE ISSUE HERE THAT NEEDS TO BE HEARD BY A JURY TRIAL. HE HAS AN OFFICER OF THE COURT WHO UNDER OATH MUST TELL THE TRUTH AS TO WHAT WAS TOLD TO HIM BY MS. BORING. ISSUES THAT SHOW RETALIATION. THERE IS ALSO AN ISSUE INFRONT OF THE INTERNAL AFFAIRS THAT INVOLVES ONE OF THE DEFENDANTS IN

THAT HE SOLICITATED INMATES TO "TALK" TO PETITIONER TO DROP HIS SUIT. IF THIS IS TRUE ITS ANOTHER INDICATION OF RETALIATIONAL COVER UP. PETITIONER WAS CLASSIFIED TO WORKING IN THE KITCHEN AND AS SHOWN IN DELAWARE CODE NON CO-OPERATION BRINGS PENALTIES. THAT NOW GIVE PETITIONER A GIVEN RIGHT TO A JOB HE WAS CLASSIFIED TO. ALSO IT WAS SHOWN THAT UNDER DELAWARE LAW IT IS THE DUTY FOR THOSE EMPLOYED BY THE PRISON FOR THE PURPOSE OF REFORMING INMATES TO ESTABLISH WORK FOR THOSE INMATES IT INCARCERATES. AGAIN MAKING IT A GIVEN RIGHT UNDER DELAWARE LAW. PROTECTING THOSE RIGHTS IS THE JOB OF THE STATE AND FEDERAL COURTS. FEDERAL LAWS CAN NOT BE APPLIED IN A STATE INSTITUTION WERE THEIR OWN LAWS DICTATE THOSE RULES THAT DO NOT VIOLATE CONSTITUTIONAL LAW OR FEDERAL LAW. ANOTHER ISSUE NOT ADDRESSED IN THE DECISION WAS THE PURPOSE OF THEIR INDIVIDUAL COPACITY. IF AN INDIVIDUAL DENIES ANOTHER INDIVIDUAL THEIR GIVEN RIGHTS THAT MAKES THEIR ACTIONS A CONSTITUTIONAL VIOLATION. THE PETITIONER HAS SHOWN THE GIVEN RIGHT AND THROUGH HIS ARGUMENTS AND ATTACHED AFFIDAVITS FROM OTHE INMATES IN HIS INITIAL BRIEF HAS SHOWN HOW THOSE RIGHTS WERE TAKEN AWAY BY THE DEFENDANTS IN THEIR OFFICIAL AND INDIVIDUAL CAPACITY THROUGH THEIR ACTIONS OR LACK OF ACTIONS.

 PETITIONER ALSO INTRODUCED 11 DELAWARE 6536 (e) IN THE EVENT THAT AN INMATE SHALL LABOR FOR MORE THAN 8 HOURS IN 1 DAY OR 40 HOURS IN 1 WEE, SAID INMATE SHALL BE COMPENSATED AT 1 AND ½ TIMES THE REGULAR HOURLY RATES PAID TO SAID INMATE FOR SUCH WORK TIME THE INMATE HAS LABORED IN EXCESS OF 8 HOURS IN 1 DAY OR 40 HOURS IN 1 WEEK. PETITIONER HAS SHOWN WERE HE HAS BEEN DENIED ANOTHER

GIVEN RIGHT BY LT. MORRIS AND HAD MANY TIMES GONE OVER HER HEAD TO RECEIVE THIS BENEFIT.PETITIONER AGAIN HAS SHOWN IN EVIDENCE SUBMITTED THAT SHE HAD FAILED TO ADHERE TO NOT ONLY A PRISION POLICY BUT STATE AND FEDERAL RULES. PETITIONER HAS MANY MORE SLIPS THAT TOTAL ABOUT 500 HOURS OF UNPAID OVERTIME, ALONG WITH MANY INMATES WHO ARE WILLING TO COME FORTH TO TESTIFY AND BRING THEIR PAY STUBS.PETITIONER REALIZES THERE ARE MANY RULES AND REGULATION THAT AN INMATE IS BEING HELD ACCOUNTABLE FOR AND NON KNOWLEDGE IS NOT A DEFENSE. THE DEFENDANTS ARE REQUIRED TO FOLLOW MANY RELES AND REGULATIONS ALSO AND DENYING AN INMATE BECAUSE OF NON KNOWLEDGE IS NOT AN EXCUSE IF THEY ARE REQUIRED TO KNOW THESE RULES. PETITIONER BELIEVES HE HAS SHOWN GIVEN RIGHTS AND THE POSIBILITY OF THOSE RIGHTS COMPROMISED. PETITIONER BELIEVES THAT DURING A JURY TRIAL HE CAN PRODUCE AN INDIVIDUAL WHO WILL TESTIFY TO THE TRUTH AND THE TRUTH IS RETALIATION.

PETITIONER DECLARES THAT HE PLACED INTO UNITED STATES MAIL AT THE DEPARTMENT OF CORRECTION IN SMYRNA DELAWARE A TRUE COPY OF THE ABOVE MOTION TO THE FOLLOWING PARTIES OR PERSONS:

DEPUTY ATTORNEY GENERAL
820 N. FRENCH ST. 6TH FLOOR
WILMINGTON, DEAWARE 19801
Monday, August 04, 2008                            *James St. Louis*

