IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES ST. LOUIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 06-236-SLR |
| | ) | |
| LT. CHERYL MORRIS, et al, | ) | JURY TRIAL REQUESTED |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
FOR REARGUMENT**

Defendants, by and through undersigned counsel, hereby move this Honorable Court for an Order denying Plaintiff's Motion for Reargument. In furtherance of their opposition, the Defendants represent as follows:

1. The Plaintiff James St.Louis commenced this §1983 action by filing a Complaint on or about April 10, 2006, alleging retaliation by the Defendants. [D.I. 2]. The Complaint was dismissed as frivolous pursuant to 28 U.S.C. §1915. [D.I. 6]. The Plaintiff subsequently moved for reconsideration of the Court's decision. [D.I. 8]. Thereafter, the Plaintiff was permitted to Amend his Complaint. [D.I. 11]. On or about October 13, 2006, the Plaintiff filed an Amended Complaint. [D.I.13].

2. On or about October 12, 2007, Defendants filed a Motion for Summary Judgment with affirmative defenses. [D.I. 81, 82]. The Plaintiff filed an Answering Brief on or about November 6, 2007. [D.I.87]. Defendants filed a Reply Brief on or about November 26, 2007. [D.I.90]. On or about July 29, 2008, in a Memorandum Opinion and Order, the Court granted Defendants' Motion for Summary Judgment. [D.I. 98, 99]. On

or about August 6, 2008, the Plaintiff filed a Motion to Remand which the Court has construed as a Motion for Reargument. [D.I.101]. This is Defendants' Opposition to Plaintiff's Motion for Reargument.

      3.    It appears the Plaintiff takes exception to the Court's ruling in its Memorandum Opinion and therefore, Plaintiff's motion can be construed as a Rule 59(e) motion. A Rule 59(e) motion is the proper device a litigant should use to "relitigate the original issue." *Pittsburgh Terminal Corp. v. Baltimore & Ohio R.R.*, 824 F.2d 249, 243 (3d Cir. 1987). Under Fed.R.Civ.P. 59(e), a party seeking to alter or amend a judgment must establish one of the flowing grounds for reconsideration: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou-Ann, Inc., v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999)) (citing *North River Ins., Co., v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir. 1995)).A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co., v. Borough of Glendon,* 836 F.Supp. 1109, 1122 (E.D.Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA v. Blocker,* 735 F.Supp 1239, 1240 (D.Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA,* 735 F.Supp at 1241 (D.Del. 1990).

4. The basis for Plaintiff's reargument motion is the same retaliation claim outlined in his Amended Complaint. The Plaintiff contends that Lt. Bradley told him that Defendant Morris ordered Defendant Boring to write up an incident report which resulted in Plaintiff being fired from his kitchen job. Plaintiff still maintains this was in retaliation for reporting improper conduct by other inmates in the kitchen. The Court found however, that the Plaintiff could not satisfy his burden to sustain his §1983 retaliation claim as the Plaintiff was unable to demonstrate a causal link between the protected conduct and the alleged adverse action taken against him by any of the Defendants. The Court rightfully concluded that the Plaintiff failed to meet the initial threshold in his claim as the only grievances and appeals reflected in the record occurred *after* his termination, and therefore, could not have been the activity that substantially motivated the adverse action against him. (Memo. Op. pg. 11).

5. The Court further found no evidence beyond hearsay that Defendant Morris ordered Defendant Boring to file a falsified report. Without any substantiated proof of constitutionally protected conduct or of the alleged constitutional tort, the Court concluded, the Plaintiff failed to identify a genuine issue of material fact. Plaintiff states a trial is necessary so that additional evidence can be presented to a jury. The Plaintiff has already been given sufficient time to present any and all evidence to support his retaliation claim. Since this Court has already rendered a decision regarding Plaintiff's retaliation claim based on case law and information provided by both parties, denial of Plaintiff's motion for reargument rehashing his earlier arguments is appropriate. *Brambles,* 735 F.Supp. at 1240.

6. Plaintiff further maintains that he has a statutory right to prison

employment pursuant to 11 *Del.C.* §§6530, 6531 and 6532(j). The Plaintiff does not have the right to maintain a particular job. *Abdul-Akbar v. Dep't of Correction*, 910 F. Supp. 986 (D. Del. 1995) (inmates have no "legitimate entitlement" to employment or rehabilitation). Because Plaintiff has no right to a particular job, or any job, the fact that he lost his job does not state a claim for a constitutional violation. Plaintiff's interpretation of these statutes is misplaced. While it is true the classification committee "shall determine the persons who shall work and shall assign persons to jobs and programs according to their abilities," the committee can also re-assign or remove a person from employment upon periodic review. 11 *Del.C.* §6530. Lastly, and contrary to Plaintiff's belief, employment within the facility is a privilege it is not part of any compulsory program.

7.   Reargument should not be granted in the case at bar as it would merely allow wasteful repetition of arguments already briefed, considered and decided. *Brambles,* 735 F.Supp. at 1240. Nor has Plaintiff demonstrated that reargument is necessary to prevent manifest injustice or to correct clear error. *Id*. at 1241. Clearly, Plaintiff can not even show that the Court has misunderstood a party, made a decision outside the adversarial issues presented to the Court, or has made an error of apprehension. *Id*. Plaintiff's motion fails to assert any valid basis for reargument and because a reargument motion is not a substitute for an appeal from a final judgment, Defendants respectfully request that Plaintiff's motion be denied.

WHEREFORE, based upon the reasons provided and the authorities cited herein, Defendants respectfully request that this Honorable Court deny Plaintiff's motion for reargument.

                **STATE OF DELAWARE**
                **DEPARTMENT OF JUSTICE**

                /s/ Catherine Damavandi
                Catherine Damavandi, ID#3823
                Deputy Attorney General
                820 North French Street, 6th Floor
                Wilmington, Delaware 19801
                (302) 577-8400
                Catherine.Damavandi@state.de.us

Dated: August 21, 2008

## *CERTIFICATE OF SERVICE*

I hereby certify that on August 21, 2008, I electronically filed *Defendants' Opposition to Plaintiff's Motion for Reargument* with the Clerk of Court using CM/ECF. I hereby certify that on August 21, 2008, I have mailed by United States Postal Service, the document to the following non-registered party:

James St. Louis
SBI#446518
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, DE  19977
.

/s/ Catherine Damavandi
Catherine Damavandi, ID#3823
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
catherine.damavandi@state.de.us

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES ST. LOUIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 06-236-SLR |
| | ) | |
| LT. CHERYL MORRIS, et al, | ) | JURY TRIAL REQUESTED |
| | ) | |
| Defendants. | ) | |

## ORDER

Upon the Plaintiff's Motion For Reargument [D.I. 101], and Defendants' Response In Opposition To Plaintiff's Motion For Reargument; and it appearing that good and sufficient notice of Plaintiff's Motion and Defendants' Response has been given; and after due deliberation thereon:

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reargument is **DENIED**.

SO ORDERED this _____ day of _____, 2008.

_____
The Honorable Sue L. Robinson
United States District Court Judge