IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES ST. LOUIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-236-SLR |
| | ) |
| LT. CHERYL MORRIS, DIR. CHRIS KLEIN, ADMINISTRATOR MICHAEL KNIGHT, LT. LEGATES, LT. LEHMAN, SGT. JOHNSON and SGT. BORING, | ) ) ) ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this ___ day of September, 2008, having considered plaintiff's motion for reconsideration and the papers submitted in connection therewith;

IT IS ORDERED that, for the reasons that follow, plaintiff's motion (D.I. 101) is denied.

1. Plaintiff, an inmate incarcerated at the James T. Vaughn Correctional Center, filed this action pursuant to 42 U.S.C. § 1983 alleging that he was fired, subsequently prevented from working, and reclassified to medium-high security in retaliation for exercising his First Amendment rights to report institutional violations occurring in the kitchen. (D.I. 2) On July 29, 2008, the court granted defendants' motion for summary judgment, finding in part that plaintiff had failed to present proof of constitutionally protected conduct or of the alleged constitutional tort. (D.I. 98, 99)

2. Plaintiff moved for reconsideration on August 6, 2008, arguing that he has presented proof to defeat summary judgment and that the sworn testimony of "an officer of the court" has created a genuine issue of material fact as to his retaliation claim. (D.I. 101 at 3) He argues that he has a right to a prison job under Delaware law and that the court's opinion did not address how each defendant was individually involved in violating his rights.

3. Motions for reconsideration are the "functional equivalent" of motions to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *See Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1352 (3d Cir. 1990) (citing *Fed. Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 348 (3d Cir. 1986)). The standard for obtaining relief under Rule 59(e) is difficult for plaintiff to meet. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex-rel Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). Therefore, a court may exercise its discretion to alter or amend its judgment if the movant demonstrates one of the following: (1) a change in the controlling law; (2) a need to correct a clear error of law or fact or to prevent manifest injustice; or (3) availability of new evidence not available when the judgment was granted. *See id.*

4. A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that

inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Id.* at 1241 (citations omitted); *see also* D. Del. LR 7.1.5.

5. Considering plaintiff's allegations[1] against this authority, the court finds he has failed to allege a change in controlling law, offered new evidence not available when the court made its decision, or shown the need to correct a clear error of law or fact or to prevent manifest injustice. *See Max's Seafood Café*, 176 F.3d at 677. Instead, he is reasserting the same arguments considered and rejected by the court in its opinion of July 29, 2008.

_____
United States District Judge

---

[1] *Pro se* litigants' submissions "are to be construed liberally and held to less stringent standards than submissions of lawyers. If the court can reasonably read the submissions, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with rule requirements." *Boag v. MacDougall*, 454 U.S. 364 (1982).